IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Rexon Industrial Corporation, Ltd., | ) |
| Plaintiff, | ) Civil Action No. 04-cv-30180 (MAP) |
| v. | ) |
| Porter-Cable Corporation, Delta International Machinery Corp., and Pentair, Inc., | ) |
| Defendants. | ) |
| Black & Decker, Inc., Black & Decker (U.S.), Inc., Porter-Cable Corporation, and Delta International Machinery Corp., | ) |
| Plaintiffs-in-Counterclaim | ) |
| v. | ) |
| Rexon Industrial Corporation, Ltd., | ) |
| Defendant-in-Counterclaim. | ) (Our Docket No. 5038-0044) |

**ANSWER TO COUNTERCLAIM**

Counterdefendant, Rexon Industrial Corporation, Ltd. ("Rexon") hereby answers

and responds to the Counterclaims filed by Counterplaintiffs, Black & Decker, Inc.,

Black & Decker (U.S.), Inc., Porter-Cable Corporation, and Delta International

Machinery Corp., (referred to herein collectively as "Black & Decker") as follows:

## Parties

1.    Rexon is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, leaves Black & Decker to its proof.

2.    Rexon is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, leaves Black & Decker to its proof.

3.    Rexon is without knowledge or information sufficient to form a belief as to the truth of this averment and, accordingly, leaves Black & Decker to its proof.

4.    Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly leaves Black & Decker to its proof.

5.    Admitted.


## Jurisdiction and Venue

6.    Admitted.


## Count I

## Declaratory Judgment of Noninfringement of the '203 Patent

7.    Rexon repeats and re-alleges the responses set forth in Paragraphs 1-6 above as fully set forth herein.

8.    Denied.

9.    Denied.

10.    Denied.

## Count II

### Declaratory Judgment of Invalidity of the '203 Patent

11.     Rexon repeats and re-alleges the responses set forth in Paragraphs 1-10 above as fully set forth herein.

12.     Denied.

13.     Denied.


## Count III

### Infringement of U.S. Patent No. 5,819,619

14.     Rexon repeats and re-alleges the responses set forth in Paragraphs 1-6 above as fully set forth herein.

15.     Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, the allegations are denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.


## Count IV

### Infringement of U.S. Patent No. 6,431,040

20.     Rexon repeats and re-alleges the responses set forth in Paragraphs 1-6 above as fully set forth herein.

21.    Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, the allegations are denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## Count V

### Infringement of U.S. Patent No. 6,427,570

26.    Rexon repeats and re-alleges the responses set forth in Paragraphs 1-6 above as fully set forth herein.

27.    Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, the allegations are denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## Count VI

### Infringement of U.S. Patent No. 5,285,708

32.    Rexon repeats and re-alleges the responses set forth in Paragraphs 1-6 above as fully set forth herein.

33.    Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, the allegations are denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

### Count VII

### Infringement of U.S. Patent No. 5,375,495

38.    Rexon repeats and re-alleges the responses set forth in Paragraphs, 1-6 above as fully set forth herein.

39.    Rexon is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, the allegations are denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

### Affirmative Defenses

Counterdefendant, Rexon asserts the following defenses to the Counterclaims filed by Black & Decker, Inc., Black & Decker (U.S.), Inc., Porter-Cable Corporation, and Delta International Machinery Corp., (collectively "Black & Decker"):

1.      Black & Deckers' counterclaims are barred by the doctrines of estoppel, laches, waiver and unclean hands.

2.      Black & Deckers' counterclaims fail to state a claim upon which relief can be granted.

3.      Rexon has not infringed any valid claim of U.S. Patent No. 5,819,619 ("the '619 patent").

4.      Counterplaintiffs, Black & Decker are estopped from construing any valid claim of the '619 patent to cover or include as an equivalent, any product made, used, sold or offered for sale in the United States, or imported into the United States by Counterdefendant Rexon, because of admissions made by or on behalf of Counterplaintiffs before the United States Patent and Trademark Office in the application which issued as the '619 patent.

5.      Rexon has not infringed any valid claim of U.S. Patent No. 6,431,040 ("the '040 patent").

6.      Counterplaintiffs, Black & Decker are estopped from construing any valid claim of the '040 patent to cover or include as an equivalent, any product made, used, sold or offered for sale in the United States, or imported into the United States by Rexon, because of admissions made by or on behalf of Counterplaintiffs before the United States Patent and Trademark Office in the application which issued as the '040 patent.

