UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
1550 MAIN STREET
SPRINGFIELD, MA 01103


NOTICE CONCERNING WAIVER OF JUDICIAL
DISQUALIFICATION


FROM:  Bethaney Healy, Clerk                          Date: May 4, 2005


TO:    C. Jeffrey Kinder, Esq.                Arthur F. Dionne, Esq.
       Fierst, Pucci & Kinder                 James K. Grogan, Esq.
       64 Gothic Street                       McCormick, Paulding & Huber LLP
       Northampton, MA 01060                  1350 Main Street, 5th Floor
                                              Springfield, MA 01103


       Christopher J. Lee, Esq.               Bruce E. Falby, Esq.
       Dina M. Hayes, Esq.                    Piper Rudnick LLP
       Raymond P. Niro, Esq.                  One International Place, 21st Floor
       Raymond P. Niro, Jr., Esq,             100 Oliver Street
       Richard B. Megley, Esq.                     Boston, MA 02110-2600
       Niro, Scavone, Haller & Niro
       181 West Madison Street
       Suite 4600
       Chicago, IL 60602


RE: Rexon Industrial Corporation, Ltd. v. Porter-Cable Corporation, Delta International Machinery, Corp., Pentair, Inc. and Black & Decker (U.S.) Inc., Civil No. 04-30180-MAP

     Canon 3D of the Code of Conduct provides (with exceptions not pertinent to this case) that when a judge is disqualified in a proceeding because "the judge's impartiality might reasonably be questioned," the judge may participate in the proceeding if all the parties and lawyers, after notice of the basis for the disqualification, agree in writing to waive the disqualification under a procedure independent of the judge's participation.

     Unless a waiver is obtained from all parties and all counsel, Magistrate Judge Kenneth P. Neiman, to whom the matter has been referred for purposes of a scheduling conference and case management, intends to disqualify himself in this proceeding because C. Jeffrey Kinder, an attorney for the defendants and counter-claimants, is a partner in a law firm which has a lease agreement with and rents office space in Northampton, Massachusetts, owned by Magistrate Judge Neiman and Frederick U.

Feirst (another partner in the firm).

If you and your clients wish to waive the Magistrate Judge's disqualification, letters to that effect from you and your clients must be sent to me within seven days of the date of this Notice, i.e., by May 11, 2005. The letters should not be sent to Magistrate Judge Neiman and copies should not be sent to other counsel. If all parties and all counsel submit such letters, this Notice and all responses will be made part of the record, as required by Canon 3D, and Magistrate Judge Neiman will continue participation in the proceeding. If a waiver is not received from all parties and all counsel, any responses will be kept under seal by the clerk and not shown to Magistrate Judge Neiman, nor will Magistrate Judge Neiman be informed of the identity of any party or lawyer who declined to waive the disqualification.