IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REXON INDUSTRIAL CORPORATION, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PORTER-CABLE CORPORATION,<br>DELTA INTERNATIONAL MACHINERY<br>CORP. and PENTAIR, INC.,<br><br>Defendants. | Civil Action No. 04-CV-30180-MAP |
| BLACK & DECKER INC.,<br>BLACK & DECKER (U.S.) INC. and<br>PORTER-CABLE CORPORATION,<br><br>Plaintiffs-in-Counterclaim,<br><br>v.<br><br>REXON INDUSTRIAL CORPORATION, LTD.,<br><br>Defendant-in-Counterclaim. | |

## **BLACK & DECKER'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

### I. **INTRODUCTION**

The parties agree that a protective order pursuant to Fed.R.Civ.P. 26(c) is necessary in this case to protect their sensitive business information. The parties disagree, however, on the scope of the protective order, and now seek assistance of the Court. Specifically, Black & Decker submits that its in-house counsel should have access to the documents and information produced in this litigation, including any "Confidential" materials. Black & Decker's in-house counsel will execute and be bound by the terms of the protective order to insure protection of confidential information.

1

These are well respected members of the bar who are subject to the same ethical obligations as outside counsel, and their participation in the litigation and settlement process is essential for Black & Decker. On the other hand, Rexon seeks to limit the involvement of in-house counsel by denying them access to any information which Rexon designates as either "Confidential" or "Highly Confidential."

Over the last several weeks, Black & Decker and Rexon have been corresponding regarding the terms of the proposed protective order. Black & Decker first provided Rexon with a draft of the protective order on May 16, 2005. Rexon finally responded on June 3, 2005, proposing an entirely different draft protective order for Black & Decker's review. Since that time, Rexon has refused to offer any substantive concession in the negotiation process.

In fact, it appears that Rexon is using the protective order issue to delay the discovery process. For example, Rexon refused Black & Decker counsel Niro, Scavone, Haller & Niro's offer to inspect and maintain all documents produced by Rexon as "Trial Counsel's Eyes' Only" while the protective order is resolved by the Court. At this time, Rexon has had over two months to collect and produce documents responsive to Black & Decker's requests and has only produced public copies of its patent prosecution materials. Black & Decker requested supplementation by Rexon (the party that initiated this lawsuit), to which Rexon responded that they will not produce additional documents until a protective order is entered.

## II. SUMMARY OF THE DISPUTE

Attached to this motion is Black & Decker's redlined version of the proposed Protective Order suggested by Rexon (Exhibit 1). The dispute between the parties regarding the provisions of the protective order pertains to access to discovery materials designated "Confidential" and "Highly

Confidential "(Exhibit 1, ¶¶7-8). That is, Rexon (who does not have in-house counsel of its own) wants to preclude Black & Decker's in-house counsel from seeing any documents designated "Confidential" or "Highly Confidential." Contrary to Federal law, Rexon fails to point out any specific instance or justification for why Black & Decker's in-house counsel cannot be expected to abide by the provisions of the protective order, and seeks to exclude them solely due to their status as "in-house" counsel. The parties also cannot agree on the limiting qualifications of the designated employees of each party that can have access to information marked "Confidential." Black & Decker's proposed provisions more than adequately protect each party's sensitive and proprietary information while providing litigation participants sufficient information to proceed with settlement discussions and ultimately trial.

Specifically, paragraph 7(d) of Black & Decker's proposed protective order provides that the parties' in-house counsel who oversee and participate in the litigation and associated settlement discussions must have access to all documents designated "Confidential." Rexon is seeking a broad restriction that would preclude in-house counsel from seeing "Confidential" documents; thus preventing Black & Decker attorneys from seeing all documents from Rexon except those publically available. Paragraph 8(d) of Black & Decker's proposed protective order also provides that each party's in-house counsel shall have access to information designated as "Highly Confidential." Rexon, which does not have in-house counsel, opposes this access. Black & Decker assured Rexon that, as officers of the court, its in-house counsel is not only bound by the undertaking of Exhibit A to the protective order, but by the rules governing ethical conduct of attorneys. Rexon never responded to Black & Decker's point on this issue.

Regarding the designated employees of each party, paragraph 7(e) of Black & Decker's proposed protective order provides that the eligible employees of each party that may have access to "Confidential" information provided they are not "substantively involved in patent prosecution matters" related to the technology as issue in the litigation. Rexon is seeking a broad restriction that imposes vague and overbroad limitations as to the employment responsibilities of the designees. Black & Decker's proposed paragraph 7(e) suggests a more realistic qualification of the designated employees with access to "Confidential" documents.

For the reasons stated herein, Black & Decker requests that the Court enter the protective order attached hereto as Exhibit 2 which embodies the changes proposed by Black & Decker.

