IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REXON INDUSTRIAL CORPORATION, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-CV-30180-MAP |
| ) | |
| PORTER-CABLE CORPORATION, ) | |
| DELTA INTERNATIONAL MACHINERY ) | |
| CORP. and PENTAIR, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| BLACK & DECKER INC., ) | |
| BLACK & DECKER (U.S.) INC. and ) | |
| PORTER-CABLE CORPORATION, ) | |
| ) | |
| Plaintiffs-in-Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | |
| REXON INDUSTRIAL CORPORATION, LTD., ) | |
| ) | |
| Defendant-in-Counterclaim. ) | |

## DECLARATION OF BLACK & DECKER IN-HOUSE COUNSEL JOHN DELPONTI

I, John DelPonti hereby declare and state:

1.  I am General Patent Counsel for Porter-Cable Corporation, Delta International Machinery Corp, Black & Decker Inc. and Black & Decker (U.S.) Inc. ("Black & Decker"). I am submitting this declaration in support of Black & Decker's Motion for a Protective Order. I have personal knowledge of the facts stated in this declaration, all statements made on information and belief are believed by me to be true, and, if called upon by a court of law to do so, I could and would testify competently to them.

2. I graduated law school in 1968 and passed the state bar of Connecticut in 1969 where I remain a member in good standing. I began my position as Black & Decker's in-house legal counsel in 1989 and have retained this position since that time.

3. As General Patent Counsel, I assist in the prosecution and enforcement of the intellectual property related to the products in the Black & Decker "Industrial" business side of the company. The Industrial business side covers products marketed to professional tool users; including, the miter saw products subject to the litigation between Black & Decker and Rexon.

4. My job responsibilities as General Patent Counsel of the Industrial business side do not include giving advice or participating in competitive decisions regarding the products offered by Black & Decker. In my day-to-day job responsibilities, I am not involved in the pricing or development of existing or new products offered by the Industrial business side of Black & Decker.

5. As a member of Black & Decker's in-house counsel, I am substantively involved in the litigation strategy and settlement negotiations which pertain to the enforcement of Black & Decker's intellectual property. In my experience, it is crucial that I have access to all sensitive financial and technical information disclosed by all parties during the litigation process in the defense or enforcement of Black & Decker's intellectual property in order to efficiently and effectively conduct the litigation and/or settlement. I understand that any disclosure of sensitive financial and technical information to me is solely for the purpose of conducting the litigation or facilitating settlement and must never be used by me or anyone at Black & Decker for any other reason.

6. I have read and understood Black & Decker's proposed protective order attached as Exhibit 2 to Black & Decker's Motion, and the undertaking attached as Exhibit A thereto. I agree to be bound by the obligations therein and understand the implications of violating a court ordered Protective Order.

2

7. As in-house counsel for Black & Decker, I have been involved in numerous lawsuits regarding the prosecution and enforcement of Black & Decker's intellectual property which were governed by protective orders similar to Exhibit 2 to Black & Decker's Motion and have never been accused of any violation of such a protective order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the foregoing is true and correct.

Executed this 19th day of July 2005, at TOWSON, MARYLAND.

John DelPonti

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REXON INDUSTRIAL CORPORATION, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PORTER-CABLE CORPORATION, ) <br> DELTA INTERNATIONAL MACHINERY ) <br> CORP. and PENTAIR, INC., ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> BLACK & DECKER INC., ) <br> BLACK & DECKER (U.S.) INC. and ) <br> PORTER-CABLE CORPORATION, ) <br> ) <br> Plaintiffs-in-Counterclaim, ) <br> ) <br> v. ) <br> ) <br> REXON INDUSTRIAL CORPORATION, LTD., ) <br> ) <br> Defendant-in-Counterclaim. ) | Civil Action No. 04-CV-30180-MAP |

## DECLARATION OF BLACK & DECKER IN-HOUSE COUNSEL ADAN AYALA

I, Adan Ayala hereby declare and state:

1. I am Senior Group Patent Counsel for Porter-Cable Corporation, Delta International Machinery Corp, Black & Decker Inc. and Black & Decker (U.S.) Inc. ("Black & Decker"). I am submitting this declaration in support of Black & Decker's Motion for a Protective Order. I have personal knowledge of the facts stated in this declaration, all statements made on information and belief are believed by me to be true, and, if called upon by a court of law to do so, I could and would testify competently to them.

2. I graduated law school in 1993 and passed the state bar of New York in 1993. I have since passed the bars of Pennsylvania and Maryland. I am a member in good standing of the state

bars of New York, Pennsylvania and Maryland and the United States Patent and Trademark Office. I began my position as Black & Decker's in-house legal counsel in October of 1996 and have retained this position since that time.

3. As Senior Group Patent Counsel, I assist in the prosecution and enforcement of the intellectual property related to the products in the Black & Decker "Industrial" business side of the company. The Industrial business side covers products marketed to professional tool users; including, the miter saw products subject to the litigation between Black & Decker and Rexon.

4. My job responsibilities as Senior Group Patent Counsel of the Industrial Business side do not include giving advice or participating in competitive decisions regarding the products offered by Black & Decker. In my day-to-day job responsibilities, I am not involved in the pricing or development of existing or new products offered by the Industrial business side of Black & Decker.

5. As a member of Black & Decker's in-house counsel, I am substantively involved in the litigation strategy and settlement negotiations which pertain to the enforcement of Black & Decker's intellectual property. In my experience, it is crucial that I have access to all sensitive financial and technical information disclosed by all parties during the litigation process in the defense or enforcement of Black & Decker's intellectual property in order to efficiently and effectively conduct the litigation and/or settlement. I understand that any disclosure of sensitive financial and technical information to me is solely for the purpose of conducting the litigation or facilitating settlement and must never be used by me or anyone at Black & Decker for any other reason.

6. I have read and understood Black & Decker's proposed protective order attached as Exhibit 2 to Black & Decker's Motion, and the undertaking attached as Exhibit A thereto. I agree to be bound by the obligations therein and understand the implications of violating a court ordered Protective Order.

2

7. As in-house counsel for Black & Decker, I have been involved in numerous lawsuits regarding the prosecution and enforcement of Black & Decker's intellectual property which were governed by protective orders similar Exhibit 2 to Black & Decker's Motion and have never been accused of any violation of such a protective order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the foregoing is true and correct.

Executed this __19th__ day of July 2005, at __Towson__, __Maryland__.

_Adan Ayala_

3