IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REXON INDUSTRIAL CORPORATION, LTD., <br><br> Plaintiff, <br><br> v. <br><br> PORTER-CABLE CORPORATION, DELTA INTERNATIONAL MACHINERY CORP. and PENTAIR, INC., <br><br> Defendants. <br><br><br> BLACK & DECKER INC., BLACK & DECKER (U.S.) INC. and PORTER-CABLE CORPORATION, <br><br> Plaintiffs-in-Counterclaim, <br><br> v. <br><br> REXON INDUSTRIAL CORPORATION, LTD., <br><br> Defendant-in-Counterclaim. | Civil Action No. 04-CV-30180-MAP |

**BLACK & DECKER'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED ANSWER ADDING REXON USA AS A COUNTERCLAIM DEFENDANT**

**I.   INTRODUCTION**

Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery (collectively "Black & Decker") recently learned that Rexon USA, Corp. ("Rexon USA"), a Massachusetts corporation related to Plaintiff Rexon Industrial Corporation Ltd. ("Rexon"), should be added to the present litigation as a result of their involvement in the actions which constitute infringement of Black & Decker's asserted patents. Rexon does not oppose Black

& Decker's present motion (Exhibit 1). Black & Decker's proposed Amended Counterclaims adding Rexon USA is attached hereto as Exhibit 2.

The requested addition of Rexon USA to the case at this time will not delay the progress of the litigation, is not sought in bad faith, and will not result in undue prejudice to Rexon or Rexon USA. It will not require modification to the Court's Scheduling Order. The bulk of the parties substantive document production has not yet been exchanged. No depositions have been taken. Adding Rexon USA will not have any effect on the number of patents in suit, the models of accused products or the witnesses involved. From Black & Decker's investigation into public information, it appears that Rexon USA is the marketing, sales and service arm of Rexon with respect to the products at issue in Black & Decker's Counterclaims. It makes sense to include all of the proper parties at this early stage of the litigation.

## II.     BLACK & DECKER'S REQUEST FOR LEAVE TO AMEND IS WARRANTED UNDER THE LAW

Federal Rule of Civil Procedure 15(a) permits a pleading to be amended after a responsive pleading is served "only by leave of court or by written consent of the adverse party." The rule also provides that "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a); Cabana v. Forcier, 200 F.R.D. 9, 13 (D. Mass. 2001); Foman v. Davis, 371 U.S. 178, 182 (1962). Absent an "inordinate measure of undue delay, dilatory motive, futility, or undue prejudice," the district court should grant an amendment to the pleading. Martin v. Sands, 62 F.Supp.2d 196, 197 (D. Mass. 1999).

Additionally, Federal Rule of Civil Procedure 21 provides that a party "may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action

and on such terms as are just." FED.R.CIV.P. 21. Where the motion to amend a pleading to add a new party comes after a responsive pleading has been served, the standard for adding a party is the same whether the motion is made under Rule 15 or Rule 21. Data Gen. Corp. v. Grumman Sys. Support Corp., 825 F. Supp. 340, 344 (D. Mass. 1993). In accordance with Federal Rule of Civil Procedure 20, the addition of a new defendant is permissible when, as here, the new defendant is charged with claims that arise out of the same transaction, occurrence or series of transactions or occurrences asserted against the current defendant and the defendants must share in common at least one question of law or fact. FED.R.CIV.P. 20(a); Rhode Island Hospital Trust Nat'l Bank v. Corey, 1989 U.S. Dist. LEXIS 5281 at *3 (D. Mass. 1989).

### III.     REXON USA SHOULD BE ADDED AS A DEFENDANT TO THE CASE

In its counterclaims, Black & Decker has accused Rexon of infringement of its patents in two areas of technology: laser guidance and dust collection. The products accused of infringement in its counterclaims are miter saws understood to be manufactured by Rexon. From a concurrently pending litigation in the Northern District of Illinois, Black & Decker recently learned that Rexon USA assists in the importation of the accused products; provides the sales force for distribution of Rexon's accused miter saws and is involved in the instruction to end users on how to use the accused products (Exhibit 3; One World's Motion to add Rexon USA at p. 3 with Attachment Ex. C). Also, as learned from the co-pending litigation in Chicago, Rexon disclosed that some of the products accused of infringement in this case are shipped directly from Rexon to Rexon USA for distribution. For the purposes of conducting discovery and ensuring that the proper parties involved in the accused infringement of Black & Decker's patents are accountable in this lawsuit, Black & Decker seeks to add Rexon USA to the case pending in Springfield, Massachusetts.

Black & Decker's request to add Rexon USA at this time is not a result of undue dely. Promptly upon learning of the involvement of Rexon USA in Rexon's business operations, Black & Decker's counsel contacted Rexon's counsel to inquire as to whether or not Rexon would agree to Black & Decker's motion for leave to add Rexon USA. Upon receiving Rexon's communication that it would not oppose Black & Decker's motion, Black & Decker prepared the present papers for filing.

Moreover, there is no futility in or prejudice to Rexon or Rexon USA resulting from the addition of Rexon USA to the litigation. In fact, adding Rexon USA to the litigation will facilitate discovery of the proper sales and marketing information sought by Black & Decker in the pursuit of its infringement claims. Rexon has repeatedly stated that its on-going document production and interrogatory responses will not substantively be completed for several weeks - - once its overseas investigation can be completed (MacDonald 9/18 letter, Exhibit 4). Thus, adding Rexon USA as a party and initiating discovery with the domestic subsidiary of Rexon at this time will coincide with Rexon's international discovery production in time for depositions to be scheduled and conducted. Rexon USA is represented by Rexon's counsel in the co-pending litigation and it appears that Rexon's lawyers who have appeared in this case on Rexon's behalf are also representing Rexon USA.

Finally, Black & Decker's counterclaims against Rexon regarding the infringement of its patents arise from the same transactions which give rise to the infringement allegations against Rexon USA. Both Rexon and Rexon USA make, use, offer for sale and/or sell one or more of the miter saw products accused of infringement in this lawsuit. Black & Decker has recently learned that the activities of Rexon and Rexon USA (and perhaps the corporate structures of the companies

themselves) significantly overlap with each other; the extent of which involve common questions of law and fact. By adding Rexon USA to the lawsuit at this time, without opposition from Rexon, would further Black & Decker's efforts to continue the discovery process efficiently and with all proper parties accountable.

### IV.    CONCLUSION

Black & Decker respectfully requests leave to file its Amended Counterclaims in order to add Rexon USA to this lawsuit. Rexon does not oppose Black & Decker's motion. Adding Rexon USA to the lawsuit would not cause undue delay, is not sought in bad faith, would not result in prejudice to Rexon or Rexon USA and would not be futile.

Respectfully submitted,

      /s/ Dina M. Hayes
Raymond P. Niro
Raymond P. Niro, Jr.
Christopher J. Lee
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137
Email: rniro@nshn.com; rnirojr@nshn.com; lee@nshn.com; megleyjr@nshn.com; hayes@nshn.com

    C. Jeffrey Kinder (BBO# 563890)
    FIERST, PUCCI & KINDER LLP
    64 Gothic Street, Suite 4
    Northampton, Massachusetts 01060
    Phone: (413) 584-8067
    Facsimile: (413) 585-0787
    Email: kinder@fierstpucci.com

**Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2005, I electronically filed the foregoing **BLACK & DECKER'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED ANSWER ADDING REXON USA AS A COUNTERCLAIM DEFENDANT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> J. Kevin Grogan (BBO # 635089)
>     Email: grogan@ip-lawyers.com
> Arthur F. Dionne (BBO # 125760)
>     Email: dionne@ip-lawyers.com
> Donald J. MacDonald (BBO # 644582)
> Kevin H. Vanderleeden (BBO # 648361)
> MCCORMICK, PAULDING & HUBER LLP
> 1350 Main Street, 5th Floor
> Springfield, Massachusetts 01103
> Phone: (413) 736-5401
> Facsimile: (413) 733-4543
>
> Wm. Tucker Griffith
>     Email: tucker@ip-lawyers.com
> MCCORMICK, PAULDING & HUBER LLP
> CityPlace II, 185 Asylum Street
> Hartford, Connecticut 06103-5290
> Phone: (860) 549-5290
> Facsimile: (860) 527-0464
> **Attorneys for Rexon Industrial Corporation, Ltd.
> and Rexon USA Corporation**

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                            /s/ Dina M. Hayes
                                   Attorney for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation