IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REXON INDUSTRIAL CORPORATION, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-CV-30180-MAP |
| | ) | |
| PORTER-CABLE CORPORATION, | ) | |
| DELTA INTERNATIONAL MACHINERY | ) | |
| CORP. and PENTAIR, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| BLACK & DECKER INC., | ) | |
| BLACK & DECKER (U.S.) INC. | ) | |
| PORTER-CABLE CORPORATION and | ) | |
| DELTA INTERNATIONAL MACHINERY | ) | |
| | ) | |
| Plaintiffs-in-Counterclaim, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REXON INDUSTRIAL CORPORATION, LTD. | ) | |
| and REXON USA CORPORATION | ) | |
| | ) | |
| Defendants-in-Counterclaim. | ) | |

**ANSWER BY PORTER-CABLE AND DELTA INTERNATIONAL
MACHINERY TO FIRST AMENDED COMPLAINT AND AMENDED
COUNTERCLAIMS OF BLACK & DECKER INC., BLACK & DECKER
(U.S.) INC., PORTER-CABLE AND DELTA INTERNATIONAL MACHINERY**

Defendants Porter-Cable Corporation ("Porter-Cable") and Delta International Machinery

Corporation ("Delta") (collectively "Defendants") hereby answer the First Amended Complaint filed

by Plaintiff Rexon Industrial Corporation, Ltd. ("Rexon") as follows:

# ANSWER

## The Parties

1.      Plaintiff Rexon is a corporation organized and existing under the laws of Taiwan, with its principal place of business at No. 261 Renhua Road, Taichung Hsien, Tali City, Taiwan.

**Answer:**

Denied on the ground that Defendants lack sufficient information or belief as to the truth of

the allegations.

2.      On information and belief, Defendant Porter-Cable is a Delaware corporation, with a principal place of business at 4825 US Highway 45 N, Jackson, Tennessee 38302-2468.

**Answer:**

Admitted.

3.      On information and belief, Defendant Delta is a Minnesota corporation, with a principal place at 4799 S. Eason Boulevard, Tupelo, Mississippi 38801-6547.

**Answer:**

Admitted that Delta is a Minnesota corporation.  The remaining allegations are denied.

4.      On information and belief, Defendant Pentair is a Minnesota corporation, having a principal place of business at 5500 Wayzata Boulevard, Suite 800, Golden Valley, Minnesota 55416-1259.

**Answer:**

Admitted.

## Jurisdiction and Venue

5.      This Court has jurisdiction since the matter in controversy raises a federal question under the Patent Laws of the United States (35 U.S.C. § 271 et seq.), and claims of unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Mass. Gen. Laws c. 93A, § 1 et seq. The specific remedy sought is based on the laws authorizing actions for declaratory judgment in the Courts of the United States (28 U.5.C §§ 2201, 2202). Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Answer:**

Defendants admit that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 under Counts I, II, III and VI of the First Amended Complaint. The First Amended Complaint fails to properly allege the Court's subject matter jurisdiction over Counts IV and V and thus the Defendants deny the same. Defendants admit that venue is appropriate in this judicial district.

<u>Count I - Declaration of Non Infringement</u>

6.     Porter-Cable is the owner, by assignment, of U.S. Patent No. 5,285,708 to Bosten et a1., entitled "Miter Saw Alignment System" ("the '708 patent"). A copy of the '708 patent is attached hereto as Exhibit A.

**Answer:**

Defendants deny that Porter-Cable is the owner of U.S. Patent No. 5,285,708. The remaining allegations are admitted.

7.     Porter-Cable is the owner, by assignment, of U.S. Patent No. 5,375,495 to Bosten et al., entitled "Optical Alignment System for Circular Power Saws" ("the '495 patent"). A copy of the '495 patent is attached hereto as Exhibit B.

**Answer:**

Defendants deny that Porter-Cable is the owner of U.S. Patent No. 5,375,495. The remaining allegations are admitted.

8.     Porter-Cable, through legal counsel, has alleged that Rexon infringes the '708 patent and the '495 patent, and has issued threats of litigation asserting patent infringement against Rexon.

**Answer:**

Defendants deny that Porter-Cable has "issued threats of litigation asserting patent infringement against Rexon." The remaining allegations are admitted.

9.      Specifically, by way of a letter dated August 19, 2004 (attached as Exhibit C), Porter-Cable asserted that Rexon infringed the '708 patent and the '495 patent, and requested that Rexon cease and desist its allegedly infringing activities.

**Answer:**

Admitted.

10.      Porter-Cable's letter also stated that it "was written without prejudice to any and all legal rights and remedies [Porter-Cable] has under the United States patent laws and otherwise, the same all being hereby expressly reserved on its behalf."

**Answer:**

Admitted.

11.      In the August 19, 2004 letter, Porter-Cable specifically identified a compound miter saw having Model No. 137.212540 and marketed in the United States under the Craftsman® brand, as infringing the '708 patent and the '495 patent.

**Answer:**

Admitted.

12.      Rexon's compound miter saw having Model No. 137.212540, and Rexon's other miter saw products, do not infringe any claims of the '708 patent or the '495 patent.

**Answer:**

Denied.

13.      On August 19, 2004, Porter-Cable through legal counsel, also sent a letter to Sears Roebuck & Co. ("Sears") repeating its allegation that the Craftsman® miter saw having Model No. 21254 infringed the '708 patent and the '495 patent.  A copy of the letter sent to Sears is attached hereto as Exhibit D.

**Answer:**

Admitted.

14.      Porter-Cable's letter to Sears states that "the manufacture and sale of these products [including miter saw Model No. 21254] is in violation of 35 U.S.C. § 217."

4

**Answer:**

    Admitted.

    15.    Porter-Cable's letter to Sears also states: "[p]lease be advised that we are defending our clients' intellectual property rights, and accordingly, have notified the manufacturers of these products, asking them to correct this matter."

**Answer:**

    Admitted.

    16.    Sears has purchased Model No. 137.212540 miter saws from Rexon for sales in its stores, including stores in the Commonwealth of Massachusetts.

**Answer:**

    Denied on the ground that Defendants lack sufficient information or belief as to the truth of

the allegations.

    17.    Rexon received notice of the August 19, 2004 letter to Sears from Porter-Cable on September 2, 2004.

**Answer:**

    Denied on the ground that Defendants lack sufficient information or belief as to the truth of

the allegations.

    18.    A real and actual controversy now exists between Plaintiff Rexon on the one hand and Defendant Porter-Cable on the other hand as to non-infringement of the claims of the '708 patent and the '495 patent.

**Answer:**

    Admitted only that a real and actual controversy now exists between Rexon and the owner

of the '708 and '495 patents as to infringement of the claims of the '708 and '495 patents.

    19.    The existing case of actual controversy between Plaintiff Rexon and Defendant Porter-Cable entitles Plaintiff Rexon relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

**Answer:**

Denied.

20.     Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-17 above.

**Answer:**

Defendants repeat and re-allege the responses set forth in Paragraphs 1-17 above as if fully

set forth herein.

21.     As a consequence of the threatening allegations made by Porter-Cable and the lack
of any infringement of the '708 patent and the '495 patent by Rexon, a case or controversy exists
between Plaintiff and Defendant.

**Answer:**

Defendants deny lack of infringement of the '708 patent and the '495 patent by Rexon.  The

remaining allegations are admitted to the extent that a case or controversy exists between Rexon and

the owner of the '708 and '495 patents.

22.     As a consequence of the allegations made by Porter-Cable and the lack of any
infringement of the '708 patent and the '495 patent by Rexon, Rexon has been damaged by the acts
of Porter-Cable in an amount which is unknown and can not at the present time be ascertained.

**Answer:**

Denied.

23.     Unless enjoined by this Court, Defendant Porter-Cable will continue to falsely assert
that Rexon and Rexon's products infringe the '708 patent and the '495 patent, to Rexon's continuing
and irreparable injury for which it has no adequate remedy at law.

**Answer:**

Denied.

<u>Count II - Patent Invalidity/Unenforceability</u>

24.     Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-21 above.

6

**Answer:**

Defendants repeat and re-allege the responses set forth in Paragraphs 1-21 above as if fully

set forth herein.

25.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '708 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Answer:**

Denied.

26.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '495 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Answer:**

Denied.

<u>Count III - Violation of the Lanham Act § 43(a)</u>

27.     Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-24 above.

**Answer:**

Defendants repeat and re-allege the responses set forth in Paragraphs 1-24 above as if fully

set forth herein.

28.     Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 are false and/or misleading.

**Answer:**

Denied.

29.    Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 were made in interstate commerce.

**Answer:**

Denied.

30.    Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 were made in connection with goods or services.

**Answer:**

Admitted.

31.    Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 occurred in commercial advertising or promotion.  For example, in its letter to Sears, Porter-Cable stated that it has "had a long and successful relationship as a major supplier to Sears", and further "want[s] that relationship to continue and prosper."

**Answer:**

Denied to all allegations with the exception of the existence of the two quotations of the letter

in Exhibit D which Rexon selectively represented in Paragraph 31.

32.    Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 misrepresent the nature or qualities of the goods, services, or commercial activities of another, in particular, Rexon's miter saws.

**Answer:**

Denied.

33.    Rexon is suffering damages and irreparable harm as a result of Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540, and will continue to suffer irreparable harm unless Porter-Cable is enjoined by the Court.

**Answer:**

Denied.

34.    Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 violate the Lanham Art § 43(a), 15 U.S.C. § 1125(a) (2000).

**Answer:**

Denied.

### Count IV - Unfair Competition Under Massachusetts' Chapter 93A

35.    Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-32 above.

**Answer:**

Defendants repeat and re-allege the responses set forth in Paragraphs 1-32 above as if fully set forth herein.

36.    Porter-Cable's misrepresentations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 are false, misleading and/or deceptive.

**Answer:**

Denied.

37.    A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Porter-Cable's false, misleading, and/or deceptive representations were made in bad faith and/or based on an inadequate infringement investigation.

**Answer:**

Denied.

38.    Porter-Cable's false, misleading, and/or deceptive representations were published to at least one existing customer of Rexon.

**Answer:**

Denied.

39.     Porter-Cable's false, misleading, and/or deceptive representations are causing Rexon damages and irreparable harm to its business relationships, and will continue to do so unless this court enjoins Porter-Cable.

**Answer:**

Denied.

40.     Porter-Cable's false, misleading, and/or deceptive representations violate Mass. Gen. Laws c. 93A, § 1 et seq.

**Answer:**

Denied.

### Count V - Tortious Interference With a Contractual Relationship

41.     Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-38 above.

**Answer:**

Defendants repeat and re-allege the responses set forth in Paragraphs 1-32 above as if fully set forth herein.

42.     Rexon reasonably expected to enter into valid business relationships and further contracts with at least Sears.

**Answer:**

Denied on the ground that Defendants lack sufficient information or belief as to the truth of the allegations.

43.     Porter-Cable knew of Rexon's expectancy to enter into valid business relationships and further contracts with at least Sears.

**Answer:**

Denied.

10

44.    Porter-Cable's misrepresentations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 were purposeful interference intended to prevent Rexon's legitimate expectancy from being fulfilled.

**Answer:**

Denied.

45.    Rexon is suffering damages and irreparable harm as a result of Porter-Cable's purposeful interference, and will continue to suffer irreparable harm unless Porter-Cable is enjoined by the Court.

**Answer:**

Denied.

46.    Porter-Cable's conduct constituted tortious interference with prospective contractual relationships.

**Answer:**

Denied.

<u>Count VI - Patent Infringement</u>

47.    United States Patent No. 6,688,203, entitled Circular Sawing Machine Having Indication Device, attached as Exhibit E, was duly and legally issued on February 10, 2004 (the "'203 patent").  Rexon is, and has been since February 10, 2004, the owner of the '203 patent.

**Answer:**

Denied on the ground that Defendants lack sufficient information or belief as to the truth of

the allegations.

48.    Upon information and belief, Defendants have infringed and are now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '203 patent within this District and elsewhere within the United States by making, using, selling, and/or offering to sell products falling within the scope of such claims, all without authority or license from Plaintiff.

**Answer:**

Denied.

## AFFIRMATIVE DEFENSES

Porter-Cable and Delta assert the following defenses and reserve the right to further amend their Answer as additional information becomes available:

1.    Rexon's claims are barred by the doctrines of estoppel, laches, waiver and unclean hands.

2.    Defendants do not infringe and have not infringed any claim of the '203 patent.

3.    A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '203 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNTERCLAIMS

Plaintiffs-in-Counterclaim, Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corp.  (hereafter collectively "Black & Decker"), allege the following Counterclaims against Defendants-in-Counterclaim, Rexon Industrial Corporation, Ltd. ("Rexon") and Rexon USA Corporation ("Rexon USA")

### Parties

1.    Counterclaimant Porter-Cable is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 4825 Highway 45 North, Jackson, Tennessee 38305.

12

2.      Counterclaimant Delta is a corporation organized under the laws of the State of Mississippi, having its principal place of business at 4825 Highway 45 North, Jackson, Tennessee 38305.

3.      Black & Decker Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

4.      Black & Decker (U.S.) Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 701 East Joppa Road, Towson, Maryland 21286.  Black & Decker (U.S.) Inc. is a leading designer, manufacturer and marketer of power tools, including specifically the various electric power tool products of the type at issue in this case.

5.      Counterdefendant Rexon Industrial Corporation, Ltd. is a corporation organized and existing under the laws of Taiwan, with its principal place of business at No. 261 Renhua Road, Taichung Hsien, Tali City, Taiwan.

6.      Counterdefendant Rexon USA Corporation is a Massachusetts corporation having a principal place of business at 3 Craftsman Road, East Windsor, Connecticut.

## Jurisdiction and Venue

7.      This Court has subject matter jurisdiction over the patent infringement counterclaims pursuant to 28 U.S.C. § 1331 and subject matter jurisdiction over the declaratory judgment counterclaims pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202.  By its First Amended Complaint, Rexon has submitted itself to the jurisdiction of this Court and has created an actual

controversy with Black & Decker.  This Court has jurisdiction over Rexon USA pursuant to 28

U.S.C. 1338(a).  Venue in the district is proper pursuant to 28 U.S.C. § 1391(b).

**Count I**
**Declaratory Judgment of Noninfringement of the '203 Patent**

8.      Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as fully

set forth herein.

9.      Black & Decker does not infringe, has not infringed, and does not induce and has not

induced infringement of, the '203 Patent, willfully or otherwise, under any theory, including literal

infringement or infringement under the doctrine of equivalents.

10.     No claim of the '203 Patent relied upon by Rexon in its First Amended Complaint can

validly be construed to cover any product used, sold, offered for sale or imported by Black & Decker.

11.     For each claim of the '203 Patent asserted by Rexon to have been infringed by Black

& Decker, Black & Decker requests a declaration that none of its products infringe any such claim

of the '203 Patent.

**Count II**
**Declaratory Judgment of Invalidity of the '203 Patent**

12.     Black & Decker repeats and re-alleges the averments of Paragraphs 1-11 above as if

fully set forth herein.

13.     A reasonable opportunity for further investigation or discovery is likely to provide

evidentiary support that the claims in the '203 patent are invalid under one or more of the grounds

specified in United States Code, Title 35, including failure to comply with one or more of the

requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

14.    Black & Decker requests a declaration that each claim of the '203 Patent asserted by Rexon is invalid.

## Count III
## Infringement of U.S. Patent No. 5,819,619

15.    Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

16.    Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 5,819,619 entitled "Dust Collection System for Compound Miter Saw" issued on October 13, 1998 ("the '619 Patent"). Black & Decker (U.S.) Inc. is an exclusive licensee under the '619 patent and has been directly injured by Rexon and Rexon USA's infringing activities; therefore, Black & Decker (U.S.) Inc. also has standing to sue for infringement of the '619 Patent. A copy of the '619 Patent is attached hereto as Exhibit A.

17.    Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '619 Patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products). Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '619 patent in violation of 35 U.S.C. §271.

18.    Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

19. On information and belief, Rexon and Rexon USA had notice of the '619 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application. As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

20. Rexon and Rexon USA's infringement of the '619 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '619 patent.

## Count IV
## Infringement of U.S. Patent No. 6,431,040

21. Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

22. Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 6,431,040 entitled "Dust Collection System for Compound Miter Saw" issued on August 13, 2002 ("the '040 Patent"). Black & Decker (U.S.) Inc. is an exclusive licensee under the '040 Patent and has been directly injured by Rexon and Rexon USA's infringing activities; therefore, Black & Decker (U.S.) Inc. also has standing to sue for infringement of the '040 Patent. A copy of the '040 Patent is attached hereto as Exhibit B.

16

23.    Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '040 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products).  Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '040 patent in violation of 35 U.S.C. §271.

24.    Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

25.    On information and belief, Rexon and Rexon USA had notice of the '040 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application.  As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

26.    Rexon and Rexon USA's infringement of the '040 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '040 patent.

**Count V**
**Infringement of U.S. Patent No. 6,427,570**

27.    Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

28.    Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 6,427,570 entitled "Dust Collection System for Compound Miter Saw" issued on August 6, 2002 ("the '570 Patent"). Black & Decker (U.S.) Inc. is an exclusive licensee under the '570 Patent and has been directly injured by Rexon and Rexon USA's infringing activities; therefore, Black & Decker (U.S.) Inc. also has standing to sue for infringement of the '570 Patent. A copy of the '570 Patent is attached hereto as Exhibit C.

29.    Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '570 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products). Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '570 patent in violation of 35 U.S.C. §271.

30.    Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

31.    On information and belief, Rexon and Rexon USA had notice of the '570 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application. As a consequence, the Rexon and Rexon USA's infringement, contributory

infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

32.    Rexon and Rexon USA's infringement of the '570 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '570 patent.

### Count VI
### Infringement of U.S. Patent No. 5,285,708

33.    Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

34.    Black & Decker Inc., Black & Decker (U.S.) Inc. and Porter-Cable Corporation own and/or otherwise have standing to sue as licensees, during all relevant time periods, for infringement of United States Patent No. 5,285,708, entitled "Miter Saw Alignment System" issued on February 15, 1994 ("the '708 Patent").  A copy of the '708 Patent is attached hereto as Exhibit D.

35.    Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '708 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products).  Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '708 patent in violation of 35 U.S.C. §271.

19

36.    Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

37.    On information and belief, Rexon and Rexon USA had notice of the '708 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application.  As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

38.    Rexon and Rexon USA's infringement of the '708 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '708 patent.

## Count VII
## Infringement of U.S. Patent No. 5,375,495

39.    Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

40.    Black & Decker Inc., Black & Decker (U.S.) Inc. and Porter-Cable Corporation own and/or otherwise have standing to sue as licensees, during all relevant time periods, for infringement of United States Patent No. 5,375,495 entitled "Optical Alignment System For Circular Power Saws"

20

issued on October, 1998 ("the '495 Patent").  A copy of the '495 Patent is attached hereto as Exhibit E.

41.    Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '495 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. and 21254 (and similar products).  Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '495 patent in violation of 35 U.S.C. §271.

42.    Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

43.    On information and belief, Rexon and Rexon USA had notice of the '495 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application.  As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

44.    Rexon and Rexon USA's infringement of the '495 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '495 patent.

## PRAYER FOR RELIEF

WHEREFORE, Black & Decker prays for the following relief:

(a)    That the counts in the First Amended Complaint be dismissed, in their entirety, with prejudice;

(b)    A declaration that the '203 patent is invalid and/or not infringed by Black & Decker;

(c)    A judgment that Rexon and Rexon USA have infringed the '619 patent and an award of damages for the same;

(d)    A judgment that Rexon and Rexon USA have infringed the '040 patent and an award of damages for the same;

(e)    A judgment that Rexon and Rexon USA have infringed the '570 patent and an award of damages for the same;

(f)    A judgment that Rexon and Rexon USA have infringed the '708 patent and an award of damages for the same;

(g)    A judgment that Rexon and Rexon USA have infringed the '495 patent and an award of damages for the same;

(h)    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '619, '040, '570, '708 and '495 patents.

(i)    That this Court deny any and all relief as set forth in the First Amended Complaint and requested by Rexon;

(j)    That this Court declare this case exceptional and award Black & Decker their costs, expenses, attorney fees pursuant to 35 U.S.C. § 285, and interest; and

22

(k)    That this Court grant such other and further relief to Black & Decker as it may deem just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Black & Decker demands trial by jury of any issue triable of right by a jury.

Respectfully submitted,

/s/ Dina M. Hayes
Raymond P. Niro
Raymond P. Niro, Jr.
Christopher J. Lee
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137
Email: rniro@nshn.com; rnirojr@nshn.com;
lee@nshn.com; megleyjr@nshn.com;
hayes@nshn.com

C. Jeffrey Kinder (BBO# 563890)
FIERST, PUCCI & KINDER LLP
64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787
Email: kinder@fierstpucci.com

**Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation**

23

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2005, I electronically filed the foregoing **ANSWER BY PORTER-CABLE AND DELTA INTERNATIONAL MACHINERY TO FIRST AMENDED COMPLAINT AND AMENDED COUNTERCLAIMS OF BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., PORTER-CABLE AND DELTA INTERNATIONAL MACHINERY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

J. Kevin Grogan (BBO # 635089)
    Email: grogan@ip-lawyers.com
Arthur F. Dionne (BBO # 125760)
    Email: dionne@ip-lawyers.com
Donald J. MacDonald (BBO # 644582)
Kevin H. Vanderleeden (BBO # 648361)
MCCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Phone: (413) 736-5401
Facsimile: (413) 733-4543

Wm. Tucker Griffith
    Email: tucker@ip-lawyers.com
McCORMICK, PAULDING & HUBER LLP
CityPlace II, 185 Asylum Street
Hartford, Connecticut 06103-5290
Phone: (860) 549-5290
Facsimile: (860) 527-0464
**Attorneys for Rexon Industrial Corporation, Ltd.
and Rexon USA Corporation**

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

        /s/ Dina M. Hayes
        Attorney for Black & Decker Inc., Black & Decker
        (U.S.) Inc., Porter-Cable Corporation and Delta
        International Machinery Corporation

24