IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REXON INDUSTRIAL CORPORATION, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PORTER-CABLE CORPORATION, ) <br> DELTA INTERNATIONAL MACHINERY ) <br> CORP. and PENTAIR, INC., ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> BLACK & DECKER INC., ) <br> BLACK & DECKER (U.S.) INC. and ) <br> PORTER-CABLE CORPORATION, ) <br> ) <br> Plaintiffs-in-Counterclaim, ) <br> ) <br> v. ) <br> ) <br> REXON INDUSTRIAL CORPORATION, LTD. ) <br> and REXON USA, CORP. ) <br> ) <br> Defendants-in-Counterclaim. ) | Civil Action No. 04-CV-30180-MAP |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES FROM REXON**

Pursuant to Fed.R.Civ.P. 37 and Local Rule 37-1, Black & Decker Inc., Black & Decker (U.S.) Inc., Delta International Machinery Corp. and Porter-Cable Corporation (collectively "Black & Decker") move to compel Rexon Industrial Corporation, Ltd. ("Rexon") to supplement its written discovery responses. On September 8, 2005, Black & Decker requested a formal discovery conference in a final attempt to resolve the issues raised in this motion, but Rexon never responded (Ex. 1 at p. 2).

Rexon initiated this lawsuit over one year ago, yet it still refuses to provide even the most basic information in response to Black & Decker's interrogatories served on May 16, 2005. Unfortunately, it has now become necessary for the Court to compel Rexon to participate in discovery and respond to Black & Decker's formal discovery requests. For the reasons stated, Black & Decker respectfully requests that its motion be granted in full.

**I.    BACKGROUND**

Rexon filed its complaint against Black & Decker on September 10, 2004. Black & Decker served Rexon with its first set of discovery requests on May 16, 2005. Rexon's initial interrogatory responses were mainly objections providing no substantive information (Exs. 2 and 3). Since June, Black & Decker has repeatedly requested supplementation from Rexon and has not received any assurance from Rexon that substantive interrogatory responses are forthcoming. Rexon blames having a foreign client as the reason for their lack of discovery cooperation (Ex. 4). Recognizing this inconvenience but also acknowledging the facts that: 1) Rexon initiated this lawsuit; 2) Rexon is involved in two actively co-pending lawsuits in Chicago with overlapping subject matter; and 3) Black & Decker's requests were served over four months ago - Black & Decker requested that Rexon provide a date certain on when it can expect to receive this information so that depositions of Rexon's witnesses can be scheduled. Rexon never responded to Black & Decker's request and refused to conduct a teleconference to discuss the matter. At this time, Black & Decker has no other recourse but to seek the assistance from the Court and requests that the Court compel Rexon to provide substantive supplementation of its interrogatory responses to Black & Decker.

II.  **THE DISCOVERY REQUESTED IS CRUCIAL TO PROCEED WITH DISCOVERY ACCORDING TO THE COURT'S SCHEDULE**

    A.  **Porter-Cable's Interrogatories**

The discovery requested by Porter-Cable consists of fundamental interrogatory responses at the heart of the issues plead in Rexon's Complaint and Black & Decker's Answer and Counterclaims. Without this information, Porter-Cable and Black & Decker are hampered in taking the depositions of Rexon's witnesses, drafting dispositive motions and preparing for trial. Rexon's unjustifiable delay of over four months in providing basic interrogatory responses is particularly troublesome in light of the fact that it initiated this lawsuit on the subject matter at issue in the outstanding interrogatories.

Specifically, Porter-Cable's Interrogatory No. 1 requests information surrounding Rexon's development, manufacture and sale of the subject matter contained in Rexon's '203 patent (Ex. 2 at p. 4). Rexon's objections to this interrogatory include attorney-client and work-product privilege and that the request seeks information "subject to ongoing investigation by Rexon" (Ex. 2 at p. 5). Porter-Cable's interrogatory seeks the **facts** surrounding the research, development, manufacture and sale of the products which embody the '203 patent; not any information subject to attorney client and/or work product immunity. Rexon's "ongoing investigation" objection is improper since it has had almost a year since filing its complaint asserting this patent against Porter-Cable. Surely, when conducting its pre-filing investigation regarding the '203 patent Rexon began its investigation as to the facts and circumstances surrounding the inventions claimed in the '203 patent. Moreover, Porter-Cable's prompt issuance of interrogatories over four months ago provided Rexon with ample time

3

to conduct its investigation regarding these facts. After repeated requests for supplementation by Porter- Cable, Rexon has failed to provide updated information and refuses to discuss its objections.

Similarly, Porter-Cable's Interrogatory No. 3 requests the facts and circumstances surrounding the allegations in Rexon's Complaint regarding the non-infringement and invalidity contentions of Porter-Cable's patents. As stated above, this information was presumably gathered in Rexon's pre-filing investigation conducted over a year ago. Rexon's "claim charts" in response to this interrogatory are inadequate. For example, there are elements identified in the text of the claim charts that appear nowhere on the pictures of the accused products. Second, the crude identification of corresponding structures of the accused products provides no substantive information to Porter-Cable. Porter-Cable has repeatedly requested supplementation by Rexon and Rexon has refused.

Porter-Cable's Interrogatory No. 6 seeks basic information from Rexon related to the damages it is seeking from Porter-Cable regarding the alleged infringement of the '203 patent. Rexon's non-responsive answer provides nothing but objections; and fails to even identify if it is seeking damages under a lost profits or a reasonable royalty theory. Porter-Cable is clearly entitled to this information.

Additionally, Porter-Cable's Interrogatory No. 12 seeks information regarding the number and dollar volume of sales regarding the accused miter saws products. Rexon refuses to provide this information in its interrogatory response and fails to identify documents by production number from where this information can be found by Porter-Cable. This is unacceptable. Rexon has admitted that the miter saws subject to this interrogatory are also subject to two lawsuits co-pending in the Northern District of Illinois, which were filed <u>before</u> this lawsuit. Moreover, if Rexon is seeking damages under a lost profits theory, its sales volumes are clearly relevant to this interrogatory

4

response and must be provided. Rexon's objections regarding the confidentiality of the information are moot in light of the entry of the protective order by the Court. Also, Rexon's response that documents will produce documents is in contravention of Fed.R.Civ.P. 33(d) which requires an identification of production numbers in response to the interrogatory on this issue. As stated above, Rexon's response to Interrogatory No. 12 is insufficient and should be supplemented accordingly.

**B.      Black & Decker's Interrogatories**

Rexon's response to Black & Decker's Interrogatory No. 6 is also inadequate (Ex. 3 at p. 9). Black & Decker's request seeks information regarding the research, development, manufacture and sale of products accused of infringing Black & Decker's "dust collection" patents. As stated above, this interrogatory properly seeks the facts and circumstances surrounding the activities of Rexon in designing and building the saws accused of infringement by Black & Decker. Rexon's specific objections include "overbroad," "unduly burdensome" and requesting information that is "confidential" and "proprietary." In light of Black & Decker's identification of model numbers pertaining to Rexon and entry of the Court's Protective Order, Rexon's objections are moot. Rexon however, still refuses to provide this information to Black & Decker and only identified two individuals who may have knowledge of this subject matter. This response is improper under the Federal Rules. Moreover, despite Black & Decker's request, Rexon refuses to provide dates on which its witnesses will be available for deposition. Black & Decker requires this information to investigate into the facts and circumstances surrounding the development of the products accused of infringing its patents. Accordingly, it appears that the only way Black & Decker is going to receive this information is if Rexon is compelled by the Court to provide it.

### III.     CONCLUSION

Despite Black & Decker's repeated requests to obtain necessary discovery from Rexon, Rexon refuses to provide substantive interrogatory responses in the lawsuit it initiated. Rexon has had over a year since conducting its pre-filing investigation and in excess of four months since receiving Black & Decker's and Porter-Cable's Interrogatories and still delays in substantively responding due to its "ongoing investigation." Rexon's delay - whether due to its overseas client or not - is unacceptable as discovery is nearing its mid-way point and Rexon has failed to provide anything substantive to Black & Decker. Since Rexon is clearly unwilling voluntarily cooperate with discovery, it is necessary for the Court to compel them to do so.

Finally, in accordance with Fed.R.Civ.P. 37, Black & Decker seeks its costs and fees in bringing this motion; and sanctions pursuant to Local Rule 37.1 for Rexon's failure to respond to Black & Decker's request for a discovery conference at all, let alone within seven days of Black & Decker's request, as required by the Local Rules.

          Respectfully submitted,

              /s/ Dina M. Hayes
          Raymond P. Niro, Jr.
          Christopher J. Lee
          Richard B. Megley, Jr.
          Dina M. Hayes
          NIRO, SCAVONE, HALLER & NIRO
          181 West Madison, Suite 4600
          Chicago, Illinois 60602-4515
          Phone: (312) 236-0733
          Facsimile: (312) 236-3137
          Email: rniro@nshn.com; rnirojr@nshn.com;
          lee@nshn.com; megleyjr@nshn.com; hayes@nshn.com

C. Jeffrey Kinder (BBO# 563890)
FIERST, PUCCI & KINDER LLP
64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787
Email: kinder@fierstpucci.com

**Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I electronically filed the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES FROM REXON** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

>J. Kevin Grogan (BBO # 635089)
>>Email: grogan@ip-lawyers.com
>
>Arthur F. Dionne (BBO # 125760)
>>Email: dionne@ip-lawyers.com
>
>Donald J. MacDonald (BBO # 644582)
>Kevin H. Vanderleeden (BBO # 648361)
>MCCORMICK, PAULDING & HUBER LLP
>1350 Main Street, 5th Floor
>Springfield, Massachusetts 01103
>Phone: (413) 736-5401
>Facsimile: (413) 733-4543
>
>Wm. Tucker Griffith
>>Email: tucker@ip-lawyers.com
>
>MCCORMICK, PAULDING & HUBER LLP
>CityPlace II, 185 Asylum Street
>Hartford, Connecticut 06103-5290
>Phone: (860) 549-5290
>Facsimile: (860) 527-0464
>
>**Attorneys for Rexon Industrial Corporation, Ltd.**

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

>_/s/ Dina M. Hayes_
>Attorney for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation