## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET - SUITE 4600

CHICAGO, ILLINOIS 60602 - 4515

TELEPHONE (312) 236 - 0733

FACSIMILE (312) 236 - 3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

September 8, 2005

**Facsimile: (413) 733-4543**
Donald MacDonald
MCCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103

  Re: Rexon v. Porter-Cable
     Case No. 04-CV-30180 MAP

Dear Don:

  We are in receipt of Rexon's "supplemental" claim charts. These, as with Rexon's Responses to Black & Decker's and Porter-Cable's Interrogatories, are deficient. Rexon's interrogatories also need to be verified immediately.

  Specifically, Rexon fails to identify many structures in the accused products which correspond to the elements of the '203 patent. For example, aside from the vague and unclear designations of parts on the accused products, absent from Rexon's claim charts is an identification of "catch phase" and a "slide channel" (28) in Figure 2. Rexon initiated this lawsuit and Black & Decker is entitled to this basic information regarding Rexon's infringement position. Rexon has had over two and a half months to substantively respond and supplement (pursuant to Fed. R. Civ. P. 26(e)) its response to Porter-Cable's Interrogatory No. 3, and have continually failed to do so.

  With respect to Rexon's responses to the remaining Porter-Cable interrogatories, they too are deficient. For example, Rexon's response to Interrogatory No. 1 provides no information regarding the conception, reduction to practice, manufacture, use, sale and offer for sale of the inventions claimed in the '203 patent. Rexon has had over three and a half months to gather this information and now that the Protective Order has been agreed to, Rexon's objections are moot. As Rexon's response to this interrogatory is already overdue, immediate supplementation is required.

  The same is true with Rexon's objections to Porter-Cable's Interrogatories Nos. 5, 6 and 12. Rexon has had more than ample time to perform an investigation regarding this information and now that a Protective Order is agreed upon, immediate supplementation is required.

**EXHIBIT 1**

Don MacDonald
September 8, 2005
Page 2

    Turning to Rexon's responses to Black & Decker's Interrogatories, supplementation is required on all interrogatories in which Rexon objects to on the basis of prematurity and absence of a protective order.

    Also, Black & Decker is entitled to supplementation to Rexon's response to Interrogatory No. 4. If Rexon intends to stand by its baseless objections, please let me know immediately.

    Finally, Rexon's response to Black & Decker's Interrogatory No. 6 is insufficient. Please provide the factual basis surrounding the design and development of the Craftsman products (21206, 21214, 21215 and 21254 (and models of similar construction)).

    With respect to Rexon's basis for failing to produce documents responsive to Black & Decker's requests, we find Rexon's proposed delay inappropriate. In an effort to expedite the process and obtain access to Rexon's documents which were requested on May 16, 2005, Black & Decker is willing to accept Rexon's documents that are of concern under the highest level of confidentiality under the protective order. Black & Decker will then assume the burden of requesting de-designation of documents if appropriate. Accordingly, please provide a date certain when Black & Decker can inspect and/or arrange for copying of Rexon's documents.

    Please provide a time on Monday, September 12, 2005 when you will be available to discuss these matters so that if necessary, Black & Decker can seek the assistance from the Court in obtaining this necessary discovery.

                                                Sincerely,

                                               Dina M. Hayes

DMP/

## Hayes, Dina M

**From:** Hayes, Dina M
**Sent:** Thursday, September 15, 2005 2:23 PM
**To:** 'Donald MacDonald'
**Subject:** Rexon v. B&D

Don:

Black & Decker will agree to the document procedure outlined in your letter of September 12, 2005. We look forward to receiving the volume of documents next week. When can I expect to receive Rexon's remaining documents?

I am still waiting for Rexon's response to my letter of September 9, 2005 articulating Black & Decker's position on Rexon's insufficient interrogatory responses. If I do not hear back from you by the end of the week, I will file a motion to compel on Monday.

Thanks,
Dina

9/15/2005