UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Rexon Industrial Corporation, Ltd.,        )
                                           )
        Plaintiff,                         )
v.                                         )    Civil Action No.: 04-cv-30180 MAP
                                           )
Porter-Cable Corporation,                  )
Delta International Machinery, Corp.,       )
and Pentair, Inc.,                         )
                                           )
        Defendants.                        )
_____        )
                                           )
Black & Decker, Inc.,                      )
Black & Decker (U.S.), Inc.,               )
Porter-Cable Corporation, and              )
Delta International Machinery, Corp.        )
                                           )
        Plaintiffs-in-Counterclaim,        )
v.                                         )
                                           )
Rexon Industrial Corporation, Ltd.,        )
                                           )
        Defendant-in-Counterclaim.         )
_____        )

## REXON INDUSTRIAL CORPORATION LTD.'S
## RESPONSE TO PORTER-CABLE'S AND DELTA MACHINERY'S
## FIRST SET OF INTERROGATORIES (Nos. 1 – 12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the

Local Rules for the U.S. District Court for the District of Massachusetts, Plaintiff,

Counterclaim-Defendant, Rexon Industrial Corp., Ltd. ("Rexon"), by its attorneys,

hereby responds to the Interrogatories propounded by Defendants, Counterclaim

Plaintiffs, Porter-Cable Corporation and Delta International Machinery Corp.,

(collectively herein "Porter-Cable").

**EXHIBIT 2**

1

## General Objections

The following general objections are made to each and every discovery request propounded by Porter-Cable, in addition to any specific objections that are addressed to particular requests:

1.      Rexon objects to the discovery requests to the extent that they seek to impose duties or obligations on Rexon beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts.

2.      The information contained in Rexon's discovery responses and objections is provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of non-privileged facts within the responding party's knowledge that may be relevant or lead to the discovery of relevant information. Specific responses are based upon information presently known and/or available to Rexon through reasonable and diligent inquiry.  The responses and objections are made without waiving any rights or objections and without admitting the characterizations, assumptions, relevance, materiality, or admissibility into evidence of the subject matter or facts alleged in any discovery request.

3.      Many of the discovery requests propounded by Porter-Cable relate to matters which are the subject of continuing investigation by Rexon, and, therefore, Rexon reserves the right to supplement and/or amend its responses and objections thereto and to introduce additional information and material should they become available to Rexon.  Rexon will make every effort to advise Porter-Cable of newly discovered information, documents or other evidence as the evidence is uncovered or becomes available.

4.      Rexon objects to the discovery requests to the extent the requests are vague, ambiguous, overly broad, unduly burdensome, duplicative or otherwise unclear as to the precise information sought, and seeks documents and information that are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible information.

5.     Rexon does not submit to the instructions or definitions provided by Porter-Cable in conjunction with the referenced interrogatories or other discovery requests except to the extent that those instructions or definitions are incorporated in the Federal Rules or the Local Rules for the District of Massachusetts.

6.     Rexon objects to the discovery requests to the extent that they call for the production of documents or identification of information that are protected from discovery by the attorney-client privilege, the attorney work-product immunity doctrine, the joint defense privilege, or any other privilege, protection, immunity or other proscription against disclosure applicable under the governing laws. Should Rexon inadvertently produce any privileged material, Rexon expressly reserves the right to withdraw the material and assert the privilege.

7.     Rexon objects to the discovery requests to the extent they seek production of documents and information already in the possession, custody or control of Porter-Cable, or are publicly available documents, or which are otherwise equally available, or more available to Porter-Cable.

8.     Rexon objects to the discovery requests to the extent they seek documents and information that are not in the possession, custody or control of Rexon.

9.     Rexon objects to each of the discovery requests to the extent they call for the production of documents or providing information containing confidential information of Rexon, including trade secrets, research and development, or commercial information entitled to be kept confidential under Rule 26(c) of the Federal Rules of Civil Procedure. Such documents or information, to the extent they are responsive, not privileged, and not covered by another objection, will be produced to trial counsel for Porter-Cable pursuant to an appropriate Protective Order and/or confidentiality agreement.

10.     To the extent responsive documents or information constitute the confidential information of a third party, or the joint confidential information of Rexon

and a third party, Rexon objects to the production of such documents or information until Rexon has requested, and received, the consent of the third party to the production of the documents and information.

11.    Rexon reserves the right to submit information or documents which are not properly discoverable under the Federal Rules without waiver of Rexon's right to object to interrogatories or requests for other documents which are likewise not discoverable.

12.    Rexon objects to the discovery requests to the extent they seek information and documents from Rexon regarding miter saws which are not manufactured, used, sold or offered for sale by Rexon, including but not limited to Craftsman Miter Saws Model Nos. 21205, 21235 and 21274, and therefore which information and documents are not in the possession, custody or control of Rexon.

13.    Rexon objects to the discovery requests to the extent they infer infringement of the Bosten Patents by Rexon in connection with Craftsman Miter Saws Model Nos. 21205, 21235 and 21274 which have not been manufactured, used, sold, offered for sale or imported into the United States by Rexon at any time.

## INTERROGATORIES

### Interrogatory No. 1

For each asserted claim of the '203 patent, state the date and describe in detail the circumstances on which the claimed inventions were: conceived; first reduced to practice; first made; first publicly used; first offered for sale; first sold; and first imported into the United States; and identify by production number or other suitable designation documents that corroborate or otherwise support each date and circumstance.

### Response to Interrogatory No. 1

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege or immunity.

Rexon objects to this Request to the extent that it seeks documents and information that is subject to ongoing investigation by Rexon.

Rexon objects to this Request to the extent that it seeks documents and information that are confidential and proprietary to Rexon.

Subject to the General Objections and entry of a suitable Protective Order, Rexon will further answer this Interrogatory by producing responsive, non-privileged documents in accordance with the Federal Rules to the extent that they exist.

Notwithstanding the foregoing objections, Rexon identifies the following individuals as having knowledge of the conception and reduction to practice of the inventions claimed in the '203 patent: George Ku and Eric Lo, both employees of Rexon.

### Interrogatory No. 2

State Rexon's contention regarding the proper construction of each limitation in each asserted claim of the '203 patent, and identify all specific parts of the intrinsic record of the '203 patent and extrinsic evidence (if any) that support Rexon's contentions.

### Response to Interrogatory No. 2

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege or immunity.

Rexon also objects to this Request to the extent that it seeks information that is subject to ongoing investigation by Rexon.

Notwithstanding the foregoing objections, Rexon hereby states that Defendants Porter Cable and Delta have infringed at least claims 1-3 and 5-7 of the '203 patent as set forth in the claim charts attached hereto as Exhibits A and B. Rexon will provide further infringement and claim construction analysis for the asserted claims of the '203 patent as its investigation continues.

### Interrogatory No. 3

Identify each product allegedly made, sold or offered for sale by any defendant that Rexon contends infringes any claim of the '203 patent. For each such product: identify the allegedly infringed claim(s); state the complete factual and legal bases for Rexon's contention of infringement; provide, in the form of a chart, an element-by-element application of each asserted claim to the product; and identify

5

those claim elements that Rexon contends are literally present in the product and those elements that Rexon contends are present under the doctrine of equivalents.

## Response to Interrogatory No. 3

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege or immunity.

Rexon also objects to this Request to the extent that it seeks information that is subject to ongoing investigation by Rexon.

Without waiving the foregoing objections and subject to the General Objections, Rexon states that Defendants Porter-Cable and Delta International Machinery Corp. have infringed the '203 patent by making, using, selling, offering to sell, importing or by facilitating the manufacture, sale, offer for sale, and/or importation into the United States, circular saws including but not limited to Porter-Cable 12" Compound Laser Miter Saw Model No. 3802L and Delta 12" Compound Laser Miter Saw Model No. 36-255L. Claim charts indicating how each of the above-identified Porter-Cable and Delta Miter Saws infringe the asserted claims of the '203 patent are attached hereto as Exhibits A and B respectively.

Rexon will supplement this Response as its investigation continues.

## Interrogatory No. 4

Identify all products made, used, sold, offered for sale or imported by, for or under license from Rexon which was or is marked with the number(s) of the patents in suit; and all products that are actually or allegedly covered by one or more claims of the '203 patent.

## Response to Interrogatory No. 4

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege or immunity.

Rexon objects to this Request to the extent that it seeks information that is confidential and proprietary to Rexon.

Rexon also objects to this Request to the extent that it seeks information that is subject to ongoing investigation by Rexon.

Rexon will supplement this Response as its investigation continues subject to the General Objections, and upon entry of a suitable Protective Order.

Additionally, without waiving the foregoing objections and subject to the General Objections, Rexon identifies the following miter saws which include the subject matter described and claimed in the '203 patent: Tradesman 10" Compound Miter Saw Model No. 8329L; Craftsman Laser Compound Miter Saw Model No. 137.212540.

## Interrogatory No. 5

State and describe in detail Rexon's contention on the existence or absence of any objective evidence of non-obviousness with respect to any asserted claim of the '203 patent including, without limitation, commercial success of the claimed invention, long felt need for the claimed invention, prior failed attempts to make the claimed invention and copying of the claimed invention; and identify by production number or other suitable designation all documents or other information supporting such contention.

## Response to Interrogatory No. 5

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege or immunity.

Rexon also objects to this Request to the extent that it seeks information that is subject to ongoing investigation by Rexon.

Rexon will supplement this Response as its investigation continues.

Subject to the General Objections and entry of a suitable Protective Order, Rexon with produce business records to the extent that they exist from which the requested information can be ascertained.

## Interrogatory No. 6

State whether Rexon is seeking damages in the form of a reasonable royalty and/or lost profits for alleged infringement of the '203 patent; state the amount of any damages sought, including Rexon's contention on the appropriate royalty rate that would have resulted from a "hypothetical negotiation" applying each of the applicable Georgia Pacific factors; and describe the complete factual and legal bases for the damages sought by Rexon.

## Response to Interrogatory No. 6

Rexon objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon, including identification of all of the products and activities of Porter-Cable that infringe the '203 patent.

Rexon also objects to this Interrogatory to the extent that it seeks information not within Rexon's possession, custody or control at this time, including information within Porter Cable's possession, such as Porter Cable's sales information.

Rexon further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege or immunity.

Rexon reserves the right to supplement this Response, where appropriate, upon entry of a suitable Protective Order and further investigation by Rexon.

Notwithstanding Rexon's objections to this Interrogatory, Rexon notes that the information sought by Porter-Cable is information suited to an expert and, therefore, will be provided in accordance with the Federal Rules of Civil Procedure and under the schedule set by the Court for Expert Discovery.

**Interrogatory No. 7**

With respect to any contention that the '708 patent is invalid for any reason:

(a)     Identify specifically each item of prior art known to and/or relied upon by Rexon in asserting invalidity of the '708, identify the specific statutory basis for each item, and make an element-by-element application of each item of prior art for each claim of the '708 Patent using drawings or illustrations from the '708 Patent and the prior art;

(b)     State the factual basis for any contention that any claim of the '708 Patent is invalid under 35 U.S.C. § 103, including specifically, Rexon's contention of the level of skill in the art, the differences between each item of prior art and each claim, and the scope and content of the prior art;

(c)     Identify each claim of the '708 Patent that is allegedly invalid under 35 U.S.C. § 112, explain the factual basis for each such contention, and identify the specific section and statutory requirement of 35 U.S.C. § 112 that has allegedly not been met.

8

**Response to Interrogatory No. 7**

(a)    Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '708 patent which are allegedly infringed, and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon will supplement this Response as its investigation continues.

Additionally, when Porter-Cable identifies the particular claims of the '708 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

(b)    Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon further objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon, including information and documents that Rexon intends to seek from Porter-Cable via discovery.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '708 patent which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon also objects to this Interrogatory to the extent it seeks information not within Rexon's possession, custody or control at this time, including information within Porter-Cables' possession, such as pre-filing activities of Porter-Cable, information

about the alleged inventors of the claimed subject matter of the '708 patent, and the dates of conception and reduction to practice for the claimed subject matter of the '708 patent.

Rexon will supplement this Response as its investigation continues.

Additionally, when Porter-Cable identifies the particular claims of the '708 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

(c)    Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '708 patent which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon will supplement this Response as its investigation continues.

Additionally, when Porter-Cable identifies the particular claims of the '708 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

**Interrogatory No. 8**

With respect to any contention that the '495 Patent is invalid for any reason:

(a)    Identify specifically each item of prior art known to and/or relied upon by defendant in asserting invalidity of the '495 Patent, identify the specific statutory basis for each item, and make an element-by-element application of each item of prior art for each claim of the '495 Patent using drawings or illustrations from the '495 Patent and the prior art;

(b)    State the factual basis for any contention that any claim of the '495 Patent is invalid under 35 U.S.C. § 103, including specifically, defendant's contention of the level

of skill in the art, the differences between each item of prior art and each claim, and the scope and content of the prior art;

(c)    Identify each claim of the '495 Patent that is allegedly invalid under 35 U.S.C. § 112, explain the factual basis for each such contention, and identify the specific section and statutory requirement of 35 U.S.C. § 112 that has allegedly not been met.

**Response to Interrogatory No. 8**

(a)    Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '495 patent which are allegedly infringed, and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon will supplement this Response as its investigation continues.

When Porter-Cable identifies the particular claims of the '495 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

(b)    Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon further objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon, including information and documents that Rexon intends to seek from Porter-Cable via discovery.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '495 patent which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for

claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon also objects to this Interrogatory to the extent it seeks information not within Rexon's possession, custody or control at this time, including information within Porter-Cables' possession, such as pre-filing activities of Porter-Cable, information about the alleged inventors of the claimed subject matter of the '495 patent, and the dates of conception and reduction to practice for the claimed subject matter of the '495 patent.

Rexon will supplement this Response as its investigation continues.

When Porter-Cable identifies the particular claims of the '495 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

(c)    Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '495 patent which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon will supplement this Response as its investigation continues.

Additionally, when Porter-Cable identifies the particular claims of the '495 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

## Interrogatory No. 9

For each and every claim element of the '708 Patent, state Rexon's construction, interpretation, and contended scope of each and identify all documents pertaining thereto.

12

**Response to Interrogatory No. 9**

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '708 patent which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon will supplement this Response as its investigation continues.

Additionally, when Porter-Cable identifies the particular claims of the '708 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

**Interrogatory No. 10**

For each and every claim element of the '495 Patent, state Rexon's construction, interpretation, and contended scope of each and identify all documents pertaining thereto.

**Response to Interrogatory No. 10**

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the '495 patent which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon will supplement this Response as its investigation continues.

Additionally, when Porter-Cable identifies the particular claims of the '495 patent that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

## Interrogatory No. 11

State and describe in detail the complete factual bases for Rexon's contention that it has not infringed the Bosten Patents, including but not limited to an element-by-element analysis explaining and illustrating why any element of each claim in the Bosten Patents is not present in each of the Craftsman® Accused Products, both literally and under the doctrine of equivalents.

## Response to Interrogatory No. 11

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Porter-Cable has not identified any claims of the Bosten Patents which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon further objects to the Interrogatory to the extent that it seeks information concerning products not manufactured, used, sold, offered for sale, or imported into the United States by Rexon including the Craftsman Accused Products identified by Porter-Cable as Craftsman Miter Saws Model Nos. 21205, 21235 and 21274.

Rexon further objects to this Interrogatory as it requires Rexon supply proof of a negative – e.g., an explanation of why an omitted element is not present.

Rexon further objects to this Interrogatory as premature prior to a claim construction determination with respect to any asserted claims.

Rexon will supplement this Response as its investigation continues.

Additionally, when Black & Decker identifies the particular claims of the Bosten Patents that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

**Interrogatory No. 12**

State the unit and dollar volume of sales of the Craftsman® Accused Products, as well as the gross and net profits (including incremental gross margins), realized by Rexon on sales of Craftsman® Accused Products, categorized by year and product, since 2000.

**Response to Interrogatory No. 12**

Rexon objects to this Request to the extent that it seeks information concerning products not manufactured, used, sold, offered for sale, or imported by Rexon including the Craftsman Accused Products identified by Black & Decker as Craftsman Miter Saws Model Nos. 21205, 21235 and 21274.

Rexon also objects to this request to the extent that it seeks information not within the possession, custody or control of Rexon.

Rexon further objects to this Request to the extent that it seeks information that is confidential and proprietary to Rexon.

Notwithstanding the foregoing objections and subject to the General Objections and entry of a suitable Protective Order, Rexon will produce responsive, non-privileged documents to the extent that they exist.

As to objections:

Respectfully submitted,

Rexon Industrial Corporation, Ltd.

J. Kevin Grogan (BBO # 635089)
   Email: grogan@ip-lawyers.com
Arthur F. Dionne (BBO # 125760)
   Email: dionne@ip-lawyers.com
Donald J. MacDonald (BBO # 644582)
   Email: macdonald@ip-lawyers.com
Kevin H. Vanderleeden (BBO # 648361)
   Email vanderleeden@ip-lawyers.com
McCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Phone: (413) 736-5401
Facsimile: (413) 733-4543

**Attorneys for Rexon
Industrial Corporation, Ltd.**

16

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Rexon's Automatic Discovery Disclosure was served via first-class mail, this _20th_ day of June, 2005 to the following counsel of record.

_____

Donald J. MacDonald

Raymond P. Niro
    Email: rniro@nshn.com
Raymond P. Niro, Jr.
    Email: rnirojr@nshn.com
Christopher J. Lee
    Email: lee@nshn.com
 Richard B. Megley, Jr
    Email: megleyjr@nshn.com
Dina M. Hayes
    Email: hayes@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137

**Attorneys for Black & Decker Inc.,
Black & Decker (U.S.) Inc., Porter-Cable
Corporation and
Delta International Machinery Corporation**

## VERIFICATION

I, ___REX WANG_____, declare under penalty of perjury under the laws of the United States of America that I am an officer of Rexon Industrial Corp., Ltd and authorized to sign on behalf of Rexon. I have read the foregoing Rexon Industrial Corp., Ltd.'s Responses to Porter-Cable's and Delta Machinery's First Set of Interrogatories, and the factual matters stated therein are true and accurate to the best of my knowledge, information and belief.

REXON INDUSTRIAL CORP., LTD.

Dated: _July 6. 2005_____        ___President_____

Name: ___Rex Wang_____

## VERIFICATION

I, _____, declare under penalty of perjury under the laws of the United States of America that I am an officer of Rexon Industrial Corp., Ltd and authorized to sign on behalf of Rexon. I have read the foregoing Rexon Industrial Corp., Ltd.'s Responses to Porter-Cable's and Delta Machinery's First Set of Interrogatories, and the factual matters stated therein are true and accurate to the best of my knowledge, information and belief.


Dated: _____          _____

                                          Name:_____

**EXHIBIT A**

**Infringement Claim Chart – U.S. Patent No. 6,688,203**

The following claim chart in conjunction with the attached Figs. 1-3 provides and element by element comparison of each feature of the representative accused product with each asserted claim of the '203 Patent.[1]

| Claim Limitations | Porter-Cable 12″ Compound Laser Miter Saw Dual Laser Loc Model No. 3802L |
|---|---|
| 1. A circular sawing machine having an indication device, comprising: | (10) – Fig. 1, Instruction Manual, p. 1 |
| a work table; | (12) – Fig. 1 |
| a saw seat having a first end provided with a saw blade and a second end pivotally mounted on the work table; | (14) – Fig. 2, Instruction Manual, p. 15 |
| an indication device mounted on the saw seat, and including | (16) – Fig. 2 |
| a support seat secured on the saw seat, | (18) – Fig. 2 |
| a slide seat mounted on the support seat, and | (20) – Fig. 2 |
| an indication light source mounted on the slide seat; and, | (22) – Fig. 2 |
| an adjusting bolt rotatably mounted between the slide seat and the support seat for adjusting a position of the · slide seat, | (24) – Fig. 3, Instruction Manual, p. 16 |
| the support seat being provided with a catch face formed with a screw hole, and the adjusting bolt being screwed into the screw hole of the catch face and secured on the slide seat. | (26) – Fig. 2 |
| 2. The circular sawing machine having an indication device in accordance with claim 1, wherein the support seat has one end provided with a slide channel for mounting the slide seat. | (28) – Fig. 2 |

---

[1] The references to the "Instruction Manual" refer to the Instruction Manual for the Porter-Cable 12″ Compound Laser Miter Saw Dual LaserLoc™ Model No. 3802L. The attached Figures are taken from the Instruction Manual at pages 1, 15 and 16.

| | |
|---|---|
| 3. The circular sawing machine having an indication device in accordance with claim 2, | (10) – Fig. 1; (16) – Fig. 2 |
| wherein the slide channel of the support seat is formed with a screw hole, | (30) – Fig. 3 |
| the slide seat is formed with an elongated slot, and the circular sawing machine further comprises a positioning bolt extending through the elongated slot of the slide seat and screwed into the screw hole formed in the slide channel of the support seat. | (20) – Fig. 2; (24) – Fig. 3 |
| 5. The circular sawing machine having an indication device in accordance with claim 1, further comprising a retaining member mounted on the adjusting bolt and pressed between the catch face of the support seat and the adjusting bolt. | (10) – Fig. 1; (16) – Fig. 2 <br><br> Retaining member present, not shown in Instruction Manual drawing. |
| 6. The circular sawing machine having an indication device in accordance with claim 1, wherein the indication light source is screwed onto one end of the slide seat. | (16) – Fig. 2 |
| 7. The circular sawing machine having an indication device in accordance with claim 1, wherein the slide seat is formed with a screw hole, and the indication light source is screwed in the screw hole of the slide seat. | (16) – Fig. 2 |

**ESPAÑOL: PÁGINA 23**
**FRANÇAISE : PAGE 43**

## Instruction Manual

# 12" Compound Laser Miter Saw

# DUAL
# LASERLOC™



FIG. 1

← 10

MODEL 3802L

12

To learn more about Porter-Cable
visit our website at:
http://www.porter-cable.com

# PORTER•CABLE
PROFESSIONAL POWER TOOLS

### IMPORTANT

*Please make certain that the person who is to use this equipment carefully reads and understands these instructions before starting operations.*

The Model and Serial No. plate is located on the main housing of the tool. Record these numbers in the spaces below and retain for future reference.

Model No. _____

Type _____

Serial No. _____

COPYRIGHT © 2004 PORTER-CABLE Corporation

Part No. 906984 - 07-20-04

## ADJUSTING THE DUAL LASERLOC™ LINES

Each of the laser lines have been aligned parallel to the blade at the factory and should not need any adjustment prior to use. However, left-to-right adjustment to the laser lines may be necessary if you change to a thicker or thinner kerf blade. For information on changing your blade, refer to the **"MAINTENANCE: CHANGING THE BLADE"** section of this manual. To adjust the laser lines to the edge of the cut, follow the instructions below.

## HOW THE LASERS WORK

The laser units are mounted in a housing that is fitted into the upper blade guard of the miter saw (Fig. A). The laser units are aligned to the original equipment blade at the factory and are secured in place. A test cut has been made with each saw to verify laser setup. If your saw becomes misaligned or you desire additional precision, this guide is intended to assist you in fine tuning your laser miter saw.

## HOW TO CHECK LASER ALIGNMENT

Make sure the saw is set to 0 degrees, miter and bevel, and clamp a 2"x 6" board on the saw. Create a partial test cut in the workpiece (Fig. C). Turn the laser "ON/OFF" switch (Fig. B) to the "ON" position. Leave the workpiece clamped in place for the remainder of the adjustment.

**⚠CAUTION**    ⚠ Observe the laser CAUTION label (L) Fig. B.

**⚠WARNING**    Place a padlock (A) Fig. B (with 3/16" shackle) through the hole in the trigger switch and lock to prevent accidental motor startup. This padlock <u>MUST</u> remain in place during the adjustment procedure.

The laser lines are properly positioned when the beams of light fall on the edge of the cut created by the blade (Fig. D).







FIG. 2



## TO CHECK FOR ROTATIONAL ALIGNMENT

The rotation of the lines is set parallel at the factory and permanently secured. No user adjustment is available for the rotational alignment. Never twist the brass hex nuts in Fig. E.

# TO CHECK FOR VERTICAL ALIGNMENT



WRONG    RIGHT

Fig. F



WRONG    RIGHT

Fig. G

1.  The vertical alignment is set correctly when the lines do not move horizontally (sideways) as the saw head is raised and lowered. If vertical alignment is correct, go to **"TO SET LEFT AND RIGHT KERF ADJUSTMENT"**.

2.  To adjust, turn the left and right kerf adjustment screws one half turn clockwise. Take off the laser unit cover by removing the phillips screw on either side of the cover. (Fig. A).

3.  Use the 1/8" hex wrench to turn the left or right vertical alignment set screws. If, as the saw head goes from a raised to a lowered position, the laser line moves horizontally away from the blade, turn the vertical alignment set screw clockwise to correct. If the laser line moves horizontally towards the blade, turn the vertical alignment set screw counter-clockwise. (Fig. F)

4.  Reinstall the cover removed in **STEP 1**, and continue to "TO SET LEFT AND RIGHT KERF ADJUSTMENT".


## TO SET LEFT and RIGHT KERF ADJUSTMENT

1.  Use the 1/8" hex wrench to turn the left or right kerf adjustment screws and set the laser lines to either side of the test cut (Fig. G). To adjust the left line, turn the left kerf adjustment screw counter-clockwise to move the line toward the blade and clockwise to move the line away from the blade. To adjust the right line turn the right kerf adjustment screw counter-clockwise to move the line toward the blade and clockwise to move the line away from the blade. (Fig. H)

**⚠ CAUTION**    ⚠ Observe the laser CAUTION label (L) Fig. H.

2.  Remove the padlock and use the saw normally.

## DUAL LASERLOC™ MAINTENANCE

For best laser performance, perform the following maintenance regularly.

**⚠ WARNING**    DISCONNECT THE MACHINE FROM THE POWER SOURCE.

1.  Carefully clean sawdust from each laser lens (A) Fig. J with a cotton swab (B). Do not use solvents of any kind since they may damage the lens. Avoid touching sharp points of the saw blade with your hands or fingers. Dust build-up can block the laser and prevent it from accurately indicating the line-of-cut.

2.  Remove the blade from the saw and clean pitch build-up from the blade (Fig. K) Pitch build-up can block the laser and prevent it from accurately indicating the line-of-cut.

FIG. 3    30    24



LEFT LASER ADJUSTMENT SCREW    Fig. H    RIGHT LASER ADJUSTMENT SCREW



Fig. J



Fig. K

16

**EXHIBIT B**

# McCormick, Paulding & Huber LLP

*Intellectual Property Law*

*Offices in*
Hartford, CT and
Springfield, MA

*From the Desk of*
Donald J. MacDonald
macdonald@ip-lawyers.com
Tel 413 736.5401
Fax 413 733.4543

1350 Main Street
5th Floor
Springfield, MA 01103-1628
www.IP-Lawyers.com

Correspondence Address:
CityPlace II
185 Asylum Street
Hartford, CT 06103-3402

John C. Linderman*✝
J. Kevin Grogan*✝
Marina F. Cunningham*
Daniel G. Mackas*
Nicholas J. Tuccillo*
Wm. Tucker Griffith*
Donald J. MacDonald✝
Kevin H. Vanderleeden✝
Jeanne M. Tanner*
John A. Kramer✝
Emily J. Kasperowski✝
*Admitted in CT
✝Admitted in MA

*Patent Agent*
Justin R. Sauer

*Technical Consultant*
Chad M. Rink

*Of Counsel*
Arthur F. Dionne*✝
Donald K. Huber*
Frederick J. Haesche*
John C. Hilton*

September 13, 2005

**VIA FACSIMILE (Letter Only) AND FEDERAL EXPRESS**
No.: (312) 236-3137

Dina M. Hayes, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602

> Re: Rexon Industrial Corp., Ltd. v. Porter-Cable Corp.
> Civil Action No.: 04-30180-MAP

Dear Dina:

Enclosed please find verified copies of Rexon Industrial
Corporation, Ltd.'s Response to Porter-Cable's and Delta's
Machinery's First Set of Interrogatories (Nos. 1-12) and Rexon
Industrial Corporation, Ltd.'s Response to Black & Decker's First
Set of Interrogatories (Nos. 1-6). The Verification page of each
document signed by Rex Wang, the president of Rexon Industrial
Corporation, Ltd.

Should you have any questions, please do not hesitate to contact
our office.

Very truly yours,

**McCORMICK, PAULDING & HUBER LLP**