UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd., <br><br> Plaintiff, <br> v. <br><br> Porter-Cable Corporation, <br> Delta International Machinery, Corp., <br> and Pentair, Inc., <br><br> Defendants. | Civil Action No.: 04-cv-30180 MAP |
| Black & Decker, Inc., <br> Black & Decker (U.S.), Inc., <br> Porter-Cable Corporation, and <br> Delta International Machinery, Corp. <br><br> Plaintiffs-in-Counterclaim, <br> v. <br><br> Rexon Industrial Corporation, Ltd., <br><br> Defendant-in-Counterclaim. | |

### REXON INDUSTRIAL CORP., LTD.'S RESPONSE TO BLACK & DECKER'S FIRST SET OF INTERROGATORIES (Nos. 1-6)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules for the U.S. District Court for the District of Massachusetts, Plaintiff Counterclaim-Defendant, Rexon Industrial Corp., Ltd. ("Rexon"), by its attorneys, hereby responds to the Interrogatories propounded by Counterclaim Plaintiffs, Black & Decker, Inc. and Black & Decker (U.S.), Inc., (collectively herein "Black & Decker").

#### General Objections

The following general objections are made to each and every discovery request propounded by Black & Decker, in addition to any specific objections that are addressed to particular requests:

**EXHIBIT 3**

1

1.   Rexon objects to the discovery requests to the extent that they seek to impose duties or obligations on Rexon beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts.

2.   The information contained in Rexon's discovery responses and objections is provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of non-privileged facts within the responding party's knowledge that may be relevant or lead to the discovery of relevant information. Specific responses are based upon information presently known and/or available to Rexon through reasonable and diligent inquiry. The responses and objections are made without waiving any rights or objections and without admitting the characterizations, assumptions, relevance, materiality, or admissibility into evidence of the subject matter or facts alleged in any discovery request.

3.   Many of the discovery requests propounded by Black & Decker relate to matters which are the subject of continuing investigation by Rexon, and, therefore, Rexon reserves the right to supplement and/or amend its responses and objections thereto and to introduce additional information and material should they become available to Rexon. Rexon will make every effort to advise Black & Decker of newly discovered information, documents or other evidence as the evidence is uncovered or becomes available.

4.   Rexon objects to the discovery requests to the extent the requests are vague, ambiguous, overly broad, unduly burdensome, duplicative or otherwise unclear as to the precise information sought, and seeks documents and information that are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible information.

5.   Rexon does not submit to the instructions or definitions provided by Black & Decker in conjunction with the referenced interrogatories or other discovery requests except to the extent that those instructions or definitions are incorporated in the Federal Rules or the Local Rules for the District of Massachusetts.

6.   Rexon objects to the discovery requests to the extent that they call for the production of documents or identification of information that are protected from discovery by the attorney-client privilege, the attorney work-product immunity doctrine, the joint defense

privilege, or any other privilege, protection, immunity or other proscription against disclosure applicable under the governing laws. Should Rexon inadvertently produce any privileged material, Rexon expressly reserves the right to withdraw the material and assert the privilege.

7. Rexon objects to the discovery requests to the extent they seek production of documents and information already in the possession, custody or control of Black & Decker, or are publicly available documents, or which are otherwise equally available, or more available to Black & Decker.

8. Rexon objects to the discovery requests to the extent they seek documents and information that are not in the possession, custody or control of Rexon.

9. Rexon objects to each of the discovery requests to the extent they call for the production of documents or providing information containing confidential information of Rexon, including trade secrets, research and development, or commercial information entitled to be kept confidential under Rule 26(c) of the Federal Rules of Civil Procedure. Such documents or information, to the extent they are responsive, not privileged, and not covered by another objection, will be produced to trial counsel for Black & Decker pursuant to an appropriate Protective Order and/or confidentiality agreement.

10. To the extent responsive documents or information constitute the confidential information of a third party, or the joint confidential information of Rexon and a third party, Rexon objects to the production of such documents or information until Rexon has requested, and received, the consent of the third party to the production of the documents and information.

11. Rexon reserves the right to submit information or documents which are not properly discoverable under the Federal Rules without waiver of Rexon's right to object to interrogatories or requests for other documents which are likewise not discoverable.

12. Rexon objects to the discovery requests to the extent they seek information and documents from Rexon regarding miter saws which are not manufactured, used, sold or offered for sale by Rexon, including but not limited to Craftsman Miter Saws Model Nos. 21205,

21235 and 21274, and therefore which information and documents are not in the possession, custody or control of Rexon.

13.   Rexon objects to the discovery requests to the extent they infer infringement of the Dust Collection Patents by Rexon in connection with Craftsman Miter Saws Model Nos. 21205, 21235 and 21274 which have not been manufactured, used, sold, offered for sale or imported into the United States by Rexon at any time.

## INTERROGATORIES

### Interrogatory No. 1

With respect to any affirmative defense or contention that the Dust Collection Patents are invalid for any reason:

(a)   Identify specifically each item of prior art known to and/or relied upon by Rexon in asserting invalidity of the Dust Collection Patents, identify the specific statutory basis for each item, and make an element-by-element application of each item of prior art for each claim of the Dust Collection Patents using drawings or illustrations from the Dust Collection Patents and the prior art;

(b)   State the factual basis for any contention that any claim of the Dust Collection Patents is invalid under 35 U.S.C. § 103, including specifically, Rexon's contention of the level of skill in the art, the differences between each item of prior art and each claim, and the scope and content of the prior art;

(c)   Identify each claim of the Dust Collection Patents that is allegedly invalid under 35 U.S.C. § 112, explain the factual basis for each such contention, and identify the specific section and statutory requirement of 35 U.S.C. § 112 that has allegedly not been met.

### Response to Interrogatory No. 1

(a)   Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Black & Decker has not identified any claims of the Dust Collection Patents which are allegedly infringed, and therefore this Interrogatory is overly broad and unduly

burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon will supplement this Response as its investigation continues.

(b)  Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon further objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon, including information and documents that Rexon expects to seek from Black & Decker via discovery.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Black & Decker has not identified any claims of the Dust Collection Patents which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon also objects to this Interrogatory to the extent it seeks information not within Rexon's possession, custody or control at this time, including information within Black & Deckers' possession, such as pre-filing activities of Black & Decker, information about the alleged inventors of the claimed subject matter of the Dust Collection Patents, and the dates of conception and reduction to practice for the claimed subject matter of the Dust Collection Patents.

Rexon will supplement this Response as its investigation continues.

(c)  Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Black & Decker has not identified any claims of the Dust Collection Patents which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon will supplement this Response as its investigation continues.

However, if Black & Decker identifies the particular claims of the Dust Collection Patents that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

### Interrogatory No. 2

For each and every claim element in the claims of the Dust Collection Patents, state Rexon's construction, interpretation, and contended scope of each and identify all documents pertaining thereto.

### Response to Interrogatory No. 2

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Black & Decker has not identified any claims of the Dust Collection Patents which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

When Black & Decker identifies the particular claims of the Dust Collection Patents that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

### Interrogatory No. 3

State and describe in detail the complete factual bases for Rexon's contention that it has not infringed claims of the Dust Collection Patents, including but not limited to an element-by-element analysis explaining and illustrating why any element of each claim in the Dust Collection Patents is not present in each of the Craftsman® Accused Products, both literally and under the doctrine of equivalents.

**Response to Interrogatory No. 3**

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon.

Rexon also objects to this Interrogatory to the extent it is vague and ambiguous. In particular, Black & Decker has not identified any claims of the Dust Collection Patents which it alleges are infringed and therefore this Interrogatory is overly broad and unduly burdensome to the extent it requires Rexon to provide the requested information for claims bearing no relevance to any of Rexon's activities or which may be moot or superfluous.

Rexon further objects to the Interrogatory to the extent that it seeks information concerning products not manufactured, used, sold, offered for sale, or imported into the United States by Rexon including the Craftsman Accused Products identified by Black & Decker as Craftsman Miter Saws Model Nos. 21205, 21235 and 21274.

Rexon further objects to this Interrogatory as it requires Rexon supply proof of a negative – e.g., an explanation of why an omitted element is not present.

Rexon further objects to this Interrogatory as premature prior to a claim construction determination with respect to any asserted claims.

Rexon will supplement this Response as its investigation continues.

When Black & Decker identifies the particular claims of the Dust Collection Patents that are allegedly infringed by Rexon, Rexon will supplement its Response to this Interrogatory as appropriate and necessary in accordance with the Federal Rules.

**Interrogatory No. 4**

State and describe in detail the basis for Rexon's contention that its infringement was not willful, including whether Rexon received any legal advice or opinions pertaining to the infringement, validity and/or enforceability of the Dust Collection Patents and, if so, identify and describe in detail:

(a)     The date and circumstances upon which Rexon obtained such legal advice or opinions;

(b)     A full and complete description of each oral or written advice or opinion;

(c) Identify the person or persons most knowledgeable about the response to this interrogatory and identify all documents which refer or relate to the facts in the response or which were reviewed in preparing the response to this interrogatory.

**Response to Interrogatory No. 4**

Rexon objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Rexon also objects to this Interrogatory to the extent it is inconsistent with Fed. R. Civ. P. 26(b)(5).

Rexon further objects to this Interrogatory to the extent it provides no time limit for the requested information and encompasses attorney work product, privileged communications and trial preparation materials created after commencement of this Civil Action.

Notwithstanding these objections and subject to the General Objections and entry of a suitable Protective Order, Rexon will produce responsive, non-privileged documents to the extent that they exist.

(a) See above.
(b) See above.
(c) See above.

**Interrogatory No. 5**

With respect to the Dust Collection Patents, state the specific "reasonable royalty" rate that would have been negotiated between Black & Decker and Rexon in a "hypothetical negotiation"; and describe in detail the basis for the answer to this interrogatory, including all Georgia Pacific factors Rexon contends are relevant, or would be relevant, to the determination of a reasonable royalty rate; and state with particularity the effect each such factor would have on such hypothetical negotiations.

**Response to Interrogatory No. 5**

Please see the Responses to Interrogatories Nos. 1 and 3.

Rexon objects to this Interrogatory to the extent it is premature and seeks information that it subject to ongoing investigation by Rexon, including identification of actual products and activities of Rexon that Plaintiffs allege infringe the Dust Collection Patents. Additionally, this Interrogatory fails to identify the facts on which any damages calculation is to be based –

8

that is, what activity of Rexon amounts to infringement, and how are damages assessed for performance of such activity.

Rexon also objects to this Interrogatory to the extent it seeks information not within Rexon's possession, custody or control at this time, including information within Black & Decker's possession, such as Black & Decker's profit information.

Regarding Black & Decker's efforts to discover Rexon's legal contentions as this matter proceeds, Rexon objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege or immunity.

Rexon reserves the right to supplement this Response, where appropriate, should Black & Decker identify with more particularity specific products or activities of Rexon that Black & Decker allege infringe certain claims of the Dust Collection Patents and upon entry of a suitable Protective Order.

Notwithstanding Rexon's objections to this Interrogatory, Rexon notes that the information sought by Black & Decker is information suited to an expert and, therefore, will be provided in accordance with the Federal Rules of Civil Procedure and under the schedule set by the Court for Expert Discovery.

## Interrogatory No. 6

Describe chronologically the design and development of the Craftsman® Accused Products, including when and by whom the Craftsman* [sic] Accused Products were conceived, designed, developed and introduced; whether or not Rexon was aware of the Dust Collection Patents either before or during the design of the Craftsman® Accused Products; and any efforts made to avoid infringement of the Dust Collection Patents.

## Response to Interrogatory No. 6

Rexon objects to this Interrogatory to the extent it is overly broad and unduly burdensome.

Rexon further objects to the Interrogatory to the extent that it seeks information concerning products not manufactured, used, sold, offered for sale, or imported by Rexon including the Craftsman Accused Products identified by Black & Decker as Craftsman Miter Saws Model Nos. 21205, 21235 and 21274.

Rexon objects to this Request to the extent that it seeks documents and information that are confidential and proprietary to Rexon.

Notwithstanding the foregoing objections, and to the extent understood, Rexon identifies the following individuals as having knowledge of the design and development the Craftsman Accused Products manufactured by Rexon:

George Ku
Manager of Product Dept.
Rexon Industrial Corp, LTD.
261, Jen Hwa Road, Tali, taichung, Taiwan, ROC

Eric Lo
Manager of R&D Dept.
Rexon Industrial Corp, LTD.
261, Jen Hwa Road, Tali, taichung, Taiwan, ROC

Rexon will supplement this Response as its investigation continues.

As to objections:

                                      Respectfully submitted,

                                      Rexon Industrial Corporation, Ltd.

                                      /s/ [signature]
                                      J. Kevin Grogan (BBO # 635089)
                                        Email: grogan@ip-lawyers.com
                                     Arthur F. Dionne (BBO # 125760)
                                        Email: dionne@ip-lawyers.com
                                     Donald J. MacDonald (BBO # 644582)
                                        Email: macdonald@ip-lawyers.com
                                     Kevin H. Vanderleeden (BBO # 648361)
                                        Email vanderleeden@ip-lawyers.com
                                     McCORMICK, PAULDING & HUBER LLP
                                     1350 Main Street, 5th Floor
                                     Springfield, Massachusetts 01103
                                     Phone: (413) 736-5401
                                     Facsimile: (413) 733-4543

                                     **Attorneys for Rexon**
                                     **Industrial Corporation, Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing REXON INDUSTRIAL CORP., LTD.'S RESPONSE TO BLACK & DECKER'S FIRST SET OF INTERROGATORIES (Nos. 1-6) was served via first-class mail, this 20th day of June, 2005 to the following counsel of record.

_____
Donald J. MacDonald

Raymond P. Niro
    Email: rniro@nshn.com
Raymond P. Niro, Jr.
    Email: rnirojr@nshn.com
Christopher J. Lee
    Email: lee@nshn.com
Richard B. Megley, Jr
    Email: megleyjr@nshn.com
Dina M. Hayes
    Email: hayes@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137

**Attorneys for Black & Decker Inc.,
Black & Decker (U.S.) Inc., Porter-Cable
Corporation and
Delta International Machinery Corporation**

## VERIFICATION

I, _____, declare under penalty of perjury under the laws of the United States of America that I am an officer of Rexon Industrial Corp., Ltd and authorized to sign on behalf of Rexon. I have read the foregoing Rexon Industrial Corp., Ltd.'s Responses to Black & Decker's First Set of Interrogatories (Nos. 1-6), and the factual matters stated therein are true and accurate to the best of my knowledge, information and belief.

Dated: _July 6, 2005_                              _President_

                                                       Name: _Rex Wong_