# M&H    McCormick, Paulding & Huber LLP
*Intellectual Property Law*

Offices in
Hartford, CT and
Springfield, MA

From the Desk of
Donald J. MacDonald
macdonald@ip-lawyers.com
Tel 413.736.5401
Fax 413.733.4543

1350 Main Street
5th Floor
Springfield, MA 01103-1628
www.IP-Lawyers.com

Correspondence Address:
CityPlace II
185 Asylum Street
Hartford, CT 06103-3402

John C. Linderman*†
J. Kevin Grogan*†
Marina F. Cunningham*
Daniel G. Mackas*
Nicholas J. Tuccillo*
Wm. Tucker Griffith*
Donald J. MacDonald†
Kevin H. Vanderleeden†
Jeanne M. Tanner*
John A. Kramer†
Emily J. Kasperowski†
*Admitted in CT
†Admitted in MA

Patent Agent
Justin R. Sauer

Technical Consultant
Chad M. Rink

Of Counsel
Arthur F. Dionne*†
Donald K. Huber*
Frederick J. Haeschc*
John C. Hilton*
Chester E. Flavin†
William C. Crutcher*
John J. Dempsey

September 19, 2005

**VIA FACSIMILE**
No.: (312) 236-3137

Dina M. Hayes, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602

    Re:    Rexon Industrial Corp., Ltd. v. Porter-Cable Corp.
            Civil Action No.: 04-30180-MAP

Dear Dina:

This letter is in response to your letter of September 8, 2005 regarding Rexon's responses to Porter-Cable's and Black & Decker's Interrogatories.

Porter-Cable's Interrogatory No. 1 seeks information regarding the conception, reduction to practice, and offers for sale of the invention disclosed and claimed in Rexon's '203 patent. At this time our client is in the process of gathering business records and other documents regarding the invention of the '203 patent as well as the commercial embodiments thereof manufactured by Rexon from which the requested information can be ascertained. We expect to obtain these documents and information from our client within the next couple of weeks and will produce the same following our review of the documents.

As you know, our client is domiciled in the Republic of China, and therefore both communication difficulties and cultural differences tend to cause delays in Rexon's production of responsive documents. We are working to expedite the process of Rexon's identifying and gathering the relevant documents and transferring the same to our office.

Regarding Porter-Cable's Interrogatory No. 5, which seeks evidence of non-obviousness with respect to the claims of the '203 patent, as set forth above, we are awaiting documents and information from our client regarding the invention disclosed and claimed in the '203 patent. Thus, this interrogatory seeks information which is the subject of an ongoing investigation by Rexon. Accordingly, we will supplement Rexon's response to this interrogatory as we receive further information from our client.

**EXHIBIT 4**

Dina M. Hayes, Esq.
Niro, Scavone, Haller & Niro
September 16, 2005
Page Two

Regarding Porter-Cable's interrogatory number 12, documents from which sales information related to the Craftsman Accused Products can be ascertained will be forwarded to you later this week with the production of a number of Rexon's documents designated as Highly Confidential – Technical pursuant to the Protective Order and the parties agreement as to the designation of Rexon's Highly Confidential documents set forth in my letter of September 12, 2005 and agreed to in your email of September 15, 2005.

Rexon will provide supplemental responses to Porter-Cable's Interrogatory No. 6 and Black & Decker's Interrogatory No. 4 later this week with Rexon's document production.

Very truly yours,

McCORMICK, PAULDING & HUBER LLP

By _____
Donald J. MacDonald

DJM/klt