UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd., <br><br> Plaintiff, <br> v. <br><br> Porter-Cable Corporation, <br> Delta International Machinery, Corp., <br> and Pentair, Inc., <br><br> Defendants. | Civil Action No.: 04-cv-30180 MAP |
| Black & Decker, Inc., <br> Black & Decker (U.S.), Inc., <br> Porter-Cable Corporation, and <br> Delta International Machinery, Corp. <br><br> Plaintiffs-in-Counterclaim, <br> v. <br><br> Rexon Industrial Corporation, Ltd., <br><br> Defendant-in-Counterclaim. | October 11, 2005 |

**REXON INDUSTRIAL CORPORATION'S OPPOSITION TO BLACK & DECKER'S MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES FROM REXON**

On September 27, 2005, Defendants filed a motion to compel the production of supplement responses to certain interrogatories (the "Motion to Compel").

**PRELIMINARY STATEMENT**

Contrary to Defendants' claims, Plaintiffs have properly responded to all of Defendants' interrogatories. Moreover, Plaintiffs' responses are fully compliant with the Federal Rules and Plaintiffs will supplement their interrogatory responses as necessary.

Moreover, as Defendants are well aware, the locations of the Plaintiffs require that

documents be gathered from around the globe and interrogatories be discussed with individuals in various time zones who are not fluent in English. Despite these obstacles, Plaintiffs have already produced a significant portion of their documents and have provided proper responses to all of Defendants' interrogatories. As argued below, Defendants' Motion to Compel is moot and should be denied.

**ARGUMENT**

I.   **Rexon has provided proper responses to all of Defendants' interrogatories.**

Defendants' Motion is wholly without merit as Rexon has provided proper responses complaint with the Federal Rules to all of Defendants' interrogatories. Plaintiffs also note that the close of fact discovery is not until March 15, 2006 and that many of the Defendants' requests, such as those regarding Rexon's theory of damages, are premature as Rexon has not had the opportunity to review any of the Defendants' documents. As such, Defendants' Motion should be denied.

With regard to Porter-Cable Interrogatory No. 1, Rexon has already supplemented its response to this Interrogatory. Defendants requested that Rexon supplement its response to Interrogatory No. 1 which demands detailed information surrounding Rexon's manufacture, development and sale of the subject matter of Rexon's '203 patent. See Ex. A, (Letter from Hayes to MacDonald of 9/8/05). In response to Defendants' request, Plaintiffs informed Defendants that they were waiting for documents from Taiwan and would supplement their response within a few weeks. See Ex. B, (Letter from MacDonald to Hayes of 9/19/05) (the "September 19 letter"). As promised in the September 19 letter, Plaintiffs produced documents related to the '203 patent on October 5, 2005 after receipt and oral translation. These documents bear Bates Nos. RXN 4522-5047. As such, Defendants' demands regarding Porter-Cable Interrogatory No. 1 are moot.

Referring now to Porter-Cable Interrogatory No. 3 which demands claim charts for the '203 patent, Rexon provided supplemental claim charts on September 7, 2005 that quite clearly set forth Rexon's infringement position. The supplemental claim charts contain detailed information regarding the claim elements and the corresponding structures in Defendants' Accused Products. The supplemental claim charts are in compliance with all applicable Rules and are attached as Ex. C for the Court's review.

Plaintiffs' demands regarding immediate supplementation of Porter-Cable Interrogatory No. 3 are baseless.

With respect to Porter-Cable Interrogatory No. 6 regarding damages, Rexon cannot provide a response as it has not had the opportunity to review any of the Defendants' documents. Interrogatory No. 6 demands very specific and detailed information regarding the theory of damages that Rexon is seeking, i.e., whether Rexon is seeking damages under a lost profits or a reasonable royalty theory. Plaintiffs note that lost profits are calculated through an assessment of a patent infringer's profits. See Paper Converting Machine Co. v. Magna-Graphics Corp., 745 F.2d 11, 223 USPQ 591 (Fed. Cir. 1984). Likewise, the reasonable royalty theory involves an evaluation of any established royalties. Rexon is unable to identify if it is seeking damages under either of these theories until opposing counsel provides, *inter alia*, records of Defendants' sales of the accused infringing products. As such, Interrogatory No. 6 is premature and compelling a response from Rexon at this stage in the litigation is improper.

Regarding Porter-Cable Interrogatory No. 12, which demands detailed sales information for Rexon's Accused Products, Rexon has produced responsive documents. Rexon has produced documents bearing Bates Nos. 4735 – 4771 which contain net and gross sales information for miter saw Model 8329L. Plaintiffs' counsel will supplement this information as it receives further documents from its client. While Defendants emphasize that Defendants are involved in two prior-filed lawsuits pending in Chicago with some overlap of Accused Products, Plaintiffs note that the parties in the Chicago lawsuits have yet to exchange detailed financial information giving further credence to the fact that Defendants' request to supplement this Interrogatory is premature. Moreover, Rexon notes that Defendants have already obtained documents with sales information regarding the Accused Products directly from Sears through a third-party subpoena. As stated, Defendants will produce sales information upon receipt and Plaintiffs' demands regarding immediate supplementation are rash.

Finally, with respect to Black & Decker Interrogatory No. 6, which requests information regarding the design and development of Craftsman Accused Products, Plaintiffs' counsel has indicated that it will supplement its initial response upon receipt and review of documents from Rexon. This process is ongoing and supplementation is forthcoming   Defendants have also objected to the fact that Plaintiffs have identified "only" two individuals who have knowledge of the design and development of the

Craftsman Accused Products stating that this response is improper under the Federal Rules. Plaintiffs are unsure, however, as to how this identification is improper. Furthermore, Defendants state that Plaintiffs have "refused" to provide dates on which its witnesses will be available for deposition. This is simply not true as Plaintiffs are attempting to secure dates for witnesses requested by Defendants, many of which are located in Taiwan, and will have dates shortly. Again, Defendants' attempts to compel an immediate response to Black & Decker Interrogatory No. 6 are untimely.

## II. Defendants have misrepresented Plaintiffs' actions to the Court.

Defendants have attached copies of Plaintiffs' initial claim charts to the present Motion despite the fact that Plaintiffs provided supplemental responses nearly *one month prior to the filing of the Motion*. Defendants state in their Memorandum that Rexon has refused to supplement its claim charts, and accompanying figures of the Accused Products, despite Porter-Cable's repeated requests. To bolster Defendants' baseless argument, they have attached Rexon's initial charts prepared on June 20, 2005. Rexon, however, provided supplemental charts on September 7, 2005 that included more detailed information regarding infringement and figures prepared by a professional draftsperson.

Likewise, Defendants have attached Plaintiffs' initial responses to Porter-Cable and Black & Decker's Interrogatories despite the fact that supplemental responses were provided to Defendants *prior to the filing of the present Motion*. Defendants state that Plaintiffs have not provided responsive answers to Porter-Cable Interrogatory No. 6 and Black & Decker Interrogatory No. 6. To support these contentions, Defendants direct the Court to Ex. 3, which are Plaintiffs' initial responses to Black & Decker's interrogatories. Rexon, however, provided supplemental responses to these interrogatories on September 23, 2005. Defendants have conveniently failed to reference or even acknowledge Plaintiffs' supplemental responses in their Memorandum. In view of the above, Plaintiffs are concerned that the Defendants are engaging in a pattern of intentional misrepresentation of the Plaintiffs' actions to the Court.[1] As such, Plaintiffs request that the Defendants' Motion be denied.

---

[1] Defendants have a history of misrepresenting Plaintiffs' position before the Court. Specifically, Defendants misrepresented that Rexon sought to exclude Black & Decker's in-house counsel from access to information designated as Highly Confidential "solely due to their status as 'in-house' counsel."

4

### III. Defendants have not complied with Local Rule 37.1 in filing their motion to compel

Defendants have not complied with Local Rule 37.1 and their Motion to Compel should be denied. Rule 37.1(b)(1) states that if the parties fail to confer, the discovery motion shall state with particularity the reasons why a conference was not held. Moreover, courts have denied discovery motions that were filed without a statement of the reasons why a discovery conference was not held or not successful. See Hasbro v. Serafino, 168 F.R.D. 99 (D. Mass 1996). Here, the Defendants' motion states that Rexon "refused to conduct a telephone conference to discuss the matter." Rexon, however, has never refused such a conference as Defendants never called to initiate a conference. Rexon has been more than willing to discuss Defendants' objections to its discovery responses regardless of their merit. Defendants' cursory statement regarding Rexon's willingness to participate in a telephone conference is not in compliance with Rule 37.1 and Defendant's motion should therefore be denied.

### CONCLUSION

Defendants' Motion to Compel is moot as to the majority of the Interrogatories, is premature, and should be denied. Contrary to the Defendants' assertions, Plaintiffs have provided proper responses to all of Defendants' Interrogatories and have produced over five-thousand (5000) pages of documents to date. Plaintiffs are currently producing additional documents and supplementing their Interrogatory Responses as necessary.

For the foregoing reasons, Plaintiffs respectfully request that the Defendants' Motion to Compel be denied.

## ORAL HEARING

Rexon hereby requests an oral hearing before the Court.

                              Respectfully submitted by,

                              Plaintiff/Counterclaim Defendant,
                              Rexon Industrial Corporation, Ltd.

By: _____
    J. Kevin Grogan
    Wm. Tucker Griffith
    Kevin H. Vanderleeden
    Donald J. MacDonald
    McCormick, Paulding & Huber LLP
    1350 Main Street, 5th Floor
    Springfield, MA 01103
    Tel. (413) 736-5401

    Jeffrey E. Schiller
    Jeffrey E. Rosenberg
    Schuyler, Roche & Zwirner
    One Prudential Plaza, Suite 3800
    130 East Randolph Street
    Chicago, IL 60601
    Tel. (312) 565-2400

    Its Attorneys

## Certificate of Service

I hereby certify that a copy of REXON INDUSTRIAL CORPORATION'S OPPOSITION TO BLACK & DECKER'S MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES FROM REXON was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Dina M. Hayes
    Email: hayes@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137


C. Jeffrey Kinder (BBO# 563890)
    Email: kinder@fierstpucci.com
FIERST, PUCCI & KINDER LLP 64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787

**Attorneys for Black & Decker Inc.,
Black & Decker (U.S.) Inc., Porter-Cable
Corporation and
Delta International Machinery Corporation**


I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                Kevin H. Vanderleeden

# EXHIBIT A

# NIRO, SCAVONE, HALLER & NIRO

181 WEST MADISON STREET - SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

September 8, 2005



**Facsimile: (413) 733-4543**
Donald MacDonald
MCCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103

Re:  Rexon v. Porter-Cable
     Case No. 04-CV-30180 MAP

Dear Don:

We are in receipt of Rexon's "supplemental" claim charts. These, as with Rexon's Responses to Black & Decker's and Porter-Cable's Interrogatories, are deficient. Rexon's interrogatories also need to be verified immediately.

Specifically, Rexon fails to identify many structures in the accused products which correspond to the elements of the '203 patent. For example, aside from the vague and unclear designations of parts on the accused products, absent from Rexon's claim charts is an identification of "catch phase" and a "slide channel" (28) in Figure 2. Rexon initiated this lawsuit and Black & Decker is entitled to this basic information regarding Rexon's infringement position. Rexon has had over two and a half months to substantively respond and supplement (pursuant to Fed. R. Civ. P. 26(e)) its response to Porter-Cable's Interrogatory No. 3, and have continually failed to do so.

With respect to Rexon's responses to the remaining Porter-Cable interrogatories, they too are deficient. For example, Rexon's response to Interrogatory No. 1 provides no information regarding the conception, reduction to practice, manufacture, use, sale and offer for sale of the inventions claimed in the '203 patent. Rexon has had over three and a half months to gather this information and now that the Protective Order has been agreed to, Rexon's objections are moot. As Rexon's response to this interrogatory is already overdue, immediate supplementation is required.

The same is true with Rexon's objections to Porter-Cable's Interrogatories Nos. 5, 6 and 12. Rexon has had more than ample time to perform an investigation regarding this information and now that a Protective Order is agreed upon, immediate supplementation is required.

Don MacDonald
September 8, 2005
Page 2

Turning to Rexon's responses to Black & Decker's Interrogatories, supplementation is required on all interrogatories in which Rexon objects to on the basis of prematurity and absence of a protective order.

Also, Black & Decker is entitled to supplementation to Rexon's response to Interrogatory No. 4. If Rexon intends to stand by its baseless objections, please let me know immediately.

Finally, Rexon's response to Black & Decker's Interrogatory No. 6 is insufficient. Please provide the factual basis surrounding the design and development of the Craftsman products (21206, 21214, 21215 and 21254 (and models of similar construction)).

With respect to Rexon's basis for failing to produce documents responsive to Black & Decker's requests, we find Rexon's proposed delay inappropriate. In an effort to expedite the process and obtain access to Rexon's documents which were requested on May 16, 2005, Black & Decker is willing to accept Rexon's documents that are of concern under the highest level of confidentiality under the protective order. Black & Decker will then assume the burden of requesting de-designation of documents if appropriate. Accordingly, please provide a date certain when Black & Decker can inspect and/or arrange for copying of Rexon's documents.

Please provide a time on Monday, September 12, 2005 when you will be available to discuss these matters so that if necessary, Black & Decker can seek the assistance from the Court in obtaining this necessary discovery.

Sincerely,

Dina M. Hayes/an

Dina M. Hayes

DMP/

# EXHIBIT B

# M&H  McCormick, Paulding & Huber LLP
*Intellectual Property Law*

*Offices in*
Hartford, CT and
Springfield, MA

*From the Desk of*
Donald J. MacDonald
macdonald@ip-lawyers.com
Tel 413 736.5401
Fax 413 733.4543

1350 Main Street
5th Floor
Springfield, MA 01103-1628
www.IP-Lawyers.com

Correspondence Address:
CityPlace II
185 Asylum Street
Hartford, CT 06103-3402

John C. Linderman*✝
J. Kevin Grogan*✝
Marina F. Cunningham*
Daniel G. Mackas*
Nicholas J. Tuccillo*
Wm. Tucker Griffith*
Donald J. MacDonald✝
Kevin H. Vanderleeden✝
Jeanne M. Tanner*
John A. Kramer✝
Emily J. Kasperowski✝
*Admitted in CT
✝Admitted in MA

*Patent Agent*
Justin R. Sauer

*Technical Consultant*
Chad M. Rink

*Of Counsel*
Arthur F. Dionne*✝
Donald K. Huber*
Frederick J. Haesche*
John C. Hilton*
Chester E. Flavin✝
William C. Crutcher*
John J. Dempsey

September 19, 2005

**VIA FACSIMILE**
No.: (312) 236-3137

Dina M. Hayes, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602

Re: Rexon Industrial Corp., Ltd. v. Porter-Cable Corp.
Civil Action No.: 04-30180-MAP

Dear Dina:

This letter is in response to your letter of September 8, 2005 regarding Rexon's responses to Porter-Cable's and Black & Decker's Interrogatories.

Porter-Cable's Interrogatory No. 1 seeks information regarding the conception, reduction to practice, and offers for sale of the invention disclosed and claimed in Rexon's '203 patent. At this time our client is in the process of gathering business records and other documents regarding the invention of the '203 patent as well as the commercial embodiments thereof manufactured by Rexon from which the requested information can be ascertained. We expect to obtain these documents and information from our client within the next couple of weeks and will produce the same following our review of the documents.

As you know, our client is domiciled in the Republic of China, and therefore both communication difficulties and cultural differences tend to cause delays in Rexon's production of responsive documents. We are working to expedite the process of Rexon's identifying and gathering the relevant documents and transferring the same to our office.

Regarding Porter-Cable's Interrogatory No. 5, which seeks evidence of non-obviousness with respect to the claims of the '203 patent, as set forth above, we are awaiting documents and information from our client regarding the invention disclosed and claimed in the '203 patent. Thus, this interrogatory seeks information which is the subject of an ongoing investigation by Rexon. Accordingly, we will supplement Rexon's response to this interrogatory as we receive further information from our client.

Dina M. Hayes, Esq.
Niro, Scavone, Haller & Niro
September 16, 2005
Page Two

Regarding Porter-Cable's interrogatory number 12, documents from which sales information related to the Craftsman Accused Products can be ascertained will be forwarded to you later this week with the production of a number of Rexon's documents designated as Highly Confidential – Technical pursuant to the Protective Order and the parties agreement as to the designation of Rexon's Highly Confidential documents set forth in my letter of September 12, 2005 and agreed to in your email of September 15, 2005.

Rexon will provide supplemental responses to Porter-Cable's Interrogatory No. 6 and Black & Decker's Interrogatory No. 4 later this week with Rexon's document production.

Very truly yours,

McCORMICK, PAULDING & HUBER LLP

By_____
    Donald J. MacDonald

DJM/klt