UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd., <br><br> Plaintiff, <br> v. <br><br> Porter-Cable Corporation, <br> Delta International Machinery, Corp., <br> and Pentair, Inc., <br><br> Defendants. | Civil Action No.: 04-cv-30180 MAP |
| Black & Decker, Inc., <br> Black & Decker (U.S.), Inc. <br> Porter-Cable Corporation, and <br> Delta International Machinery, Corp. <br><br> Plaintiffs-in-Counterclaim, <br> v. <br><br> Rexon Industrial Corporation, Ltd., <br><br> Defendant-in-Counterclaim. | |

**ANSWER BY COUNTER-DEFENDANTS REXON INDUSTRIAL CORPORATION, LTD AND REXON USA CORP., TO BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., PORTER-CABLE AND DELTA INTERNATIONAL MACHINERY'S AMENDED COUNTERCLAIMS**

Plaintiffs and Counter-defendants Rexon Industrial Corporation, Ltd., ("Rexon") and Rexon USA Corp., ("Rexon USA") hereby answer Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable and Delta International Machinery's, (collectively the "Counterclaimants") Amended Counterclaims as follows:

1

# ANSWER

## Parties

1. Counterclaimant Porter-Cable is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 4825 Highway 45 North, Jackson, Tennessee 38305.

**Answer:**

Denied on the ground that Counter-defendants Rexon and Rexon USA lack sufficient information or belief as to the truth of the allegations.

2. Counterclaimant Delta is a corporation organized under the laws of the State of Mississippi, having its principal place of business at 4825 Highway 45 North, Jackson, Tennessee 38305.

**Answer:**

Denied on the ground that Counter-defendants Rexon and Rexon USA lack sufficient information or belief as to the truth of the allegations.

3. Black & Decker Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

**Answer:**

Denied on the ground that Counter-defendants Rexon and Rexon USA lack sufficient information or belief as to the truth of the allegations.

4. Black & Decker (U.S.) Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 701 East Joppa Road, Towson, Maryland 21286. Black & Decker (U.S.) Inc. is a leading designer, manufacturer and marketer of power tools, including specifically the various electric power tool products of the type at issue in this case.

**Answer:**

Denied on the ground that Counter-defendants Rexon and Rexon USA lack sufficient information or belief as to the truth of the allegations.

5. Counter-defendant Rexon Industrial Corporation, Ltd. is a corporation organized and existing under the laws of Taiwan, with its principal place of business at No. 261 Renhua Road, Taichung Hsien, Tali City, Taiwan.

**Answer:**

Admitted.

6. Counter-defendant Rexon USA Corporation is a Massachusetts corporation having a principal place of business at 3 Craftsman Road, East Windsor, Connecticut.

**Answer:**

Admitted.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction over the patent infringement counterclaims pursuant to 28 U.S.C. § 1331 and subject matter jurisdiction over the declaratory judgment counterclaims pursuant to Fed.R.Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202. By its First Amended Complaint, Rexon has submitted itself to the jurisdiction of this Court and has created an actual controversy with Black & Decker. This Court has jurisdiction over Rexon USA pursuant to 28 U.S.C. 1338(a). Venue in the district is proper pursuant to 28 U.S.C. § 1391(b).

**Answer:**

Admitted.

**Count I**
**Declaratory Judgment of Non-infringement of the '203 Patent**

8. Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as fully set forth herein.

3

**Answer:**

Counter-defendants Rexon and Rexon USA repeat and reallege their answers to Paragraphs 1-7 above as fully set forth herein.

9.	Black & Decker does not infringe, has not infringed, and does not induce and has not induced infringement of, the '203 Patent, willfully or otherwise, under any theory, including literal infringement or infringement under the doctrine of equivalents.

**Answer:**

Denied.

10.	No claim of the '203 Patent relied upon by Rexon in its First Amended Complaint can validly be construed to cover any product used, sold, offered for sale or imported by Black & Decker.

**Answer:**

Denied.

11.	For each claim of the '203 Patent asserted by Rexon to have been infringed by Black & Decker, Black & Decker requests a declaration that none of its products infringe any such claim of the '203 Patent.

**Answer:**

Denied.

### Count II
### Declaratory Judgment of Invalidity of the '203 Patent

12.	Black & Decker repeats and re-alleges the averments of Paragraphs 1-11 above as if fully set forth herein.

**Answer:**

Counter-defendant Rexon USA repeats and realleges its answers to Paragraphs 1-11 above as fully set forth herein.

4

13. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '203 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§101, 102, 103 and/or 112.

**Answer:**

Denied.

14. Black & Decker requests a declaration that each claim of the '203 Patent asserted by Rexon is invalid.

**Answer:**

Denied.

**Count III**
**Infringement of U.S Patent No 5,819,619**

15. Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

**Answer:**

Counter-claim Defendant Rexon USA repeats and realleges its answers to

Paragraphs 1-15 above as fully set forth herein.

16. Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 5,819,619 entitled "Dust Collection System for Compound Miter Saw" issued on October 13, 1998 ("the '619 Patent"). Black &Decker (U.S.) Inc. is an exclusive licensee under the '619 patent and has been directly injured by Rexon and Rexon USA's infringing activities; therefore, Black & Decker (U.S.) Inc. also has standing to sue for infringement of the '619 Patent. A copy of the '619 Patent is attached hereto as Exhibit A.

**Answer:**

Admitted that United States Patent No. 5,819,619 is titled "Dust Collection

System for Compound Miter Saw", otherwise denied.

17. Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '619 Patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products). Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '619 patent in violation of 35 U.S.C. §271.

**Answer:**

Denied.

18. Rexon and Rexon USA' s infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

**Answer:**

Denied.

19.    On information and belief, Rexon and Rexon USA had notice of the '619 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application.  As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

**Answer:**

Denied.

20.    Rexon and Rexon USA's infringement of the '619 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '619 patent.

**Answer:**

Denied.

### Count IV
### Infringement of U.S Patent No 6,431,040

21.    Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

**Answer:**

Counter-defendants Rexon and Rexon USA repeat and reallege their answers to

Paragraphs 1-7 above as fully set forth herein.

22.    Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 6,431,040 entitled "Dust Collection System for Compound Miter Saw" issued on August 13, 2002 ("the '040 Patent").  Black & Decker (U.S.) Inc. is an exclusive licensee under the '040 Patent and has been directly injured by Rexon and Rexon USA's infringing activities; therefore, Black & Decker (U.S.) Inc. also has standing to sue for infringement of the '040 Patent.  A copy of the '040 Patent is attached hereto as Exhibit B.

**Answer:**

      Admitted that United States Patent Number 6,431,040 is titled "Dust Collection System for Compound Miter Saw", otherwise denied.

      23.    Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '040 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products). Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '040 patent in violation of 35 U.S.C. §271.

**Answer:**

      Denied.

      24.    Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

**Answer:**

      Denied.

      25.    On information and belief, Rexon and Rexon USA had notice of the '040 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application. As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

**Answer:**

      Denied.

26.    Rexon and Rexon USA's infringement of the '040 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '040 patent.

**Answer:**

Denied.

**Count V**
**Infringement of U.S Patent No 6,427,570**

27.     Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

**Answer:**

Counter-defendants Rexon and Rexon USA repeat and reallege their answers to Paragraphs 1-7 above as fully set forth herein.

28.     Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 6,427,570 entitled "Dust Collection System for Compound Miter Saw" issued on August 6, 2002 ("the '570 Patent").  Black & Decker (U.S.) Inc. is an exclusive licensee under the '570 Patent and has been directly injured by Rexon and Rexon USA's infringing activities; therefore, Black & Decker (U.S.) Inc. also has standing to sue for infringement of the '570 Patent.  A copy of the '570 Patent is attached hereto as Exhibit C.

**Answer:**

Admitted that United States Patent Number 6,427,750 is titled "Dust Collection System for Compound Miter Saws", otherwise denied.

29.     Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '570 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products).  Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '570 patent in violation of 35 U.S.C. §271.

**Answer:**

Denied.

30.     Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to

recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

**Answer:**

    Denied.

    31.    On information and belief, Rexon and Rexon USA had notice of the '570 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application. As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

**Answer:**

    Denied.

    32.    Rexon and Rexon USA's infringement of the '570 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '570 patent.

**Answer:**

    Denied.

## Count VI
### Infringement of U.S Patent No 5,285,708

    33.    Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

**Answer:**

    Counter-defendants Rexon and Rexon USA repeat and reallege their answers to Paragraphs 1-7 above as fully set forth herein.

    34.    Black & Decker Inc., Black & Decker (U.S.) Inc. and Porter-Cable Corporation own and/or otherwise have standing to sue as licensees, during all relevant time periods, for infringement of United States Patent No. 5,285,708, entitled

"Miter Saw Alignment System" issued on February 15, 1994 ("the '708 Patent").  A copy of the '708 Patent is attached hereto as Exhibit D.

**Answer:**

    Admitted that United States Patent Number 5,285,708 is titled "Miter Saw Alignment System", otherwise denied.

    35.    Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '708 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. 21254 (and similar products).  Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '708 patent in violation of 35 U.S.C. §271.

**Answer:**

    Denied.

    36.    Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

**Answer:**

    Denied.

    37.    On information and belief, Rexon and Rexon USA had notice of the '708 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application.  As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

**Answer:**

    Denied.

    38.    Rexon and Rexon USA's infringement of the '708 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the

patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '708 patent.

**Answer:**

Denied.

### Count VII
### Infringement of U.S Patent No 5,375,495

39.     Black & Decker repeats and re-alleges the averments of Paragraphs 1-7 above as if fully set forth herein.

**Answer:**

Counter-defendants Rexon and Rexon USA repeat and reallege their answers to

Paragraphs 1-7 above as fully set forth herein.

40.     Black & Decker Inc., Black & Decker (U.S.) Inc. and Porter-Cable Corporation own and/or otherwise have standing to sue as licensees, during all relevant time periods, for infringement of United States Patent No. 5,375,495 entitled "Optical Alignment System For Circular Power Saws"  issued on October, 1998 ("the '495 Patent"). A copy of the '495 Patent is attached hereto as Exhibit E.

**Answer:**

Admitted that United States Patent Number 5,375,495 is titled "Optical

Alignment System For Circular Power Saws", otherwise denied.

41.     Rexon and Rexon USA have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '495 patent through, among other activities, manufacturing, importing, using, selling and/or offering for sale miter saws having a dust collector, including, but not limited to, the Craftsman Model No. and 21254 (and similar products).  Likewise, Rexon and Rexon USA, through their actions, knowingly have contributed to or induced the infringement of the '495 patent in violation of 35 U.S.C. §271.

**Answer:**

Denied.

  42. Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

**Answer:**

  Denied.

  43. On information and belief, Rexon and Rexon USA had notice of the '495 patent and has, nonetheless, infringed the asserted claims of that patent with knowledge of the patent's scope and application. As a consequence, the Rexon and Rexon USA's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker.

**Answer:**

  Denied.

  44. Rexon and Rexon USA's infringement of the '495 patent has caused irreparable harm to Black & Decker, which has no adequate remedy at law, and will continue to injure Black & Decker unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit; and enjoining Rexon and Rexon USA from contributing to and/or inducing infringement of the '495 patent.

**Answer:**

  Denied.

## AFFIRMATIVE DEFENSES

Rexon and Rexon USA assert the following defenses and reserve the right to further amend their Answer as additional information becomes available:

1. Counterclaimants' claims are barred by the doctrines of estoppel, laches, waiver and unclean hands;

2. Counter-defendants Rexon and Rexon USA have not and do not infringe any claim of U.S. Pat. Nos. 5,819,619, 6,431,040, 6,427,570, 5,285,708, or 5,375,495.

3. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in U.S. Pat. Nos. 5,819,619, 6,431,040, 6,427,570, 5,285,708, or 5,375,495 are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Counter-defendants pray for the following relief:

(a) That this Court deny any and all relief as set forth in the Amended Counterclaims of Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable and Delta International Machinery;

(b) A judgment that Rexon and Rexon USA have not infringed the '619 patent and/or the '609 patent is invalid;

(d) A judgment that Rexon and Rexon USA have not infringed the '040 patent and/or the '040 patent is invalid;

(e) A judgment that Rexon and Rexon USA have not infringed the '570 patent and/or the '570 patent is invalid;

(f) A judgment that Rexon and Rexon USA have not infringed the '708 patent and/or the '708 patent is invalid;

14

(g) A judgment that Rexon and Rexon USA have not infringed the '495 patent and/or the '495 patent is invalid;

(j) That this Court declare this case exceptional and award Rexon and Rexon USA their costs, expenses, attorney fees pursuant to 35 U.S.C. § 285, and interest; and

(k) That this Court grant such other and relief to Rexon and Rexon USA as it may deem just and equitable.

Respectfully submitted,

Rexon Industrial Corporation, Ltd. And
Rexon USA Corp.


          /J. Kevin Grogan/
J. Kevin Grogan (BBO # 635089)
Arthur F. Dionne (BBO # 125760)
Donald J. MacDonald (BBO# 644582)
Kevin H. Vanderleeden (BBO# 648361)
Emily J. Kasperowski (BBO # 657493)
McCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Phone:  (413) 736-5401
Facsimile:  (413) 733-4543

**Attorneys for Rexon**
**Industrial Corporation, Ltd., and**
**Rexon USA Corp.**

## Certificate of Service

      I hereby certify that a copy of ANSWER BY COUNTER-DEFENDANTS REXON INDUSTRIAL CORPORATION, LTD AND REXON USA CORP., TO BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., PORTER-CABLE AND DELTA INTERNATIONAL MACHINERY'S AMENDED COUNTERCLAIMS was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Dina M. Hayes
      Email:  hayes@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone:  (312) 236-0733
Facsimile: (312) 236-3137


C. Jeffrey Kinder (BBO# 563890)
      Email:  kinder@fierstpucci.com
FIERST, PUCCI & KINDER LLP 64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone:  (413) 584-8067
Facsimile:  (413) 585-0787

**Attorneys for Black & Decker Inc.,
Black & Decker (U.S.) Inc., Porter-Cable
Corporation and
Delta International Machinery Corporation**


I certify that all parties in this case are represented by counsel who are CM/ECF participants.


                                                              /J. Kevin Grogan/
                                                            J. Kevin Grogan


**[5038-0044]**