UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Porter-Cable Corp., and ) <br> Delta International Machinery, Corp. ) <br> ) <br> Defendants. ) <br> ) <br> Black & Decker, Inc. ) <br> Black & Decker (U.S.), Inc. ) <br> Porter-Cable Corp., and ) <br> Delta International Machinery, Corp., ) <br> ) <br> Plaintiffs-in-Counterclaim ) <br> ) <br> v. ) <br> ) <br> Rexon Industrial Corporation, Ltd., and ) <br> Rexon USA, Corporation, ) <br> ) <br> Defendants-in-Counterclaim. ) | Civil Action No.: 04-CV-30180MAP |

### REXON's MOTION FOR LEAVE TO FILE A SECOND AMENDED AND SUPPLEMENTAL COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. 15(d), Plaintiff-Counterclaim Defendant Rexon Industrial Corporation, Ltd, ("Rexon"), by its attorneys, hereby moves the Court for leave to file a Second Amended And Supplemental Complaint to add a count of patent infringement against Black & Decker, Inc., and Black & Decker (U.S), Inc., (collectively, "Black & Decker") alleging that Black & Decker's recently introduced line of miter saws and attachable laser system infringe Rexon's U.S. Patent No. 6,688,203 ("the '203 patent"). (A copy of Rexon's Second Amended And Supplemental Complaint is

1

attached hereto as Ex. A). The present case already includes Rexon's claims of patent infringement of the '203 patent against both Porter-Cable Corporation ("Porter-Cable") and Delta International Machinery, Corp. ("Delta") alleging that certain Porter-Cable and Delta miter saws infringe the '203 patent. Thus, the '203 patent is one of the patents already involved in this case.

Additionally, since Black & Decker recently acquired both Porter-Cable and Delta, Rexon seeks to amend its complaint to add Black & Decker as a defendant to its claims of patent infringement of the '203 patent with respect to the accused products of Porter-Cable and Delta.

Pursuant to Local Rule 7.1(A)(2), Rexon has conferred with Black & Decker requesting that Black & Decker consent to the present Motion. However, Black & Decker has refused, offering its consent only if Rexon agrees to a number of unrelated discovery demands and Black & Decker-imposed deadlines unrelated to Rexon's Motion and proposed Second Amended And Supplemental Complaint.

**A.     STATEMENT OF FACTS**

1. Rexon's '203 patent, issued February 10, 2004, is directed generally to a circular sawing machine having an indication device for identifying the location of the position of the cutting tool on a workpiece. (See Ex. B, U.S. Patent No. 6,688,203).

2. On October 7, 2004, Rexon filed its First Amended Complaint asserting claims of patent infringement of the '203 patent against both Porter-Cable and Delta. (See First Amended Complaint, Docket #3, filed Oct. 7, 2004). Upon information and belief, subsequent to Rexon's filing its First Amended Complaint, Porter-Cable and Delta have been acquired by Black & Decker.

   (See Black & Decker's Local Rule 7.3 Corporate Disclosure Statement, Docket #30, ¶¶ 1, 2).

3. In September 2005, Black & Decker introduced a new line of miter saws including DeWalt Model Nos. DW715, DW716, and DW718 and an attachable miter saw laser system, DeWalt Miter Saw Laser System Model No. DW7187, which Rexon contend infringe the '203 patent. (See Ex. C, DeWalt Press Releases, September 2005).

4. The DeWalt Miter Saw Laser System is specifically promoted and advertised for use exclusively with DeWalt Miter Saws Model Nos. DW715, DW716, and DW718. (See Ex. D, Packaging sheets from DeWalt Model No. DW7187 Miter Saw Laser System.)

5. The parties have just begun discovery in this case. To date, Black & Decker has not produced any documents related to the Porter-Cable and Delta products accused of infringing Rexon's '203 patent. Neither party has deposed any witnesses at this time.

6. Rexon has requested that Black & Decker consent to the present Motion, however, Black & Decker refused; instead offering to consent to the Motion only if Rexon agrees to a number of unrelated discovery demands of Black & Decker and Black & Decker imposed deadlines. For example, Black & Decker has imposed a 10-day deadline following entry of the amended complaint for Rexon to produce claim charts and proposed claim construction with respect to the accused Black & Decker products. Additionally, Black & Decker has demanded that Rexon make numerous Taiwanese witnesses available for depositions in Hartford, Connecticut by December 30, 2005 even though the

   discovery period is not scheduled to close until March 2006. Clearly, these terms are not related to the issues of Rexon's Motion and proposed Second Amended And Supplemental Complaint. (See Ex. E, MacDonald letter of November 1, 2005; Ex. F, Hayes letter of November 4, 2005).

7.  Black & Decker has not objected to the proposed amendments based on the merits nor has Black & Decker suggested that it would be prejudiced by Rexon's Second Amended And Supplemental Complaint. (Ex. F, Hayes letter of November 4, 2005).

**B.**  **APPLICABLE LAW AND ANALYSIS**

  Under Rule 15(d) of the Federal Rule of Civil Procedure, the Court may permit a party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. "[I]t has been established that the grant of an application under Rule 15(d) is within the sound discretion of the court. Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." Medeva Pharma Ltd. v. American Home Prods. Corp., 201 F.R.D. 103, 104 (D.Del. 2001); The Proctor & Gamble Company v. McNeil-PPC, Inc., 1998 WL 1745118 (D.Del.) (citing United States v. Local 560 (I.B.T.), 694 F.Supp. 1158, 1187 (D.N.J.1988)). The standard applicable to motions to amend under Fed.R.Civ.P. 15(d) is essentially the same standard that applies to Fed.R.Civ.P. 15(a). Soler v. G and U, Inc., 103 F.R.D. 69, 70 (S.D.N.Y.1984)).

1. <u>**Rexon Should Be Permitted To Amend Its Complaint To Add A Count of Patent Infringement Against Black & Decker**</u>

In the present case, Rexon asserted patent infringement claims against both Porter-Cable and Delta claiming infringement of the '203 patent in its First Amended Complaint, filed October 7, 2004. Subsequently, in September 2005, Black & Decker introduced a new line of miter saws (Model Nos. DW715, DW716, DW718) and an attachable laser alignment system (Model No. DW7187) which Rexon contends also infringe its '203 patent. (See Ex. C, DeWalt Press Releases, Sept. 2005). The DeWalt DW7187 laser system is "designed exclusively for use on the DeWalt DW715, DW716, and DW718 Miter Saws" and "[w]ill not function on …. any other miter saw brands." (See Ex. D, Packaging sheets from DeWalt Model No. DW7187 Miter Saw Laser System). Therefore, Rexon's claims of patent infringement against Black & Decker for these new products arose only in September 2005. Since the present case already includes Rexon's claims of patent infringement of the '203 patent against both Porter-Cable and Delta (both of which are now owned by Black & Decker[1]), the additional patent infringement claims against Black & Decker with respect to its newly introduced products will permit the parties to litigate, in this Action, all claims they have against each other involving the '203 patent. Thus, adding Rexon's claims of patent infringement against Black & Decker to the present case will promote efficiency and judicial economy.

In <u>New Balance Athletic Shoe, Inc. v. Puma USA, Inc.</u>, 118 F.R.D. 17, 17 (D. Mass. 1987) a patent holder was permitted to amend its complaint to allege infringement of an additional patent where the alleged infringer failed to demonstrate that it would be

---

[1] Subsequent to Porter-Cable's answering Rexon's First Amended Complaint on December 29, 2004, Black & Decker acquired Porter-Cable such that Porter Cable no longer exists as a separate legal entity; Delta is also wholly owned by Black & Decker (*See* Black & Decker's Local Rule 7.3 Corporate Disclosure Statement, Docket #30, ¶¶ 1, 2).

5

prejudiced by the amendment. Here, Black & Decker has not objected to the proposed amendment based on the merits, nor asserted that it will be prejudiced by an amendment adding Black & Decker as a Defendant with respect to Rexon's '203 patent. (See Ex. F, Hayes letter of November 4, 2005).

Similarly, in <u>Innersprings, Inc. v. Joseph Aronauer, Inc.</u>, 27 F.R.D. 32, 34 (E.D.N.Y.1961), the plaintiffs sought to amend their complaint to add a cause of action for infringement of an additional patent. The Court allowed the amendment specifically referring to the mandate of Rule 15 of the Federal Rules of Civil Procedure, wherein leave to amend a pleading shall be freely given by the court when justice so requires.

This Action is at the earliest stages of discovery. In fact, Black & Decker has not yet produced a single document related to the Porter-Cable and Delta products accused of infringing Rexon's '203 patent despite being served with Rexon's Document Requests on September 1, 2005. Because this proceeding is still early in the discovery period, the trial schedule should not be delayed due to the additional claims.

Additionally, judicial economies will be best achieved by having each parties' claims against the other related to the '203 patent resolved now in the present case. The alternative for Rexon is to file an additional complaint against Black & Decker based on the '203 patent which would clearly be a waste of resources of the Court and both parties.

2.  **<u>Rexon Should Be Permitted To Amend Its Complaint To Add Black & Decker As A Defendant To Its Claims of Patent Infringment Against Porter-Cable and Delta</u>**

The Court should further permit Rexon to add Black & Decker as a defendant to its pending claims of patent infringement of the '203 patent against Porter-Cable and Delta under Rule 19 of the Fed.R.Civ.P. Subsequent to the filing of its Answer, Porter-

6

Cable Corporation was acquired by Black & Decker, and apparently no longer exists as a separate legal entity. (*See* Black & Decker's Local Rule 7.3 Corporate Disclosure Statement, Docket #30, ¶ 1). As the successor of interest to Porter-Cable, Black & Decker is a necessary party to Rexon's pending claims against Porter-Cable since Black & Decker is now responsible for activities related to Porter-Cable branded products, including the products alleged by Rexon to be infringing the '203 patent. Further, Delta is now a fully owned subsidiary of Black & Decker, Inc. (Id., ¶ 2). Therefore, Black & Decker is now also responsible for activities related to Delta branded products including those products Rexon has alleged to infringe the '203 patent.

Accordingly, because Black & Decker has acquired Porter-Cable and Delta and Porter-Cable no longer exists, the Court should grant Rexon leave to amend its Complaint to add Black & Decker as a defendant for Rexon's Count VI of patent infringement with respect to Porter-Cable and Delta branded products.

**3.     Outstanding Discovery Issues Between The Parties Should Have No Bearing On Whether Or Not Rexon Is Permitted To Amend Its Complaint**

Rexon attempted to obtain Black & Decker's consent to this Motion pursuant to Local Rule 7.1(A)(2). Black & Decker would only consent if Rexon agreed to several conditions unrelated to the filing of Rexon's Second Amended And Supplemental Complaint or the issues therein. (See Ex. F, Hayes letter of November 4, 2005). The discovery demands of Black & Decker are unrelated to whether or not Rexon should be able to amend its complaint.

The parties are attempting to resolve outstanding discovery issues between them pursuant to the appropriate precedents of the Federal and Local Rules. Accordingly, none of the issues raised by Black & Decker should be considered to delay entry of

Rexon's proposed Second Amended And Supplemental Complaint, especially where Black & Decker identified no reason for opposing its entry.

**C.**     **Conclusion**

For the foregoing reasons, Rexon respectfully requests that the Court grant it leave to file its Second Amended And Supplemental Complaint and add Black & Decker as a defendant to Count VI (i.e., infringement of the '203 patent).

**D**.     **Oral Hearing**

Rexon hereby requests an oral hearing before the Court.

Respectfully submitted,

Rexon Industrial Corporation, Ltd.

      /s/ Donald J. MacDonald      
J. Kevin Grogan (BBO # 635089)
Arthur F. Dionne (BBO # 125760)
Donald J. MacDonald (BBO# 644582)
Kevin H. Vanderleeden (BBO# 648361)
Emily J. Kasperowski (BBO # 657493)
McCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Phone: (413) 736-5401
Facsimile: (413) 733-4543

**Attorneys for Rexon**
**Industrial Corporation, Ltd., and**
**Rexon USA Corp.**

### Certificate of Service

I hereby certify that a copy of REXON'S MOTION TO FILE A SECOND AMENDED AND SUPPLEMENTAL COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF was filed electronically with the Clerk of the Court using the CM/ECF system on November 10, 2005 which will send notification of such filing to:

Dina M. Hayes
    Email: hayes@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137


C. Jeffrey Kinder (BBO# 563890)
    Email: kinder@fierstpucci.com
FIERST, PUCCI & KINDER LLP 64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787

**Attorneys for Black & Decker Inc.,
Black & Decker (U.S.) Inc., Porter-Cable
Corporation and
Delta International Machinery Corporation**


I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                              /s/ Kevin H. Vanderleeden
                              Kevin H. Vanderleeden


[5038-0044]