UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Rexon Industrial Corporation, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04-CV-30180-MAP |
| ) | |
| Black & Decker, Inc. ) | |
| Black & Decker (U.S.), Inc. ) | |
| Porter-Cable Corp., and ) | |
| Delta International Machinery, Corp. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Black & Decker, Inc. ) | |
| Black & Decker (U.S.), Inc. ) | |
| Porter-Cable Corp., and ) | |
| Delta International Machinery, Corp., ) | |
| ) | |
| Plaintiffs-in-Counterclaim ) | |
| ) | |
| v. ) | |
| ) | |
| Rexon Industrial Corporation, Ltd., and ) | |
| Rexon USA, Corporation, ) | |
| ) | |
| Defendants-in-Counterclaim. ) | |

## SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

Plaintiff, Rexon Industrial Corporation, Ltd., ("Rexon"), for its Complaint against Defendants, Black & Decker Inc. and Black & Decker (U.S.), Inc., (collectively "Black & Decker"), Porter-Cable Corp., ("Porter-Cable") and Delta International Machinery, Corp., ("Delta"), avers and alleges as follows:

1

## THE PARTIES

1. Plaintiff Rexon is a corporation organized and existing under the laws of Taiwan, with its principal place of business at No. 261 Renhua Road, Taichung Hsien, Tali City, Taiwan.

2. Defendant Black & Decker, Inc. is a Delaware corporation, with a principal place of business at 1207 Drummond Plaza, Newark, Delaware 19711.

3. Defendant Black & Decker (U.S.), Inc. is a Maryland corporation, with a principal place of business at 701 East Joppa Road, Towson, Maryland 21286.

4. Defendant Porter-Cable is a Delaware corporation, with a principal place of business at 4825 Highway 45 North, Jackson, Tennessee 38305.

5. Defendant Delta is a corporation organized under the laws of the State of Mississippi, with a principal place of business at 4825 Highway 45 North, Jackson, Tennessee 38305.

6. Upon information and belief Defendant Black & Decker, Inc. and/or Black & Decker (U.S.), Inc. has acquired each of Defendants Porter-Cable and Delta including all of the assets and liabilities thereof.

## JURISDICTION AND VENUE

7. This Court has jurisdiction since the matter in controversy raises a federal question under the Patent Laws of the United States (35 U.S.C. § 271 et seq.), and claims

of unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Mass. Gen. Laws c. 93A, § 1 *et seq*. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## COUNT I - DECLARATION OF NON INFRINGEMENT

8. Porter-Cable is the owner, by assignment, of U.S. Patent No. 5,285,708 to Bosten et al., entitled "Miter Saw Alignment System" ("the '708 patent"). A copy of the '708 patent is attached hereto as Exhibit A.

9. Porter-Cable is the owner, by assignment, of U.S. Patent No. 5,375,495 to Bosten et al., entitled "Optical Alignment System for Circular Power Saws" ("the '495 patent"). A copy of the '495 patent is attached hereto as Exhibit B.

10. Porter-Cable, through legal counsel, has alleged that Rexon infringes the '708 patent and the '495 patent, and has issued threats of litigation asserting patent infringement against Rexon.

11. Specifically, by way of a letter dated August 19, 2004 (attached as Exhibit C), Porter-Cable asserted that Rexon infringed the '708 patent and the '495 patent, and requested that Rexon cease and desist its allegedly infringing activities.

12. Porter-Cable's letter also stated that it "was written without prejudice to any and all legal rights and remedies [Porter-Cable] has under the United States patent laws and otherwise, the same all being hereby expressly reserved on its behalf."

13. In the August 19, 2004 letter, Porter-Cable specifically identified a compound miter saw having Model No. 137.212540 and marketed in the United States under the Craftsman® brand, as infringing the '708 patent and the '495 patent.

14. Rexon's compound miter saw having Model No. 137.212540, and Rexon's other miter saw products, do not infringe any claims of the '708 patent or the '495 patent.

15. On August 19, 2004, Porter-Cable through legal counsel, also sent a letter to Sears Roebuck & Co. ("Sears") repeating its allegation that Craftsman® miter saw having Model No. 21254 infringed the '708 patent and the '495 patent. A copy of the letter sent to Sears is attached hereto as Exhibit D.

16. Porter-Cable's letter to Sears recites "the manufacture and sale of these products [including miter saw Model No. 21254] is in violation of 35 U.S.C. § 271."

17. Porter-Cable's letter to Sears also states: "[p]lease be advised that we are defending our clients' intellectual property rights, and accordingly, have notified the manufacturers of these products, asking them to correct this matter."

18. Sears has purchased Model No. 137.212540 miter saws from Rexon for sale in its stores, including stores in the Commonwealth of Massachusetts.

19. Rexon received notice of the August 19, 2004 letter to Sears from Porter-Cable on September 2, 2004.

20. A real and actual controversy now exists between Plaintiff Rexon on the one hand and Defendant Porter-Cable on the other hand as to non-infringement of the claims of the '708 patent and the '495 patent.

21. The above-identified actual controversy between Plaintiff Rexon and Defendant Porter-Cable entitles Plaintiff Rexon relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

22. Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-20 above.

23. As a consequence of the threatening allegations made by Porter-Cable and the lack of any infringement of the '708 patent and the '495 patent by Rexon, a case or controversy exists between Rexon and Porter-Cable.

24. As a consequence of the allegations made by Porter-Cable and the lack of any infringement of the '708 patent and the '495 patent by Rexon, Rexon has been damaged by the acts of Porter-Cable in an amount which is unknown and can not at the present time be ascertained.

25. Unless enjoined by this Court, Defendant Porter-Cable will continue to falsely assert that Rexon and Rexon's products infringe the '708 patent and the '495 patent, to Rexon's continuing and irreparable injury for which it has no adequate remedy at law.

## COUNT II - PATENT INVALIDITY/UNENFORCEABILITY

26. Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-25 above.

27. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '708 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '495 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III - VIOLATION OF THE LANHAM ACT § 43(a)

29. Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-24 above.

30. Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 are false and/or misleading.

31.     Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 were made in interstate commerce.

32.     Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 were made in connection with goods or services.

33.     Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 occurred in commercial advertising or promotion.  For example, in its letter to Sears, Porter-Cable stated that it has "had a long and successful relationship as a major supplier to Sears", and further "want[s] that relationship to continue and prosper."

34.     Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 misrepresent the nature or qualities of the goods, services, or commercial activities of another, in particular, Rexon's miter saws.

35.     Rexon is suffering damages and irreparable harm as a result of Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540, and will continue to suffer irreparable harm unless Porter-Cable is enjoined by the Court.

7

36. Porter-Cable's representations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 violate the Lanham Art § 43(a), 15 U.S.C. § 1125(a) (2000).

## COUNT IV – UNFAIR COMPETITION UNDER MASSACHUSETTS' CHAPTER 93A

37. Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-32 above.

38. Porter-Cable's misrepresentations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 are false, misleading, and/or deceptive.

39. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Porter-Cable's false, misleading, and/or deceptive representations were made in bad faith and/or based on an inadequate infringement investigation.

40. Porter-Cable's false, misleading, and/or deceptive representations were published to at least one existing customer of Rexon.

41. Porter-Cable's false, misleading, and/or deceptive representations are causing Rexon damages and irreparable harm to its business relationships, and will continue to do so unless this court enjoins Porter-Cable.

8

42. Porter-Cable's false, misleading, and/or deceptive representations violate Mass. Gen. Laws c. 93A, § 1 et seq.

### COUNT V – TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

43. Plaintiff Rexon repeats and re-alleges the facts set forth in Paragraphs 1-38 above.

44. Rexon reasonably expected to enter into valid business relationships and further contracts with at least Sears.

45. Porter-Cable knew of Rexon's expectancy to enter into valid business relations5hips and further contracts with at least Sears.

46. Porter-Cable's misrepresentations to at least Sears regarding the alleged infringement of the '708 patent and the '495 patent by Rexon's miter saw Model No. 137.212540 were purposeful interference intended to prevent Rexon's legitimate expectancy from being fulfilled.

47. Rexon has suffered and will continue to suffer irreparable harm as a result of Porter-Cable's purposeful interference until and unless Porter-Cable is enjoined by the Court.

48. Porter-Cable's conduct constituted tortious interference with prospective contractual relationships.

## COUNT VI – PATENT INFRINGEMENT BY PORTER-CABLE AND DELTA

49. Rexon repeats and re-alleges the averments of Paragraphs 1-48 above as if fully set forth herein.

50. United States Patent No. 6,688,203, entitled Circular Sawing Machine Having Indication Device (attached as Exhibit E) was duly and legally issued on February 10, 2004 (the "'203 patent"). Rexon is, and has been since February 10, 2004, the owner of the '203 patent.

51. Black & Decker and/or Porter-Cable and Delta have infringed, and are now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '203 patent through, among other activities, manufacturing, importing, using, selling, and/or offering for sale miter saws having laser alignment systems including Porter-Cable Miter Saws Model Nos. 3700L and 3802L and Delta Miter Saw Model No. 36-255L.

52. Defendants Black & Decker and/or Porter-Cable and Delta's infringement of the '203 patent has caused irreparable harm to Rexon and will continue to cause injury to Rexon unless and until this Court permanently enjoins Defendants from the making, using, selling, importing, and offering for sale miter saws including laser alignment systems which infringe, induce the infringement of, and/or contributorily infringe the '203 patent.

## COUNT VII – PATENT INFRINGEMENT BY BLACK & DECKER

53.     Rexon repeats and re-alleges the averments of Paragraphs 1-52 above as if fully set forth herein.

54.     Black & Decker has infringed, and is now directly infringing, inducing infringement by others and/or contributorily infringing, one or more claims of the '203 patent through, among other activities, manufacturing, importing, using, selling, and/or offering for sale miter saws and miter saw laser systems attachable thereto, including DeWalt Miter Saws Model Nos. DW715, DW716 and DW718 and DeWalt Miter Saw Laser System DW7187 in the United Sates without authority or license from Rexon.

55.     Black & Decker had knowledge of the '203 patent prior to the introduction of the above-identified DeWalt products in September 2005 and therefore Black & Decker's infringement, contributory infringement, and/or inducement to infringe is knowing and willful.

56.     Defendant Black & Decker's infringement of the '203 patent has caused irreparable harm to Rexon and will continue to cause injury to Rexon unless and until this Court permanently enjoins Defendants from the making, using, selling, importing, and offering for sale miter saws and/or laser systems therefor which infringe, induce the infringement of, and/or contributorily infringe the '203 patent.

WHEREFORE, as relief, Plaintiff Rexon prays:

    A.    That this Court decree and declare by judgment that Rexon does not infringe the '708 patent.

    B.    That this Court decree and declare by judgment that Rexon does not infringe the '495 patent

    C.    That this Court decree and declare by judgment that the '708 patent is invalid or unenforceable.

    D.    That this Court decree and declare by judgment that the '495 patent is invalid or unenforceable.

    E.    That this Court grant a temporary restraining order and preliminary and permanent injunction ordering Porter-Cable and those acting in concert with it, to not disparage Rexon's products, violating the Lanham Act § 43 (a), and violating Mass. Gen. Laws c. 93A, § 1 et seq., by falsely alleging that sales of Rexon's miter saw Model No. 137.212540 may result in liability for patent infringement;

    F.    Damages adequate to compensate Rexon for Porter-Cable's violations of the Lanham Act § 43(a) and Mass. Gen. Laws c. 93A, § 1 et seq.;

    G.    That this Court decree that the Defendants Black & Decker and/or Porter-Cable and Delta have infringed the '203 patent;

    H.    That this Court grant a permanent injunction restraining and enjoining Defendants Black & Decker and/or Porter-Cable and Delta, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of the '203 patent during the remaining term thereof;

I.  That this Court award Plaintiff damages adequate to compensate for the infringement of the '203 patent by Defendants Black & Decker and/or Porter-Cable and Delta, but in no event less than a reasonable royalty for the use made of the invention by Defendants, in an amount to be determined at trial, including interest and costs;

J.  That this Court decree that the Defendant Black & Decker has infringed the '203 patent;

K.  That this Court grant a permanent injunction restraining and enjoining Defendant Black & Decker, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Black & Decker, from further infringement of the '203 patent during the remaining term thereof;

L.  That this Court award Plaintiff damages adequate to compensate for the infringement of the '203 patent by Defendant Black & Decker, but in no event less than a reasonable royalty for the use made of the invention by Black & Decker, in an amount to be determined at trial, including interest and costs; and

M.  For such other and further relief which the Court, in its discretion, may deem just and proper.

Rexon Industrial Corporation, Ltd.

By:    /Donald J. MacDonald/
    J. Kevin Grogan (BBO635089)
    Arthur F. Dionne (BBO125760)
    Donald J. MacDonald (BBO644582)
    McCormick, Paulding & Huber LLP
    1350 Main Street
    5th Floor
    Springfield, MA 01103
    Tel.: 860-549-5290
    Fax: 860-527-0464
    Attorney for the Plaintiff

*Of Counsel*:

Wm. Tucker Griffith
McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103-4102
Tel.: (860) 549-5290
Fax: (860) 527-0464