UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd., <br><br> Plaintiff, <br> v. <br><br> Porter-Cable Corporation, <br> Delta International Machinery, Corp., <br> and Pentair, Inc., <br><br> Defendants. <br><br> Black & Decker, Inc., <br> Black & Decker (U.S.), Inc. <br> Porter-Cable Corporation, and <br> Delta International Machinery, Corp. <br><br> Plaintiffs-in-Counterclaim, <br> v. <br><br> Rexon Industrial Corporation, Ltd., <br><br> Defendant-in-Counterclaim. | Civil Action No.: 04-cv-30180 MAP |

**<u>REXON'S MOTION FOR A PROTECTIVE ORDER AND ALTERNATIVE MOTION
TO QUASH MULTIPLE SUBPOENAS SERVED ON REXON'S ATTORNEYS AND
MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff-Counterclaim Defendant, Rexon Industrial Corporation, Ltd. ("Rexon") requests that this Court issue a protective order precluding discovery of privileged and redundant materials by Counterclaim Plaintiffs, Black & Decker, Inc., Black & Decker (U.S.), Inc., Porter-Cable Corporation, and Delta International Machinery Corporation (collectively referred to herein as "Black & Decker")

1

from Rexon's attorneys. Alternatively, pursuant to Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure, Rexon requests the Court quash the multiple subpoenas issued by Black & Decker and served on Rexon's attorneys including document requests which duplicate discovery requests propounded by Black & Decker to Rexon and previously responded to by Rexon.

Further, Rexon requests the Court to quash Black & Decker's subpoena seeking the deposition testimony of J. Kevin Grogan of the law firm of McCormick, Paulding & Huber, LLP, of Springfield, Massachusetts, whom is lead counsel representing Rexon in this matter.

## INTRODUCTION

Generally, this case involves patent infringement claims of both Rexon and Black & Decker asserted against one another. The six patents involved in this case are all directed to miter saws, including five patents owned by Black & Decker and asserted against Rexon, and one patent owned by Rexon and asserted against Black & Decker. Rexon's patent, namely, U.S. Patent No. 6,688,203, entitled "Circular Sawing Machine Having Indication Device" ("the '203 patent") is the subject of the present Motion. Currently, the parties are in the midst of fact discovery which is scheduled to close March 15, 2006.

## FACTUAL BACKGROUND

Black & Decker has propounded in excess of one hundred discovery requests on Rexon including multiple requests directed to the invention disclosed in the '203 patent, as well as the prosecution history thereof. Rexon, in turn has timely responded to each of Black & Decker's document requests and produced over 5,000 responsive documents to date. Additionally, Rexon has agreed to supplement its document production in response to Black & Decker's identification of certain alleged deficiencies in Rexon's responses to the extent the requested documents exist.

Rexon has not refused to produce any non-privileged documents responsive to Black & Decker's discovery requests and has fully cooperated with Black & Decker throughout the discovery process.

The parties have agreed to exchange privilege logs identifying responsive documents withheld on the basis of privilege on January 20, 2006. Thus, all non-privileged documents responsive to Black & Decker's discovery requests in the possession, custody and control of Rexon have already been produced to Black & Decker or will be produced in the near future pursuant to an agreement between the parties.[1]

Black & Decker has already served four separate sets of Requests for the Production of Documents on Rexon, which is double the discovery limits of two sets of production requests set forth in Local Rule 26.1(C). Additionally, Black & Decker served Document Requests Nos. 1-22 attached to the Re-Notice of Deposition of James Lancaster, whom is an employee of Rexon. Thus, counting the document requests served on Mr. Lancaster, Black & Decker has served on Rexon a total of five separate sets of production requests.

Black & Decker has now served a subpoena *duces tecum* on Rexon's attorneys, namely, the law firm of McCormick, Paulding & Huber, LLP, of Springfield, Massachusetts ("MPH"), which is representing Rexon in this litigation, as well as the law firm who prosecuted Rexon's '203 patent before the U.S. Patent and Trademark Office, namely, Rosenberg, Klein & Lee of Ellicott City, Maryland ("RKL"). The above-identified subpoenas are referred to herein collectively as "Subpoenas Duces Tecum" and separately as the "MPH Subpoena" (Exhibit A) and the "RKL Subpoena" (Exhibit B), respectively.

---

[1] Rexon has conducted a further search to identify additional documents responsive to Rexon's discovery requests and will produce to Black & Decker all such documents to the extent they exist by January 25, 2006.

The Subpoenas Duces Tecum include requests directed to privileged material including attorney-client correspondence and attorney-work product and duplicate Black & Decker's discovery requests already propounded on Rexon. Nothing in the Subpoenas Duces Tecum identify documents which are not encompassed by at least one of Black & Decker's prior discovery requests propounded on Rexon. All documents requested in the Supoenas Duces Tecum, to the extent that they exist, are in the possession, custody and control of Rexon and therefore discoverable through Rexon. Additionally, the MPH Subpoena and the RKL Subpoena are redundant as to the documents requested with respect to each other.

Black & Decker has also served a Subpoena ad testificandum on Attorney Kevin Grogan of MPH, seeking to depose Attorney Grogan with respect to the above-captioned matter. (See Exhibit C, "Grogan Subpoena"). The Grogan Subpoena does not identify the information Black & Decker seeks from Attorney Grogan, nor has Black & Decker identified any information that cannot be obtained from Rexon or through another source. Black & Decker has not asserted that the information sought from Attorney Grogan is relevant and nonprivileged. Presumably, any knowledge Attorney Grogan has with respect to Rexon or the '203 patent is privileged and therefore not discoverable. Also, Black & Decker has not asserted that the information sought from Attorney Grogan is crucial to Black & Decker's case.

The redundancy between Black & Decker's Document Requests and the Subpoenas Duces Tecum is summarized as follows. Black & Decker's First Set of Document Requests (Exhibit D) include numerous comprehensive requests seeking all documents related to the '203 patent. Black & Decker's Production Requests to Rexon Nos. 1-3 and 10, are reproduced following:

4

>Request for Production No. 1
>All documents and things relating to the '203 patent.
>
>Request for Production No. 2
>All documents and things relating to the subject matter shown, described, or claimed in the '203 patent.
>
>Request for Production No. 3
>All documents and things relating to the conception, reduction to practice, design, development, manufacture, use, marketing and sale of the embodiments or subject matter shown, described, or claimed in the '203 patent.
>
>Request for Production No. 10
>All documents and things that relate to the preparation, filing, prosecution, or maintenance of the '203 patent.

(See Exhibit D, Black & Decker's Production Requests Nos. 1-3 and 10).

Document Request No. 6 attached to the Re-Notice of Deposition of James Lancaster (Exhibit E) also requests production of all documents and things pertaining to Rexon's '203 patent as follows:

>6.  Documents and things pertaining to any United States Patent Nos. ... 6,688,203 [Rexon's '203 patent]... ; and/or the subject matter of these patents.

(See Exhibit E, Re-Notice of Deposition of James Lancaster, Doc. Request No. 6)

The MPH Subpoena commands MPH to produce to Black & Decker documents related to the '203 patent, all of which are encompassed by Black & Decker's previously served Document Requests and discoverable through Rexon. The MPH Subpoena includes requests seeking the following documents:

5

      a.      All documents regarding invention disclosure statements and/or inventor's oaths related to the subject matter of the '203 patent. (See Exhibit A, MPH Subpoena, Doc. Requests Nos. 5-16).

      b.      All documents regarding correspondence between MPH and each of the inventors of Rexon's '203 patent relating to the correction of inventorship documents filed in connection with the '203 patent. (See Exhibit A, MPH Subpoena, Doc. Request Nos. 18-23).

      c.      All correspondence between the law firms of MPH and RKL including all correspondence regarding Rexon's '203 patent. (See Exhibit A, MPH Subpoena, Doc. Request Nos. 1-4).

Similarly, the RKL Supoena includes requests redundant with those attached to the MPH Subpoena and does not seek discovery of any documents not encompassed by Black & Decker's Production Requests and thus, no information that cannot be obtained through Rexon directly. (See Exhibit B, RKL Subpoena, Doc. Request Nos. 1-51).

Pursuant to Local Rule 7.1(a)(2), a teleconference was held on January 12, 2006 between Attorney Donald J. MacDonald, of McCormick, Paulding & Huber LLP, representing Rexon, and Attorney Dina Hayes, of Niro, Scavone, Haller & Niro, on behalf of Black & Decker, wherein Mr. MacDonald requested Black & Decker to withdraw the above-identified Subpoenas served on Rexon's attorneys by Black & Decker. Black & Decker refused. Further, on or about, January 17, 2006, and again on January 20, 2006, Attorney MacDonald conferred with Attorney Richard Megley, Jr., of Niro, Scavone, Haller & Niro, wherein Rexon again requested that Black & Decker withdraw the Subpoenas and set forth its reasons supporting the request. Still, Black & Decker has refused to withdraw the Subpoenas served on Rexon's attorneys thereby necessitating the present Motion.

**MEMORANDUM OF LAW**

I. **ATTORNEY-CLIENT COMMUNICATIONS AND ATTORNEY WORK-PRODUCT ARE NOT DISCOVERABLE**

The Supreme Court has held that the attorney-client privilege protects communications between lawyers and agents of a client where such communications are for the purpose of rendering legal advice. Upjohn v. United States, 449 U.S. 383, 389 (1981). Further, Rule 45(c) of the Federal Rules of Civil Procedure requires the Court to quash or modify a subpoena if the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." (See Rule 45(c)(3)(A)(iii), F.R. Civ. P.)

In this case, the law firms of MPH and RKL are both attorneys of Rexon and retained by Rexon to provide legal advice to Rexon. Additionally, all of the individuals named in the MPH and RKL Subpoenas, namely, Ruey Chen, George Ku and Eric Lo are employees of Rexon and therefore agents of Rexon. Accordingly, pursuant to Upjohn, all communications between MPH, Rexon or any employees of Rexon, are privileged communications protected from discovery by the attorney-client privilege. Similarly, all communications between RKL, Rexon or any employees of Rexon, are privileged communications protected from discovery by the attorney-client privilege.

An attorney's work product privilege protects against the disclosure of his mental impressions, conclusions, opinions or legal theories. Flynn v. Church of Scientology Intl., quoting Mervin v. Federal Trade Commission, 591, F.2d 821, 825 (D.C. Cir., 1978). Black & Decker's Subpoenas Duces Tecum request all documents related to communications between MPH and RKL (See Exhibit A, MPH Subpoena, Doc. Request Nos. 1-4; See also Exhibit B,

7

RKL Subpoena, Doc. Request Nos. 5, 11, 17, 24 and 31).  All communications between RKL, MPH, related to Rexon, include the mental impressions, conclusions, opinions or legal theories of Rexon's attorneys and therefore constitute attorney work-product which is protected from discovery by the attorney work-product privilege.

Rexon has not waived the attorney-client privilege with respect to communications between Rexon and MPH or Rexon and RKL.  Further, Rexon has not waived the attorney work-product privilege with respect to communications between MPH and RKL.

Accordingly, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, the Court should quash both the MPH Subpoena and the RKL Subpoena with respect to the Requests therein seeking the disclosure of the above-identified privileged material and not subject to any waiver.  Alternatively, pursuant to Rule 26(c) of the Federal Rule of Civil Procedure Rexon requests the Court issue a protective order as to the discovery sought through Black & Decker's Subpoenas.

II. **THE MPH AND RKL SUBPOENAS SEEK DISCOVERY DUPLICATIVE WITH THE PRODUCTION REQUESTS PREVIOUSLY SERVED ON REXON**

Black & Decker's Document Requests previously served on Rexon encompass all of the documents requested in both of the MPH Subpoena and the RKL Subpoena.  Under Rule 26(b)(2) of the Federal Rules of Civil Procedure, discovery shall be limited by the court if the "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Similarly, under Rule 45(c)(1) of the Federal Rules of Civil Procedure, a subpoena is improper if the party serving the subpoena has failed to "take reasonable steps to avoid imposing undue burden or expense on the

person subject to the subpoena." In Liberty Mutual Ins. Co. v. Diamante, 194 F.R.D. 20, 23 (D.Mass. 2000), this Court emphasized the importance of taking reasonable steps prior to issuing subpoenas to third parties and imposed sanctions for not doing so.

Request Nos. 1, 2, 3 and 10 of Black & Decker's First Set of Requests for Production to Plaintiff Rexon Industrial Corporation, all relate to the '203 patent and encompass all of the Requests in both the MPH Subpoena and the RKL Subpoena. (See Exhibit D, Black & Decker's Production Requests Nos. 1-3 and 10). In response to these Requests, Rexon has produced, or will produce,[2] all non-privileged documents relating to the '203 patent. Additionally, the parties have agreed to exchange privilege logs identifying all responsive documents withheld on the basis of privilege. Since the MPH and RKL Subpoenas are merely redundant to Black & Decker's outstanding discovery Requests and Rexon has already produced or will produce all nonprivileged documents related to the '203 patent in its possession, custody or control, the MPH and RKL Subpoenas are unnecessary and will yield no further discovery than Black & Decker has or will obtain through Rexon directly.

Further, the discovery sought in the MPH and RKL Subpoenas includes only documents in the possession, custody or control of Rexon. Pursuant to Rule 26(b)(2), the Court shall limit discovery that is obtainable from some other source that is more convenient, less burdensome, or less expensive. Here, the discovery sought in the MPH and RKL Subpoenas is obtainable directly from Rexon which is clearly more convenient, less burdensome and less expensive than through the duplicative MPH and RKL Subpoenas especially in view of Rexon's willingness to comply with the discovery rules. Accordingly, Black & Decker has failed to take the

---

[2] Black & Decker has identified certain alleged deficiencies in Rexon's document production; Rexon, in turn, has agreed to conduct a further search for responsive documents and to supplement its production with respect to any deficiencies identified by Black & Decker to the extent responsive documents exist by January 25, 2006.

9

"reasonable steps" recommended by this Court in Liberty Mutual prior to issuing the MPH and RKL Subpoenas.

Additionally, Black & Decker's service of the Subpoenas Duces Tecum on MPH and RKL are clearly an attempt to avoid the discovery limits set forth in Local Rule 26.1(c), wherein "the number of discovery events shall be limited for each side (or group of parties with a common interest) to … two (2) separate sets of requests for production." As set forth above, Black & Decker has already served on Rexon five separate sets of Document Requests including four sets of Production Requests (See Exhibits D, F, G and H) and Document Requests 1-22 attached to the Re-Notice of Deposition of James Lancaster, whom is an employee of Rexon (See Exhibit E).

Accordingly, because the discovery sought in the MPH and RKL Subpoenas is duplicative to Black & Decker's previous document requests, and Black & Decker is already beyond the limits of the Local Rules with respect to production requests, these Subpoenas are unnecessary and burdensome to Rexon and should be quashed.

**III.   BLACK & DECKER'S SUBPOENA AD TESTIFICANDUM TO REXON'S ATTORNEY GROGAN SHOULD BE QUASHED**

Black & Decker's Subpoena issued to the lead attorney representing Rexon in this matter, namely, J. Kevin Grogan, commands Attorney Grogan to appear to be deposed by Black & Decker with respect to the above-captioned case (See Exhibit C, Grogan Subpoena). Other than the case in general, the Grogan Subpoena fails to identify the information sought by Black & Decker from Attorney Grogan. Clearly, with respect to the case at hand, any knowledge Attorney Grogan has is privileged information pursuant to the attorney work-product privilege or attorney-client privilege and therefore not discoverable.

Courts rarely allow a party to take the drastic measure of deposing an opponent's attorney. "It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper." Hay & Forage Indus. v. Ford New Holland, Inc., 132 F.R.D. 687, 689 (D.Kan.1990).

"[D]eposing the opposing counsel should only be permitted when it has been shown that: (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327; Doubleday v. Ruh, 149 F.R.D. 601, 613-14 (E.D.Cal.1993); U.S. v. All Funds on Deposit, 801 F.Supp. 984, 996 (E.D.N.Y.1992), aff'd, 6 F.3d 37 (2d Cir.1993); M & R Amusements Corp. v. Blair, 142 F.R.D. 304, 305-06 (N.D.Ill.1992); Eschenberg v. Navistar International Transportation Corp., 142 F.R.D. 296, 299 (E.D.Mich.1992); In re Sause Brothers Ocean Towing, 144 F.R.D. 111, 116 (D.Or.1991); Harriston v. Chicago Tribune Co., 134 F.R.D. 232, 233 (N.D.Ill.1990); West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302-03 (S.D.Fla.1990); Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp., 125 F.R.D. 578, 593-94 (N.D.N.Y.1989); Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc., 124 F.R.D. 200, 201 (E.D.Wis.1989); N.F.A. Corp., 117 F.R.D. at 86.

Here, the circumstances do not justify Black & Decker's request to depose Rexon's Attorney Grogan. First, Black & Decker has not identified any information sought from Attorney Grogan other than with respect to the case generally. Further, Rexon has not refused to produce any information or non-privileged documents relevant to the case. Accordingly, Black

& Decker has not even asserted that no other means exist to obtain the information sought than to depose Attorney Grogan.

Further, any information Attorney Grogan has that is relevant to this case is presumably privileged information under either the attorney work-product or attorney-client privilege and Rexon has not waived any such privilege. Since, Black & Decker has not identified the information sought from Attorney Grogan, Black & Decker cannot establish that the information sought is not privileged nor relevant. Finally, Black & Decker has not asserted that the information sought through deposing Attorney Grogan is crucial to its case.

Accordingly, because Black & Decker has not identified the information sought from Attorney Grogan nor has exhausted all other possible alternatives to obtain the sought after information, it is improper for Black & Decker to seek to depose Rexon's Attorney Grogan. Thus, for at least the above-identified reasons, the Court should quash the Grogan Subpoena and not allow Black & Decker to depose Attorney Grogan.

## **CONCLUSION**

Due to the redundancy of the scope of the Subpoenas Duces Tecum with Black & Decker's prior discovery requests, and the lack of any refusal on the part of Rexon to produce all documents responsive to Black & Decker's document requests in accordance with the Federal Rules of Civil Procedure, Black & Decker's subpoenas are unnecessary, an abuse of discovery, and not permitted under the Federal Rules of Civil Procedure as set forth further below. Additionally, Black & Decker has no grounds warranting the Subpoena issued to Rexon's Attorney Grogan.

Thus, for at least the reasons set forth above, Rexon respectfully requests this Court to issue to issue a protective order or, in the alternative, quash the Subpoenas issued to the McCormick, Paulding & Huber LLP and Rosenberg, Klein & Lee in the above-identified matter. Additionally, Rexon requests the Court to quash the Subpoena issued by Black & Decker seeking the deposition of Rexon's attorney, J. Kevin Grogan of the firm McCormick, Paulding & Huber, LLP.

Further, Rexon requests the Court to impose sanctions upon Black & Decker for the issuance and service of the above-identified subpoenas in accordance with Rule 45(c)(1) of the Federal Rules of Civil Procedure including Rexon's costs and fees for bringing this Motion.

### REQUEST FOR ORAL ARGUMENT

McCormick, Paulding & Huber LLP hereby requests an oral hearing before the Court.

Respectfully submitted,

REXON INDUSTRIAL CORPORATION, LTD.

/Donald J. MacDonald/
J. Kevin Grogan (BBO # 635089)
  Email: grogan@ip-lawyers.com
Arthur F. Dionne (BBO # 125760)
  Email: dionne@ip-lawyers.com
Donald J. MacDonald (BBO # 644582)
  Email: macdonald@ip-lawyers.com
Kevin H. Vanderleeden (BBO # 648361)
  Email vcanderleeden@ip-lawyers.com
McCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Phone: (413) 736-5401
Facsimile: (413) 733-4543
**Attorneys for Rexon**
**Industrial Corporation, Ltd.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing REXON'S MOTION FOR A PROTECTIVE ORDER AND ALTERNATIVE MOTION TO QUASH MULTIPLE SUBPOENAS SERVED ON REXON'S ATTORNEYS AND MEMORANDUM OF LAW IN SUPPORT THEREOF was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Dina M. Hayes
      Email: hayes@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137


C. Jeffrey Kinder (BBO# 563890)
      Email: kinder@fierstpucci.com
FIERST, PUCCI & KINDER LLP 64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787

**Attorneys for Black & Decker Inc.,
Black & Decker (U.S.) Inc., Porter-Cable
Corporation and
Delta International Machinery Corporation**


I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                      /Donald J. MacDonald/
                                                      Donald J. MacDonald


**[5038-0044]**