IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

REXON INDUSTRIAL CORPORATION, LTD., )
                                     )
            Plaintiff,                )
                                     )
      v.                         )   Civil Action No. 04-CV-30180-MAP
                                     )
BLACK & DECKER, INC., )
BLACK & DECKER (U.S.), INC., )
PORTER-CABLE CORPORATION, and )
DELTA INTERNATIONAL MACHINERY )
CORP. )
                                     )
          Defendants.          )

_____)

                                     )
BLACK & DECKER INC., )
BLACK & DECKER (U.S.) INC. and )
PORTER-CABLE CORPORATION, )
                                     )
       Plaintiffs-in-Counterclaim,  )
                                     )
      v.                         )
                                     )
REXON INDUSTRIAL CORPORATION, LTD. )
and REXON USA, CORP. )
                                     )
     Defendants-in-Counterclaim. )

_____)

## NOTICE OF ISSUANCE OF SUBPOENA

      PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Black & Decker, Inc., Black & Decker (U.S.), Inc., Porter-Cable Corporation, and Delta

International Machinery Corporation have issued the attached subpoena on McCormick, Paulding

& Huber LLP.

DATED this _15 th_ day of December, 2005.

Raymond P. Niro
Raymond P. Niro, Jr.
Christopher J. Lee
Richard B. Megley, Jr.
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137
Email: rniro@nshn.com; rnirojr@nshn.com;
lee@nshn.com; megleyjr@nshn.com;
hayes@nshn.com

C. Jeffrey Kinder (BBO# 563890)
FIERST, PUCCI & KINDER LLP
64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787
Email: kinder@fierstpucci.com

**Attorneys for Black & Decker, Inc., Black & Decker (U.S.), Inc., Porter-Cable Corporation and Delta International Machinery Corporation**

2

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I served a copy of the foregoing **NOTICE OF ISSUANCE OF SUBPOENA** upon the below-listed counsel of record by first-class mail:

> J. Kevin Grogan (BBO # 635089)
> Arthur F. Dionne (BBO # 125760)
> Donald J. MacDonald (BBO # 644582)
> Kevin H. Vanderleeden (BBO # 648361)
> MCCORMICK, PAULDING & HUBER LLP
> 1350 Main Street, 5th Floor
> Springfield, Massachusetts 01103
> Phone: (413) 736-5401
> Facsimile: (413) 733-4543
>
> Wm. Tucker Griffith
> MCCORMICK, PAULDING & HUBER LLP
> CityPlace II, 185 Asylum Street
> Hartford, Connecticut 06103-5290
> Phone: (860) 549-5290
> Facsimile: (860) 527-0464
>
> **Attorneys for Rexon Industrial Corporation, Ltd.**

_Ralph A. Ly_

3

**Issued by the**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd. | **SUBPOENA IN A CIVIL CASE** |
| v. | 1/ |
| | CASE NUMBER: 04-CV-30180-MAP |
| Black & Decker, Inc., Black & Decker (U.S.) Inc., Porter-Cable Corp. and Delta International Machinery Corp. | |

TO:    McCormick, Paulding & Huber LLP
         1350 Main Street, 5th Floor
         Springfield, Massachusetts 01103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Attached Schedule A

| PLACE*    1350 Main Street, 5th Floor | DATE AND TIME |
|---|---|
| Springfield, Massachusetts 01103 | January 16, 2006 at 12:00 pm |
| * OR   by Federal Express to Niro, Scavone, Haller & Niro (address listed below) | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_         (Attorney for Plaintiff) | December 14, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher J. Lee
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1/ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection of copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)    If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

The following definitions apply to terms employed in this notice:

The term "person" refers to both natural persons and to corporate or other business entities, including corporate affiliates, parents, divisions, subsidiaries and other related companies, and the "acts" of a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

The term "Rexon" as used herein means Rexon Industrial Corporation, Ltd., any of its predecessor companies, any of its parents, affiliates, divisions, subsidiaries and otherwise related companies such as Rexon USA Corporation, and includes all of their officers, agents, employees, attorneys or anyone acting on their behalf.

The term "Black & Decker" as used herein means Black & Decker, Inc., Black & Decker (U.S.), Inc., Porter-Cable Corp., and Delta International Machinery Corp.

The term "the '203 patent" refers to United States Patent No. 6,688,203, entitled "Circular Sawing Machine Having Indication Device," which issued on February 10, 2004.

The terms "pertaining to" and "regarding" mean relevant to, referring to, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, discussing, showing, describing, reflecting, relating to, constituting or mentioning documents, information, persons or subject matter.

The term "document" refers to all handwritten, typed, printed, recorded or graphic matter however produced or reproduced, whether copies or originals, in the possession, custody or control of Rexon or their officers, employees or attorneys, including, but not limited to, disks, tapes, letters, cables, wires, e-mail, voice mail, memoranda and interoffice communications, reports, notes,

1

minutes and recordings; drawings, blueprints, sketches, charts, photographs and movies; patents, patent applications, assignments, contracts, agreements and other official documents and legal instruments; published material of any kind; annual reports, reports to shareholders or owners and minutes or reports of meetings of owners or directors or executive boards or committees; operating or maintenance manuals and specifications; advertising or promotional literature and press releases; engineering notebooks and data; and ledgers, bills, orders invoices, receipts, books, records and files.

To "identify" documents means to provide a brief description of each document sufficient to support a request for production, including at least the type of document, date of the document, identification of the author, each person to whom the original document or any copy thereof was directed, all persons who received or saw copies; as well as identification of each person who presently has custody of the document and of any copy thereof, and if the document embodies an agreement, the persons involved in such agreement. If a copy of the document is not provided, state whether you are willing to allow Black & Decker's counsel to inspect and copy said documents; and if not, the reasons for such refusal.

To "locate" documents means to state the present whereabouts of each document, and to identify the person having possession, custody or control thereof.

The term "you" means McCormick, Paulding & Huber LLP, and all of its attorneys and patent agents including, but not limited to, J. Kevin Grogan, Donald J. MacDonald and Kevin H. Vanderleeden.

The term "RKL" means Rosenberg, Klein & Lee, and all of its attorneys and patent agents including, but not limited to, Morton J. Rosenberg and David I. Klein.

2

Where you withheld documents for reason of attorney-client privilege, work-product immunity or the like, Black & Decker requests that it be served with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors and any recipients, the date, the basis for withholding, and a description of the document and its subject matter sufficient to allow Black & Decker to contest the claim.

You may elect to produce the requested documents by sending copies of the documents to the law firm of Niro, Scavone, Haller & Niro, 181 West Madison, Suite 4600, Chicago, Illinois 60602 via Federal Express or any other overnight delivery service on or before January 16, 2006.

By accepting photocopies, Black & Decker is not waiving their right to examine original documents where necessary.

A copy of the of the Stipulated Protective Order is enclosed to enable you to designate any responsive document as "Confidential" or "Highly Confidential" if necessary.

## DOCUMENT REQUESTS

1.    All correspondence between you (and anyone on behalf of you) and RKL or anyone on behalf of RKL.

2.    All communications (written or verbal) with RKL regarding the prosecution of the '203 patent.

3.    All communications (written or verbal) with RKL regarding the inventorship of the '203 patent.

4.    All communications (written or verbal) with RKL regarding the conception of the invention(s) claimed by the '203 patent.

3

5.    All documents relating to, referring to, or constituting invention disclosure statements from Ruey Chen regarding the '203 patent.

6.    All documents relating to, referring to, or constituting invention disclosure statements from George Ku regarding the '203 patent.

7.    All documents relating to, referring to, or constituting invention disclosure statements from Eric Lo regarding the '203 patent.

8.    All documents relating to, referring to, or constituting invention disclosure statements from any person other than Ruey Chen, George Ku or Eric Lo regarding the '203 patent.

9.    All oaths or declarations signed by Ruey Chen regarding the '203 patent.

10.    All oaths or declarations signed by George Ku regarding the '203 patent.

11.    All oaths or declarations signed by Eric Lo regarding the '203 patent.

12.    All oaths or declarations signed by any person other than Ruey Chen, George Ku or Eric Lo regarding the '203 patent.

13.    All oaths or declarations considered for signature by Ruey Chen regarding the '203 patent.

14.    All oaths or declarations considered for signature by George Ku regarding the '203 patent.

15.    All oaths or declarations considered for signature by Eric Lo regarding the '203 patent.

16.    All oaths or declarations considered for signature by any person other than Ruey Chen, George Ku or Eric Lo regarding the '203 patent.

4

17. All documents referring to, relating to, or constituting any foreign patent application related to the '203 patent or the '203 patent application, or any submission to a foreign patent agency in connection with any foreign patent application related to the '203 patent or the '203 patent application.

18. All documents and notes reflecting or referring to all communications with each named (previously or current) inventor of the '203 patent that were used to prepare the "Petition For Correction Of Inventorship" submitted to the United States Patent and Trademark Office.

19. All documents and notes reflecting or referring to all communications with each named (previously or current) inventor of the '203 patent that were used to prepare the "Statement Of Yung-Chiang Ku In Support Of Change In Inventorship" submitted to the United States Patent and Trademark Office.

20. All documents and notes reflecting or referring to all communications with each named (previously or current) inventor of the '203 patent that were used to prepare the "Statement Of Cheng-Chou Lo In Support Of Change In Inventorship" submitted to the United States Patent and Trademark Office.

21. All documents and notes reflecting or referring to all communications with each named (previously or current) inventor of the '203 patent that were used to prepare the "Statement Of Ruey Zon Chen In Support Of Change In Inventorship" submitted to the United States Patent and Trademark Office.

22. All documents and notes reflecting or referring to all communications with each named (previously or current) inventor of the '203 patent that were used to prepare

5

the "Consent Of Assignee To Correction Of Inventorship" submitted to the United States Patent and Trademark Office.

23.    All documents and notes reflecting or referring to all communications with each named (previously or current) inventor of the '203 patent that were used to prepare the "Substitute Declaration And Power Of Attorney And Appointment Of Domestic Representative" submitted to the United States Patent and Trademark Office.

6