UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd., <br><br> Plaintiff, <br> v. <br><br> Porter-Cable Corporation, <br> Delta International Machinery, Corp., <br> and Pentair, Inc., <br><br> Defendants. | Civil Action No.: 04-cv-30180 MAP |
| Black & Decker, Inc., <br> Black & Decker (U.S.), Inc. <br> Porter-Cable Corporation, and <br> Delta International Machinery, Corp. <br><br> Plaintiffs-in-Counterclaim, <br> v. <br><br> Rexon Industrial Corporation, Ltd., <br><br> Defendant-in-Counterclaim. | |

### STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

WHEREAS, the parties recognize that pursuant to discovery or otherwise during the course of these actions each party, and possibly third-parties, may be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information in this action.

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with these actions and designated in accordance with this Order. Any party or third-party disclosing information (hereinafter "disclosing party") may designate information or documents produced, used, or disclosed in connection with these actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to the protections and requirements of this Order, if so designated in writing to each party, by stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the documents or information prior to production, or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order.

2. Any disclosing party may designate any document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In designating Information and Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," counsel for a disclosing party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in Paragraph 2.a. or 2.b. of this Order.

    a. "CONFIDENTIAL" means testimony, information, documents, and data which constitute confidential, proprietary, business, personal, or technical information of the disclosing party which is not publicly available. The "CONFIDENTIAL" category shall be

invoked by a disclosing party only relative to documents or categories of documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c).

      b.    "HIGHLY CONFIDENTIAL" means only information and documents that contain or refer to trade secrets or other confidential or technical research, development, business, or financial information and that, if disclosed to a business competitor would tend to damage the disclosing party's competitive position.

      3.    In the case of a document, a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be accomplished by marking the document with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Marking the cover of a multi-page document shall not designate all pages of the document confidential; rather each page containing confidential information must be separately marked. As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "HIGHLY CONFIDENTIAL" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the disclosing party.

      4.    Information conveyed or discussed in testimony at a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" orally or in writing either at the time the testimony is given or after receipt by the parties of the transcript. Unless all parties agree otherwise in advance, information conveyed or discussed in testimony at a deposition shall be subject to this Order and shall initially be designated

"HIGHLY CONFIDENTIAL" at the time the testimony is given. During such time as any information or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "HIGHLY CONFIDENTIAL" for a period of time not to exceed 30 days after the party receives a copy of the deposition transcript, during which time the party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. If the party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the 30 day period, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of paragraph 5 below. If a Party intends to offer into evidence or otherwise disclose in open court any documents or information designated by another person or entity as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" counsel for such Party shall notify the designating person or entity that the Party intends to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in open court prior to the disclosure, so that the designating person or entity may confer with the Court concerning appropriate procedures for protecting its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

5. Subject to the provisions of Paragraphs 2 and 3, the failure to designate information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order and the failure to object to such a designation shall not preclude a party at a later

time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A receiving party shall treat all documents as "HIGHLY CONFIDENTIAL," no matter how designated, for a period of ten (10) business days after said disclosure to permit a disclosing Party who erroneously fails to designate certain information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to cure the error. Thereafter, the parties understand and acknowledge that failure of a party to designate information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" relieves the receiving party of obligations of confidentiality until such a designation is made, except as otherwise provided herein. If, at any time, a party changes the designation of information or documents, each party who has received a copy of the information or documents bearing the original designation, shall either destroy or return all such original copies, or alter the copies to properly reflect the new designation.

6. A party that objects to the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall provide written notice of the objection to the designating party. The notice shall state with specificity the document objected to and the basis for the objection. If the dispute cannot be resolved, the objecting party may move the Court requesting that the document(s) in question be redesignated. If such motion is brought by the objecting party, the designating party shall bear the burden of establishing the confidentiality of the document(s) in question. No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter. Each Party to this litigation additionally acknowledges that nothing in this Order shall prevent interested members

of the public from challenging the propriety of a "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information designation of documents and/or categories of documents by petitioning this Court.

7. Other than by the disclosing party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with the action and shall not be used in any other manner by a receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

  a. the Court and court personnel;

  b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

  c. outside counsel for the parties and outside counsel's employees;

  d. one in-house Black & Decker attorney, provided that he or she (i) executes a Declaration in the form and scope of Exhibit A attached hereto; and (ii) is not involved in Black & Decker's competitive decision-making process, namely, in the areas of sales and marketing, product pricing, strategic planning, research and development, product development or manufacturing of products related to the subject matter of the patents in suit.

  e. up to three (3) non-attorney employees of each party who may be eligible to receive "Confidential" Information, provided that (i) each such non-attorney employee executes a Declaration in the form and scope of Exhibit A attached hereto; and (ii) the receiving Party wishing to provide "Confidential" Information to the non-attorney employee shows a genuine need for the disclosure, by consent of the Parties or a Court Order.

  f. experts, investigators, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person

6

other than outside counsel is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 9 shall be followed;

 g. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying;

 h. such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", unless the person otherwise qualifies for access to such documents pursuant to this Order.

 8. Other than by the disclosing party, any information or document designated as "HIGHLY CONFIDENTIAL" shall be used solely in connection with the action and shall not be used in any other manner by a receiving party. Any such designated information or documents shall not be disclosed to anyone other than:

 a. the Court and court personnel;

 b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

 c. outside counsel for the parties and outside counsel's employees;

7

    d.    the Black & Decker in-house attorney designated under 7(d), who may be eligible to receive (i) information designated as "Highly Confidential - Technical" provided that Black & Decker shows a genuine need for the disclosure, by consent of the parties or a Court order; and (ii) other non-technical "Highly Confidential" Information unless Rexon shows a genuine need to preclude such disclosure, by consent of the parties or a Court Order;

    e.    experts, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than outside counsel is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL" he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 9 shall be followed;

    f.    persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "HIGHLY CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying;

    g.    such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL," he or she must (1) execute a Declaration in the form and scope of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "HIGHLY CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "g", unless the person qualifies for access to such documents pursuant to this Order.

9. The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form and scope of Exhibit A hereto) that have been executed by that party and/or its employees and that party's witnesses, experts, translators, and jury consultants. It shall be sufficient for an expert, investigator, and jury consultant to execute the Declaration on behalf of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees. Prior to disclosure of any documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any experts, a copy of the executed Declaration shall be served upon opposing counsel (with a copy of such person's curriculum vitae, a general statement of any prior or current relationship or connection with either party, a list of all cases in which such person has been deposed or testified as an expert, and a general statement as to the issues the expert is intended to opine upon). Opposing counsel shall make any objections to the disclosure to the expert in writing no later than seven (7) business days from the date of receipt. No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. The burden to file any such motion is on the party that seeks to disclose documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to an expert. Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

10. Whenever any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any pleading designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is filed with the Court, such document or pleading shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER." The Clerk of the Court is directed to maintain under seal only those documents and transcripts of deposition testimony filed in the Court in this

litigation which have been designated, in whole or in part, as "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information by a party to this litigation. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the Court.

11.     Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and all excerpts therefrom in the possession, custody, or control of parties other than the disclosing party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the disclosing party. Outside counsel for each Party may maintain in its files all materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials) for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the parties and their counsel shall separately provide written certification to the disclosing party within sixty (60) days after the final disposition of these actions that the actions required by the paragraph have been completed.

12.     The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

13. A party in receipt of documents or information designated as confidential hereunder who is requested or required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, shall (a) notify the person or entity who originally disclosed/produced the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information in writing within five (5) business days of the Party's receipt of the request, and (b) if the person or entity who originally disclosed/produced the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information to the production of such documents or information, provide a written response to the subpoena or other process containing a statement to that effect. The original disclosing/producing person or entity shall promptly notify the party requested to make disclosure of the intentions of the original disclosing/producing party with respect to the requested disclosure. Further, the original disclosing/producing person or entity shall have the burden of defending against such subpoena, process or order. The Party receiving the subpoena or other process shall be entitled to comply with it except to the extent the original disclosing/producing person or entity is successful in obtaining an order modifying or quashing it. Nothing set forth herein shall be deemed or construed to require any party to violate any subpoena, governmental or court order, or any applicable law.

14. In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

15. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in these actions beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to these actions.

16. Inadvertent production of documents subject to work product immunity or the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege; provided that the disclosing party notifies the receiving party in writing via facsimile, with confirmation by first-class mail, of such inadvertent production immediately upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the disclosing party upon request within five (5) business days except that, if the receiving party intends to request that the Court order the production of any such inadvertently produced documents, it may retain one copy of the document for such purpose. The receiving party must return such inadvertently produced documents if the receiving party does not request such relief from the Court within ten (10) business days or if the Court denies any such relief, whichever is longer, and no use may be made of such documents thereafter. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

17. Nothing in the order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A party intending to introduce confidential information or documentation at any hearing or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

18. Nothing herein shall bar or otherwise restrict any attorney covered by this Order from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of information or documents produced or exchanged that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;" provided, however, that on rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the contents of the information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" produced by another party if that disclosure would be contrary to the terms of this Order.

19. The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

**IT IS SO ORDERED:**

Date: _September 13, 2005_

_____
United States ~~District~~ Judge
Magistrate
KENNETH P. NEIMAN

| | |
|---|---|
| /Dina M. Hayes/<br>Raymond P. Niro<br>Raymond P. Niro, Jr.<br>Christopher J. Lee<br>Richard B. Megley, Jr.<br>Dina M. Hayes<br>NIRO, SCAVONE, HALLER & NIRO<br>181 West Madison, Suite 4600<br>Chicago, Illinois 60602-4515<br>Phone: (312) 236-0733<br>Facsimile: (312) 236-3137<br>Email: miro@nshn.com; mirojr@nshn.com; lee@nshn.com; megleyjr@nshn.com; hayes@nshn.com<br><br>C. Jeffrey Kinder (BBO# 563890)<br>FIERST, PUCCI & KINDER LLP<br>64 Gothic Street, Suite 4<br>Northampton, Massachusetts 01060<br>Phone: (413) 584-8067<br>Facsimile: (413) 585-0787<br>Email: kinder@fierstpucci.com<br><br>**Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation** | /Donald J. MacDonald/<br>J. Kevin Grogan (BBO # 635089)<br>  Email: grogan@ip-lawyers.com<br>Arthur F. Dionne (BBO # 125760)<br>  Email: dionne@ip-lawyers.com<br>Donald J. MacDonald (BBO # 644582)<br>Kevin H. Vanderleeden (BBO # 648361)<br>MCCORMICK, PAULDING & HUBER<br>1350 Main Street, 5th Floor<br>Springfield, Massachusetts 01103<br>Phone: (413) 736-5401<br>Facsimile: (413) 733-4543<br><br><br>Wm. Tucker Griffith<br>  Email: tucker@ip-lawyers.com<br>MCCORMICK, PAULDING & HUBER<br>CityPlace II, 185 Asylum Street<br>Hartford, Connecticut 06103-5290<br>Phone: (860) 549-5290<br>Facsimile: (860) 527-0464<br><br>**Attorneys for Rexon Industrial Corporation, Ltd.** |

Dated: September 2, 2005

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rexon Industrial Corporation, Ltd., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 04-cv-30180 MAP |
| v. ) | |
| ) | |
| Porter-Cable Corporation, ) | |
| Delta International Machinery, Corp., ) | |
| and Pentair, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Black & Decker, Inc., ) | |
| Black & Decker (U.S.), Inc. ) | |
| Porter-Cable Corporation, and ) | |
| Delta International Machinery, Corp. ) | |
| ) | |
| Plaintiffs-in-Counterclaim, ) | |
| v. ) | |
| ) | |
| Rexon Industrial Corporation, Ltd., ) | |
| ) | |
| Defendant-in-Counterclaim. ) | |

**DECLARATION OF** _____ (Name of Declarant)

I, _____, declare as follows:

1. My address is _____
_____.

2. If I am an expert, a copy of my curriculum vitae is attached.

3. My present employer is _____
_____
_____.

4. My present occupation or job description is _____
_____.

5. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in these actions on _____.

6. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

7. I will comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. I will hold in confidence, not to disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use only for the purposes of assisting in the resolution of disputes between the parties to these actions, any information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

9. I will return all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for such party, or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

11.  I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____ in _____.


_____
(Signature)