RECEIVED  SEP 29 05
          4:35P

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REXON INDUSTRIAL CORPORATION, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PORTER-CABLE CORPORATION, ) <br> DELTA INTERNATIONAL MACHINERY ) <br> CORP. and PENTAIR, INC., ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> BLACK & DECKER INC., ) <br> BLACK & DECKER (U.S.) INC. and ) <br> PORTER-CABLE CORPORATION, ) <br> ) <br> Plaintiffs-in-Counterclaim, ) <br> ) <br> v. ) <br> ) <br> REXON INDUSTRIAL CORPORATION, LTD. ) <br> and REXON USA CORPORATION ) <br> Defendant-in-Counterclaim. ) | Civil Action No. 04-CV-30180-MAP |

## BLACK & DECKER'S SECOND SET OF REQUESTS FOR PRODUCTION TO REXON INDUSTRIAL CORPORATION

Black & Decker (U.S.) Inc., Black & Decker Inc., Porter-Cable Corporation and Delta International Machinery Corp. ("Black & Decker"), through and by counsel, requests that Rexon Industrial Corporation Ltd. ("Rexon") produce the documents and things described in the following requests for production within 30 days of service, pursuant to Fed.R.Civ.P. 34.

Black & Decker will examine the documents at the offices of its counsel, or where the documents are maintained by Rexon, or at any other mutually agreeable location where suitable

examination and photocopying facilities exist or can be arranged. By accepting photocopies, Black & Decker is not waiving its right to examine originals where necessary.

Where Rexon withholds documents for reasons of attorney-client privilege, work-product immunity or the like, Black & Decker requests that it be served with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors; any recipients; the date; the basis for withholding; and a description of the document and its subject matter sufficient to allow Black & Decker to contest the claim. Black & Decker will accept confidential documents under a suitable protective order.

In cases where Rexon believes there is no responsive document, or where it is maintained for a different period or fiscal year, Black & Decker asks that Rexon produce the best available documents from which the information sought by the request may be derived.

These requests for production shall be deemed continuing so as to require the requested information as of the date of service of Rexon's answers thereto and also as to require prompt supplementation whenever the conditions of Federal Rule of Civil Procedure 26(e) are met.

## DEFINITIONS

1. The terms "Rexon," "you," and "your" shall mean the Rexon Industrial Corporation, Ltd., Rexon USA Corporation, and any other company name under which Rexon is or was doing business, as well as their predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents and attorneys, and each person acting or purporting to act on their behalf or under their control.

2. The phrase "'708 patent" refers to United States Letters Patent No. 5,285,708 issued to Bosten et al., entitled "Miter Saw Alignment System;" and the phrase "'495 patent" refers to

2

United States Letters Patent No. 5,375,495 issued to Bosten et al., entitled "Optical Alignment System for Circular Power Saws" (collectively the "Bosten Patents").

3. The phrase "'203 patent" refers to United States Letters Patent No. 6,688,203, entitled "Circular Sawing Machine Having Indication Device."

4. The phrase "'619 patent" refers to United States Letters Patent No. 5,819,619 entitled "Dust Collection System for Compound Miter Saw;" the phrase "'040 patent" refers to United States Letters Patent No. 6,431,040 entitled "Dust Collection System for Compound Miter Saw;" and the phrase "'570 patent" refers to United States Letters Patent No. 6,427,570 entitled "Dust Collection System for Compound Miter Saw (collectively the "Dust Collection Patents").

5. "Document(s)," as used herein, refers to the broadest definition of document under the Federal Rules, e.g., anything which would be a "writing" or "recording" as defined in Rule 1001(1) of the Federal Rules of Evidence or a "document" as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation every original (and every copy of any original or copy which differs in any way from any original because of notations thereon or attachments thereto or otherwise) of every writing or recording of every kind of description, whether handwritten, typed, drawn, printed or recorded by any physical, mechanical, electronic or electrical means, including electronic data compilations.

5. "Thing(s)" means any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

6. "Electronic data compilations" means information stored in computer memory, magnetic tapes, discs or any other computer data storage area from which such information can be read and be translated to usable form with the use of detection devices.

7. To "identify" or "locate" documents and things means to provide a brief description of each document or thing sufficient to support a request for production, including at least the type of document or thing, date, identification of the author, as well as identification of each person who presently has custody of the document or thing and of any copy thereof.

8. The terms "person" or "persons" refers to both natural persons and to corporate, governmental or other business entities and the acts of a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

9. To "identify" a person means to state the person's name and business address and telephone number and, additionally, in the case of a natural person, his home address, employer, present occupation, job title and telephone number.

10. The term "prior art" includes by way of example and without limitation, the subject matter described in 35 U.S.C. § 103 and in each subdivision of 35 U.S.C. § 102.

11. The terms "and," "or" as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

12. The term "relevant" means documents and other information which are relevant in the sense of Fed.R.Civ.P. 26 or Fed.R.Evid. 401-02; or which Rexon intends to use to support his allegations or defenses; or which tend to prove or disprove any allegations or defenses of Defendants.

13. The terms "relate to," "relating to" or "related to" mean relevant to, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, evidencing, showing, describing, reflecting, analyzing and/or constituting.

4

14. The terms "infringe," "infringes," or "infringed" refers to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement and inducement to infringe.

15. The term "Craftsman® Accused Products" means the Craftsman® miter saws with laser guide capability, including but not limited to Model Nos. 21206, 21214, 21215 and 21254 (and models of similar construction) that have been accused of infringing the '708 and '495 patents in this suit and components thereof.

## DOCUMENT REQUESTS

98. All Documents relating or referring to the litigation pending in the Northern District of Illinois captioned *One World Technologies, Ltd. and Ryobi Technologies, Inc. v. Rexon Industrial Corp., Ltd, et al.* Case No. 04-CV-4337.

99. All Documents relating or referring to the litigation pending in the Northern District of Illinois captioned *One World Technologies, Ltd., et al. v. Robert Bosch Tool, et al.* Case No 04-CV-00833.

100. All court transcripts, deposition transcripts and documents produced by Rexon in the litigation pending in the Northern District of Illinois captioned *One World Technologies, Ltd. and Ryobi Technologies, Inc. v. Rexon Industrial Corp., Ltd, et al.* Case No. 04-CV-4337.

101. All court transcripts, deposition transcripts and documents produced by Rexon in the litigation pending in the Northern District of Illinois captioned *One World Technologies, Ltd., et al. v. Robert Bosch Tool, et al.* Case No 04-CV-00833.

102. All expert reports (including drafts), analyses, witness interviews conducted by or on behalf of Rexon related to the litigation pending in the Northern District of Illinois captioned *One*

*World Technologies, Ltd. and Ryobi Technologies, Inc. v. Rexon Industrial Corp., Ltd, et al.* Case No. 04-CV-4337.

103.    All expert reports (including drafts), analyses, witness interviews conducted by or on behalf of Rexon related to the litigation pending in the Northern District of Illinois captioned *One World Technologies, Ltd., et al. v. Robert Bosch Tool, et al.* Case No 04-CV-00833.

Respectfully submitted,

*[signature]*

Raymond P. Niro
Raymond P. Niro, Jr.
Christopher J. Lee
Richard B. Megley, Jr.
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Facsimile: (312) 236-3137
Email: rniro@nshn.com; mirojr@nshn.com; lee@nshn.com; megleyjr@nshn.com; hayes@nshn.com

C. Jeffrey Kinder (BBO# 563890)
FIERST, PUCCI & KINDER LLP
64 Gothic Street, Suite 4
Northampton, Massachusetts 01060
Phone: (413) 584-8067
Facsimile: (413) 585-0787
Email: kinder@fierstpucci.com

**Attorneys for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2005, I served the foregoing **BLACK & DECKER'S SECOND SET OF REQUESTS FOR PRODUCTION TO REXON INDUSTRIAL CORPORATION** by Facsimile and First Class Mail to:

> J. Kevin Grogan (BBO # 635089)
> Email: grogan@ip-lawyers.com
> Arthur F. Dionne (BBO # 125760)
> Email: dionne@ip-lawyers.com
> Donald J. MacDonald (BBO # 644582)
> Kevin H. Vanderleeden (BBO # 648361)
> MCCORMICK, PAULDING & HUBER LLP
> 1350 Main Street, 5th Floor
> Springfield, Massachusetts 01103
> Phone: (413) 736-5401
> Facsimile: (413) 733-4543
> **Attorneys for Rexon Industrial Corporation, Ltd.**

_____
Attorney for Black & Decker Inc., Black & Decker (U.S.) Inc., Porter-Cable Corporation and Delta International Machinery Corporation

# FAX TRANSMITTAL SHEET

## NIRO SCAVONE HALLER & NIRO
181 W. MADISON, SUITE 4600
Chicago, IL 60602
(312) 236-0733

**CONFIDENTIALITY NOTICE**

*This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.*

| | |
|---|---|
| Date: | September 29, 2005 |
| Fax to: | J. Kevin Grogan |
| From: | Dina M. Hayes |
| Number of pages: (including transmittal sheet) | 8 |

If You Did Not Receive All Pages, Call Angelica at 312-236-0733.