7.      Rexon has not infringed any valid claim of U.S. Patent No. 6,427,570 ("the '570 patent").

8.      Counterplaintiffs, Black & Decker are estopped from construing any valid claim of the '570 patent to cover or include as an equivalent, any product made, used, sold or offered for sale in the United States, or imported into the United States by Rexon, because of admissions made by or on behalf of Counterplaintiffs before the United States Patent and Trademark Office in the application which issued as the '570 patent.

9.      Rexon has not infringed any valid claim of U.S. Patent No. 5,285,708 ("the '708 patent").

10.     Counterplaintiffs, Black & Decker are estopped from construing any valid claim of the '708 patent to cover or include as an equivalent, any product made, used, sold or offered for sale in the United States, or imported into the United States by Rexon, because of admissions made by or on behalf of Counterplaintiffs before the United States Patent and Trademark Office in the application which issued as the '708 patent.

11.     Rexon has not infringed any valid claim of U.S. Patent No. 5,375,495 ("the '495 patent").

12.     Counterplaintiffs, Black & Decker are estopped from construing any valid claim of the '495 patent to cover or include as an equivalent, any product made, used, sold or offered for sale in the United States, or imported into the United States by Rexon, because of admissions made by or on behalf of Counterplaintiffs before the United States Patent and Trademark Office in the application which issued as the '495 patent.

**Prayer For Relief**

WHEREFORE, Rexon prays for relief as follows:

1.      That each count of Black & Deckers' Counterclaim be dismissed, in its entirety, with prejudice.

2.      That this Court decree and declare that the '203 patent is valid and enforceable.

3.      That this Court decree and declare by judgment that the '619 patent is invalid or unenforceable.

4.      That this Court decree and declare by judgment that Rexon has not infringed any valid claim of the '619 patent.

5.      That this Court decree and declare by judgment that the '040 patent is invalid or unenforceable.

6.      That this Court decree and declare by judgment that Rexon has not infringed any valid claim of the '040 patent.

7.      That this Court decree and declare by judgment that the '570 patent is invalid or unenforceable.

8.      That this Court decree and declare by judgment that Rexon has not infringed any valid claim of the '570 patent.

8

9.      That this Court grant such other and further relief to Rexon which the

Court, in its discretion, may deem just and proper.

                        Respectfully submitted,

                        Plaintiff/Counterdefendant

                        REXON INDUSTRIAL CORPORATION, LTD.


                        By    /s/ J. KEVIN GROGAN
                              J. Kevin Grogan (BBO 635,089)
                              Arthur F. Dionne (BBO 125,760)
                              McCormick, Paulding & Huber, LLP
                              1350 Main Street, 5th Floor
                              Springfield, MA 01103-1406
                              Tel. (413) 736-5401
                              Fax (413) 733-4543
                              Attorneys for
                              Plaintiff/Counterdefendant

Of Counsel:

Wm. Tucker Griffith
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2005, I electronically filed the foregoing **ANSWER TO COUNTERCLAIM** with the clerk of the Court using the CM/ECF system which will send notification of such filing to:

C. Jeffrey Kinder
        Email: kinder@fierstpucci.com
at    FIERST, PUCCI & KINDER LLP
64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787

Raymond P. Niro
        Email: rniro@nshn.com
Raymond P. Niro, Jr.
        Email: rnirojr@nshn.com
Christopher J. Lee
        Email: lee@nshn.com
Richard B. Megley, Jr.
        Email: megleyjr@nshn.com
Dina M. Hayes
        Email: hayes@nshn.com
at    NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137

**Attorneys for Black & Decker Inc., Black & Decker  (U.S.)
  Inc., Porter-Cable Corporation and Delta International
  Machinery Corporation**

Bruce E. Falby
        Email: bruce.falby@piperrudnick.com
at    PIPER RUDNICK LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
Phone: (617) 406-6000
Facsimile: (617) 406-6100

**Attorney for Pentair, Inc.**

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ J. KEVIN GROGAN
Attorney for Rexon Industrial Corporation, Ltd.
Plaintiff/Counterdefendant

10