## III.  IN-HOUSE COUNSEL MUST HAVE ACCESS TO "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION

As stated above, Rexon seeks to impose unreasonable limitations on in-house counsel's access to materials designated as "Confidential" and "Highly Confidential" merely because of their job title. Importantly, Black & Decker's in-house counsel do not participate in the "competitive decisionmaking" of Black & Decker, Porter Cable or Delta Machinery; but are substantively involved with the litigation strategy and settlement discussions regarding this case (See Declarations of Attorneys DelPonti and Ayala[1], Group Ex. 3). A limitation that would preclude the Black & Decker in-house counsel from seeing "Confidential" and "Highly Confidential" materials is unacceptable for a host of reasons.

First, the language proposed by Rexon would severely impair trial counsel's ability to consult with Black & Decker regarding litigation strategy. Black & Decker would be forced into the

---

[1] An additional declaration from Black & Decker in-house counsel Charles Yocum will be submitted to the Court and opposing counsel upon execution.

4

untenable situation of having to litigate its claims in a vacuum. The involvement of Black & Decker in-house counsel is critical to the myriad of decisions that arise in the course of litigation.

Second, the language proposed by Rexon would be an impediment to any serious settlement discussions. If adopted, Rexon's language would require Black & Decker to evaluate settlement proposals in the absence of critical information such as sales, profits, products designs, etc. On the other hand, Black & Decker's proposed protective order would allow Black & Decker's in-house counsel to review "Confidential" and "Highly Confidential" materials in order to evaluate settlement proposals. Rexon's proposed protective order restrictions should be rejected because it presents a barrier to serious settlement discussions.

Third, Rexon's proposed protective order presupposes that counsel will act in an unethical manner. Black & Decker's in-house counsel are members of the bar and they know and understand their ethical obligations. As attorneys, Black & Decker's in-house counsel understand the consequences and legal significance of a protective order and therefore appreciate the need for proper maintenance and shielding of Rexon's confidential and highly confidential information to protect against its improper disclosure. Rexon has not presented any basis to support a contention that counsel will comply with its ethical obligations.

Fourth, any use of "Confidential" or "Highly Confidential" materials in contravention of the protective order as entered in this case would be a violation of a court order. That alone should provide Rexon with sufficient peace of mind that its confidential materials will be properly used.

Finally, Black & Decker offered to limit the number of in-house counsel that would have access to Rexon's Confidential and Highly Confidential information to three specifically named attorneys at Black & Decker; but Rexon refused. Black & Decker believes paragraphs 7(d) and 8

(e) of its proposed protective order affords Rexon adequate protection for its "Confidential" and "Highly Confidential" materials. (Exhibit 1, at ¶¶7-8). For these reasons, Rexon's proposed restrictions are unnecessary and the Court should adopt Black & Decker's proposed protective order.

## IV. PROPERLY DESIGNATED EMPLOYEES MUST HAVE ACCESS TO "CONFIDENTIAL" INFORMATION

Rexon also imposes unreasonable restrictions regarding the party employees eligible for designation to have access to "Confidential" Information under the protective order. Specifically, Rexon suggests the additional restriction of:

> [employees that] do not participate in the Party's competitive decision-making process, including without limitation, in areas of sales, marketing, research and development, product development or manufacturing of products related to the subject matter of the patents-in-suit...

(Exhibit 1 at p. 6) This restriction is overbroad and practically covers each and every Rexon and Black & Decker employee who is familiar with the technology and/or facts surrounding the subject matter of this case. Such a restriction is impractical in the litigation context. Black & Decker agrees however that party employees who are "substantively involved in patent prosecution matters" related to the technology at issue in the litigation should be precluded from all non-public information which contains or may contain confidential or highly confidential information.

Again, with Black & Decker's modification to paragraph 7, the protective order provides that the employee designees must execute and be bound by the undertaking of Exhibit A to the protective order, and the confidentiality provisions set forth therein. The practice of granting designating party employees access to "Confidential" information serves to best equip their respective counsel in the litigation process and conducting fruitful settlement discussions. Party employees who are familiar with the design, mechanics and construction of the accused devices are invaluable in analyzing the

6

infringement and invalidity contentions asserted in the case. Rexon's overbroad qualification of paragraph 7(e) prohibits such knowledgeable employees from being able to assist their counsel in the litigation.

For theses, reasons, Black & Decker respectfully requests that its proposed changes in paragraph 7(e) to the protective order be accepted by the Court.

## V.   THE CASE LAW SUPPORTS BLACK & DECKER

Federal Law and the law of this District supports Black & Decker's proposed protective order granting its in-house counsel access to "Confidential" and "Highly Confidential" information. Importantly, the Federal Circuit has cautioned against arbitrary distinctions regarding accessability to sensitive information based on whether the counsel sought to be restricted is in-house or outside. See Matsushita Elec. Indus., Ltd. v. US, 929 F.2d 1577, 1580 (Fed. Cir. 1991) *citing* U.S. Steel Corp. v. U.S., 730 F.2d 1465, 1468 (Fed. Cir. 1984); Norbrook Labs. Ltd. v. G.C. Hanford Manufacturing Co., 2003 U.S. Dist. Lexis 6851, (N.D. NY. 2003); and Bailey v. Dart Container Corp. of Michigan, 980 F.Supp. 560 (D. Mass. 1996). In Bailey, the Court was asked to enter a protective order in a patent infringement case. The parties agreed on the majority of the language and terms of a governing protective order, but disagreed as to the disclosure of documents to party's in-house counsel. Bailey, 980 F. Supp. at 582. As with this case, the plaintiff in Bailey objected to defendant's in-house counsel having access to technological information concerning the inventions of the patent in suit; pricing and royalty information because the parties were competitors. Id at 582. The defendant argued that the protective order sufficiently protected this information and expressly guarded against the use of disclosed information for business purposes.

The Court agreed and entered the proposed protective order granting in-house counsel access to information deemed to be sensitive technical, patent prosecution and financial information provided the in-house counsel sign an affidavit agreeing to be bound to the terms of the protective order. Id. at 583 (defendant "can better protect and control the use of confidential information in the hands of its in-house counsel as opposed to its outside counsel and experts."). The Court found the defendant's need for the information in the litigation - with the proper protective order - outweighed the plaintiff's concerns of disclosure. In fact, Bailey stands for the principle that sensitive information is *more* protected in the hands of in-house counsel as opposed to experts or even trial counsel. Bailey, 980 F.Supp. at 583. As in Bailey, Black & Decker will limit the number of its in-house counsel who have access to this restricted information and will require its designated in-house counsel to execute the undertaking provided by Exhibit A to the proposed protective order. Accordingly, the protective order proposed by Black & Decker more than adequately protects each party's "Confidential" and "Highly Confidential" information from the improper disclosure the order is designed to prevent. Rexon's refusal to grant such access absent a valid reason for denial is improper under the law.

## VI. PRIOR PROTECTIVE ORDERS EXECUTED BY BLACK & DECKER ESTABLISH PRACTICE OF IN-HOUSE COUNSEL HAVING ACCESS TO "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION

Rexon will likely argue that a prior protective order to which Porter-Cable is a party supports its suggested restrictions regarding accessability of "Confidential" and "Highly Confidential" information. However, as Black & Decker informed Rexon during the communications regarding the provisions in dispute in this case, Black & Decker's in-house counsel was *not* a party to the negotiations of the prior protective order indicated by Rexon. In fact, numerous protective orders

to which Black & Decker has been a party to contain the exact same provisions its seeks to enter before the Court. Specifically, in the currently pending case <u>Byrne v. Black & Decker</u>, Civil Action No. 2:04-cv-262-WOB (E.D. Ky.) Black & Decker's in-house counsel has access to "Confidential" and "Highly Confidential" Information; and in <u>Ro-vic v. Black & Decker</u>, Civil Action No. 3:03-cv-0366 (SRU) (D. Conn.) Black & Decker's in-house counsel had access to "Confidential (and Highly Confidential)" Information (both attached Ex. 4). Accordingly, in Black & Decker's experience, in order to efficiently and effectively proceed with litigation, it is imperative that its in-house counsel be given access to both "Confidential" and "Highly Confidential" information to which Rexon seeks to prohibit.

## VII. **CONCLUSION**

Black & Decker's in-house counsel, as officers of the court, should be given access to both "Confidential" and "Highly Confidential" information produced in the litigation. Moreover, Each party's designated employees who are not "substantively involved in patent prosecution matters" related to the technology as issue, should be granted access to "Confidential Information;" provided they execute the undertaking attached as Exhibit A to the protective order. Black & Decker's proposed protective order adequately protects each party's "Confidential" and "Highly Confidential" Information while equipping each party with the necessary resources to proceed with litigation and potential settlement discussion. For these reasons, Black & Decker respectfully requests that the proposed protective which embodies the changes identified above be entered by the Court.

Respectfully submitted,

/s/ C. Jeffrey Kinder
Raymond P. Niro
Raymond P. Niro, Jr.
Richard B. Megley, Jr.
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137
Email: rniro@nshn.com; rnirojr@nshn.com;
lee@nshn.com; megleyjr@nshn.com; hayes@nshn.com

C. Jeffrey Kinder (BBO# 563890)
FIERST, PUCCI & KINDER LLP
64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787
Email: kinder@fierstpucci.com

**Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2005, I electronically filed the foregoing **BLACK & DECKER'S MOTION FOR ENTRY OF A PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> J. Kevin Grogan (BBO # 635089)
>     Email: grogan@ip-lawyers.com
> Arthur F. Dionne (BBO # 125760)
>     Email: dionne@ip-lawyers.com
> Donald J. MacDonald (BBO # 644582)
> Kevin H. Vanderleeden (BBO # 648361)
> MCCORMICK, PAULDING & HUBER LLP
> 1350 Main Street, 5th Floor
> Springfield, Massachusetts 01103
> Phone: (413) 736-5401
> Facsimile: (413) 733-4543
>
> Wm. Tucker Griffith
>     Email: tucker@ip-lawyers.com
> MCCORMICK, PAULDING & HUBER LLP
> CityPlace II, 185 Asylum Street
> Hartford, Connecticut 06103-5290
> Phone: (860) 549-5290
> Facsimile: (860) 527-0464
> **Attorneys for Rexon Industrial Corporation, Ltd.**

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

> /s/ C. Jeffrey Kinder
> Attorney for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation